NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

In re MERCK CO., INC., : 
SECURITIES, DERIVATIVE : Civil Action No. 05-1151 (SRC)
& "ERISA" LITIGATION : 05-2367 (SRC)
 :
 :
 :
 : **LETTER OPINION AND ORDER**
 :

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon formal motion by Plaintiffs for the securities litigation (hereinafter Plaintiffs) seeking: (1) to strike 139 of 172 exhibits attached to the Declaration of Robert H. Baron in Support of Defendants' Motion to Dismiss the Corrected Consolidated and Fourth Amended Class Action Complaint (hereinafter "the Baron Declaration"), as well as the Memorandum of Law in Support of Defendants' Motion to Dismiss; or in the alternative (2) to have Defendants' Motion to Dismiss converted to a Motion for Summary Judgment pursuant to FED.R.CIV.P. 12(b)  [Docket Entry # 35 for Civil Action No. 05-2367].  Defendants' object to Plaintiffs' Motion.  For the foregoing reasons, Plaintiffs' Motion shall be DENIED.

*Plaintiffs' Motion in Summary*

Plaintiffs place at issue 139 of the 172 exhibits Defendants attached to the Baron Declaration in support of their Motion to Dismiss.[1]  Plaintiffs argue that the 139 exhibits in

---

[1] Plaintiffs' originating Motion had placed at issue 152 exhibits.  Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion withdrew their objection to Exhibits 14, 15, 16, 17, 18, 19, 54, 55 and 56 (previously filed securities complaints against Merck).  Additionally, Plaintiffs indicated that they would not object to the submission of Exhibits 23, 24, 25 and 33

question are extraneous and go beyond the contents of the complaint, in contradiction to FED.R.CIV.P. 12(b) and subsequent judicial holdings. Because these exhibits are neither explicitly referenced or quoted in Plaintiffs' Complaint, nor otherwise fall into any exception to Rule 12(b) and its progeny, Plaintiffs argue that the 139 exhibits should be stricken.

Additionally, Plaintiffs argue that because Defendants' Memorandum of Law in support of their Motion to Dismiss is so laden with references to the 139 exhibits in question, that the Memorandum of Law should be stricken as well, and Defendants instructed to redraft their Memorandum of Law removing all references to the 139 exhibits.

Alternatively, should the Court not strike the 139 exhibits, this Court should convert Defendants' Motion to Dismiss to a Motion for Summary Judgment as so instructed under FED.R.CIV.P. 12(b), and permit Plaintiffs to proceed with discovery so that they may properly respond to the convert Motion for Summary Judgment.

***Defendants' Opposition in Summary***

Defendants' object to Plaintiffs' Motion to Strike or alternatively, to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment. Defendants' argue that Plaintiffs' Motion to Strike was simply a diversionary tactic to obfuscate Defendants' contestation that Plaintiffs' Complaint is barred by the applicable statute of limitations, which is Defendants' basis for their Motion to Dismiss.

Defendants' substantively argue three separate bases to justify the submission of the 139 exhibits in question. First, Defendants argue that the exhibits are subject to mandatory judicial

---

(tort complaints filed against Merck) if Plaintiffs were permitted to submit Merck's answers to those complaints, which the Court shall so order. As such, the aforementioned exhibits are no longer at issue.

-2-

notice as public documents not being offered for the truth of their contents pursuant to F.R.E. 201(d). Second, Defendants argue that the exhibits may be considered by the Court because they are either explicitly quoted or referenced in the Complaint, or because the allegations in the Complaint are based upon the challenged exhibits. Defendants' third and final argument is that the exhibits in question are integral to Plaintiffs' Complaint as Plaintiffs' invoke the "fraud on the market doctrine" which allows a court to consider what was publicly available to the market at the time of the allegedly fraudulent conduct.

## *The Law*

### *The 12(b)(6) Standard*

In deciding a motion to dismiss under FED.R.CIV.P. 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

### *The Four Corners Doctrine*

FED.R.CIV.P. 12(b) specifically circumscribes material that a court may consider in a motion to dismiss by stating, in pertinent part: " [I]f, on a motion asserting the defense number (6) to dismiss, . . .matters outside the pleading are presented and not excluded by the court, the motion shall be treated as one for summary judgment . . ."  As such, a court generally may not "consider matters extraneous to the pleadings."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  There are two exceptions to the general rule, however.  Documents which are integral to the complaint and documents of which a court may take judicial notice.

### *Documents Integral to the Complaint*

The first exception to the four corners doctrine allows a court to consider documents that can be considered "integral" to the referencing complaint.  Id.  Integral documents are defined as documents which create the rights or duties that are the basis for the Complaint.  Id. at 1196.  A typical example is a civil action alleging contractual breach where the actual contract has not been annexed to the complaint.  In such cases, the contract would be considered integral and a defendant filing a motion to dismiss under Rule 12(b)(6) would be permitted to attach the contract as an exhibit, which would then be considered for its truth by the court.  See Burlington Coat at 1426 (finding that where a complaint relied on certain data in support of claims alleged, but did not attach the source of the data, a court could consider that source if provided by defendants in a motion to dismiss).

*Judicial Notice of Public Records*

The second exception to the four corners doctrine allows a court to "take judicial notice of public records." See Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000), see also In re ATI Tech., Inc. Sec. Litig., 216 F.Supp.2d 418, 430 (E.D.Pa. 2002). Federal Rule of Evidence 201, *et seq.* is the cornerstone of judicial notice, and it states, in relevant part:

> Judicial Notice of Adjudicative Facts - F.R.E. 201(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Should a document be judicially noticed, said document "may only be considered for the limited purpose of showing that a particular statement was made by a particular person" and not "for the truth of the matters purportedly contained within those documents." Oran at 289 (quoting Kramer v. Time Warner, 937 F.2d 767, 774 (2d Cir. 1991)). If a court were to consider and judicially notice documents for their truth it would be, in essence, authorizing a trial by public documents, impermissibly expanding the scope of a Rule 12(b)(6) motion. In Re Viropharma, Inc., 2003 WL 1824914 (E.D.Pa. 2003).

Courts have held "public records" to include criminal case dispositions, letter decisions of government agencies, published reports of administrative bodies, or any "concededly authentic document upon which the complaint is based . . ." Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993). Additionally, courts have found public disclosure documents required by law to be filed with the SEC are capable of judicial notice (Kramer v. Time Warner, 937 F.2d 767, 774 (2d Cir. 1991)), as well as opening and closing stock prices (Ieradi v. Mylan Labs., 230 F.3d 594, 600 n.3 (3d Cir. 2000)).

*Analysis*

This Court shall adopt the categorization of exhibits as illustrated in Plaintiffs' Declaration of Bruce D. Berstein, Exhibit 1.

***FDA Material (Exhibits 2, 7, 8, 10, 27, 28, 52, 53)***

Plaintiffs' seek to strike all annexed exhibits related to FDA materials by Defendants in their Motion to Dismiss. Plaintiffs argue that the FDA material offered by Defendants should be stricken because they include: (1) transcripts of an FDA Advisory Committee Meeting which have not been identified as authentic; (2) extraneous FDA documents which are not official actions or decisions of the agency; (3) material submitted to the FDA by Defendants themselves; (4) scientists' opinions; and (5) documents offered for their truth.

Defendants counter that none of the FDA exhibits are being offered for their truth, but rather, as a demonstration that such statements were made by certain people. Additionally, Defendants argue that Exhibit 2 ("FDA Advisory Committee Briefing Document" dated February 8, 2001) is specifically referenced in Plaintiffs' Complaint, allowing for its consideration for not only its existence, but also for its truth.

The Court recognizes that there is a distinction between official releases by an administrative body and supporting documents which are submitted by other sources and merely considered by an agency in its decision-making process. Merely because the agency in question makes available those supporting documents that they then become "records and letters of official actions or decisions of government agencies and administrative bodies." See Arizmendi v. Lawson, 914 F.Supp. 1157, 1160 (E.D.Pa. 1996).

There are, however, fact specific exceptions ambuscading about in case law. See Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) (court refusing to judicially notice an interparty written communication because it may be subject to disclosure under FOIA, indicating a different result has a FOIA request been made and granted); see also Mullen v. Topper's Salon and Health Spa, Inc., 99 F.Supp.2d 553 (E.D.Pa. 2000) (an EEOC charge of discrimination by Plaintiff found to be an administrative filing was to be considered part of the public record) citing Fosburg v. Lehigh University, 1999 WL 124458 at 2 (E.D.Pa. 1999); In re Guidant Corp. Sec. Litig., 2004 WL 2538374 at *9, n.20 (S.D.Ind. 2004) (medical device reports filed with the FDA considered on a motion to dismiss); In re Viropharma, Inc., 2003 WL 1824914 at *1 (E.D.Pa. 2003) (rejecting statements made by Viropharma to the FDA for their truth).

Additionally, it is undeniable that all of Defendants' FDA exhibits are readily viewable by the public when the appropriate web address is entered. The FDA commonly offers submissions it receives from outside sources, and offers them publicly which alleviates a need for a FOIA request.

A final consideration for the court is the Defendants plain assertion that none of the FDA exhibits they have exhibited are being offered for their truth, thereby limiting the impact the documents in question can make in the District Court's deliberation regarding Defendants' Motion to Dismiss. Because the exhibits will not be considered for their truth, and because supporting documentation to administrative agencies have been judicially noticed, this Court shall take judicial notice of all FDA exhibits propounded by Defendants, except for Exhibit 2, which shall be substantively adopted.

### *Charts "Purporting" to Set Forth Insider Trading of Defendant Merck's Stock (Exhibits 35 though 51)*

Plaintiffs next object to the charts by Defendants setting forth the insider trading transactions in Merck stock.  Plaintiffs allege that these exhibits cannot fall under the SEC filing exception to a motion to dismiss because they are not SEC filings and because a third-party created them.

Defendants disagree and argue that the charts are summaries of information taken directly from the publicly available SEC Forms 4 and 5 for each listed individual.  Defendants further argue that because the charts in question fall within the SEC filing exception, and because Plaintiffs utilize similar charts to summarize other Defendant Merck transactions in their Complaint, that the charts should be incorporated and should be considered for their truth.  Lastly, Defendants argue that no third-party was employed by Defendants to create the charts, but rather, the name cited at the bottom of each chart is an online service used to obtain SEC Forms 4 and 5 for each charted individual.

Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) states in plain terms that a court may take judicial notice of SEC filings.  It is also without dispute that SEC Forms 4 and 5 are in fact SEC filings as contemplated by Oran.  What remains at issue is whether the District Court can consider informational charts as "sources whose accuracy cannot reasonably be questioned" (F.R.E. 201(b)(2)) for purposes of judicial notice or, as Defendants would prefer the Court find, whether the information is "integral to" Plaintiffs' Complaint (In re Burlington Coat Factory Sec. Litig., 114 F.3d 1510 (3d Cir. 1997)), allowing for the charts substantive consideration by the District Court.

It is clear that Plaintiffs rely on a similar charting process to demonstrate Defendants' transactions in Merck stock in Plaintiffs' Complaint (See Complaint, ¶ 394(a)-(p)). Plaintiffs' also dedicate a five paragraph section of their Complaint on SEC filings to support a claim of scienter by Defendants regarding insider trading by Merck employees (Complaint, ¶¶ 394-99). The fact that the SEC forms submitted by Defendants in their Motion to Dismiss are in chart summary form does not dissuade as they were not crafted by a third-party and as Plaintiffs will be permitted to challenge their veracity if they so choose.

As such, Defendants' charts may be substantively considered in support of their Motion to Dismiss as integral to Plaintiffs' theory of reliance as they purport comparable evidence previously offered by Plaintiffs in support of their civil action. In re Sec. Litig. BME Software, 183 F.Supp.2d 860, 884 (S.D.Tex. 2001) (allowing incorporation by reference of SEC Forms 4 and 5 though not explicitly mentioned in complaint because they are integral to plaintiff's allegations); Allison v. Brooktree Corp., 999 F.Supp. 1342, 1352, n.3 (S.D.Cal. 1998) (taking judicial notice of SEC Forms 4 and 5 on a motion to dismiss).

***Scientific and Medical Literature, New Articles, Analyst Reports and Composite Charts (Exhibits 4, 9, 29-32, 57-72, 74-87, 90-99, 101-109, 111-113, 115-121, 123-140 and 142-172)***

Plaintiffs next contend that the 32 science/medical submissions, 40 news stories and 39 analyst reports should be stricken because these documents are not referenced in the Complaint, nor are they the types of documents considered to be public records.

Defendants argue that this Court may indeed take judicial notice of Exhibits 4, 9, 29-31, 60-72 and 74-87 specifically because they are available on Westlaw and Lexis, making them self-authenticating, and because they demonstrate inquiry notice by Plaintiffs in support of

Defendants' contention in their Motion to Dismiss that the Plaintiffs' claims are time barred as being brought outside the applicable statute of limitations.  Defendants also allege that the public information about Merck and VIOXX is integral to Plaintiffs' Complaint because Plaintiff invokes the "Fraud on the Market Doctrine" which allows courts to consider what was publicly available to the market at the time of the allegedly fraudulent conduct.

Law in the Third Circuit has recently crystalized which permits judicial notice of the newspaper articles submitted by Defendants, and by implication the science and medical literature and analyst reports as well.  Specifically, in Benak v. Alliance Capital Mgmt. L.P., 349 F.Supp.2d 882, 889 n.8 (D.N.J. 2004), the District Court had held that it would consider newspaper articles "notwithstanding their absence from the Complaint . . .[for purposes of inquiry notice]."  The District Court dismissed the plaintiffs' complaint on defendants' motion to dismiss.  The plaintiffs appealed.  The decision of the Third Circuit ends the debate:

> "We review the District Court's decision to take judicial notice of certain facts for abuse of discretion.  NAHC, 306 F.3d at 1323.  We see no basis to upset the District Court's decision to take judicial notice of newspaper articles supplied by appellees.  The inquiry notice analysis is an objective one.  Whether appellants read the articles or were aware of them is immaterial.  They serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.  In re Merrill Lynch & Co. Research Reports Sec. Litig., 289 F.Supp.2d 416, 425 n.15 (S.D.N.Y. 2003) ('The Court may take judicial notice of newspaper articles for the fact of their publication without transforming the motion into one for summary judgment.').  There publication is 'not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'  Fed. R. Evid. 201(b)(2); see Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999) ('We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants.')."

See Benak v. Alliance Capital Mgmt. L.P., No. 05-1070, slip op., n.15 (3d Cir. 2006).

In light of the Third Circuit's recent determination, this Court shall take judicial notice of the 40

new stories submitted by Defendants in their Motion to Dismiss, and by implication shall also judicially notice the 32 science and medical submissions, the 39 analyst reports and the composite charts in question.  This Court will not admit the exhibits for their truth, but rather, for the limited purpose of proving their existence with regards to Defendants' assertions of inquiry notice for the purpose of their statute of limitations' defense, and in defense of Plaintiffs' Fraud on the Market assertions as conveyed in their (Plaintiffs) Complaint.

*Conclusion*

For the foregoing reasons, Plaintiffs' Motion to Strike Defendants' Exhibits to their Motion to Dismiss or alternatively, to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment shall be denied.  Defendants' Exhibits 2 and 35 though 51 shall be substantively considered as integral to Plaintiffs' Complaint and Defendants' Exhibits 4, 7 through 10, 27 through 32, 52 through 53, 57 through 72, 74 though 87, 90 through 99, 101 through 109, 111 through 113, 115 through 121, 123 through 140 and 142 through 172 shall be judicially noticed.[2]



                                                         s/Tonianne J. Bongiovanni
                                                         **HONORABLE TONIANNE J. BONGIOVANNI**
                                                         **UNITED STATES MAGISTRATE JUDGE**

---

[2]  As a necessary result of this Court's determination, Defendant Scolnick's Memorandum of Law in support of his Motion to Dismiss, as well as the Certification of Lawrence M. Rolnick and Baron's Exhibit 51 shall not be stricken.