## CRAVATH, SWAINE & MOORE LLP

ALLEN FINKELSON
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER

MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1059

March 25, 2011

*In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation* (MDL 1658)
Nos. 05-CV-01151-SRC-MAS & 05-CV-02367-SRC-MAS
The Consolidated Securities Action

Dear Judge Chesler:

    We respectfully submit this letter on behalf of all Defendants[1] in response to Plaintiffs' letter, dated March 23, 2011, regarding the Supreme Court's recent decision in *Matrixx Initiatives, Inc. v. Siracusano*, No. 09-1156, 2011 WL 977060, 563 U.S. __ (Mar. 22, 2011).

    The decision in *Matrixx* has very limited relevance to the issues in this misstatement of opinion case. As set forth in Defendants' motion to dismiss, Plaintiffs allege that Defendants made false and misleading statements of *opinion* regarding their belief in the naproxen hypothesis (*see* Mem. 1-3, 49-50; Reply 3-6), having abandoned on appeal any allegations of misstatements of *fact* concerning the safety profile of Vioxx (*see* Mem. 49-50; Reply 3-8).[2] As such, the Supreme Court's decision in *Matrixx*, which concerns alleged misstatements of fact, has no bearing on the central issue in Defendants' motion: whether

---

[1] Defendant Dr. Edward M. Scolnick, who is separately represented and filed his own motion to dismiss, joins in this letter.

[2] Citations to "Mem." and "Reply" refer to the Memorandum Of Law In Support Of Defendants' Motion To Dismiss The Corrected Consolidated Fifth Amended Class Action Complaint (ECF No. 254 Attach. 1) and the Reply Memorandum Of Law In Support Of Defendants' Motion To Dismiss The Corrected Consolidated Fifth Amended Class Action Complaint (ECF No. 264), respectively.

Plaintiffs have pleaded adequately that Defendants actually disbelieved the naproxen hypothesis at the time they endorsed it.

Nor does *Matrixx* undermine Defendants' motions with respect to scienter or materiality. *First*, *Matrixx* does not impact Defendants' arguments regarding scienter. In *Matrixx*, the Supreme Court merely rejected the argument that there must be "an allegation of statistical significance to establish a strong inference of scienter." *Matrixx*, 2011 WL 977060, at *13. Defendants in this case do not make such an argument. Moreover, the "deliberate recklessness" standard for scienter that the Supreme Court "assume[d]" in *Matrixx*, *id* at *13,[3] does not apply in a misstatement of opinion case such as this. Instead, Plaintiffs here must plead facts sufficient to support a strong inference that each Defendant *actually disbelieved* the naproxen hypothesis at the time Merck publicly endorsed it. (*See* Mem. 32-34; Reply 30-32.) *Matrixx* does not address this higher, "actual disbelief" standard required in a statement of opinion case. (*See* Mem. 30-33; Reply 30-32.) Accordingly, *Matrixx* does not help Plaintiffs meet their burden of establishing a strong inference that each Defendant acted with scienter.

*Second*, Defendants likewise do not argue that alleged misstatements of belief regarding the naproxen hypothesis were immaterial. Thus, *Matrixx* is of no help to Plaintiffs with respect to those claims. Moreover, to the extent Plaintiffs are not estopped (as they should be) from pursuing alleged misstatements of fact regarding the cardiovascular safety profile of Vioxx, *Matrixx* does not affect Defendants' primary argument that such alleged misstatements could not be material to investors as a matter of law because Defendants' repeated disclosures, as well as ample coverage in the medical, scientific and lay press, made investors well aware that Vioxx's safety profile included the potential for increased cardiovascular risk. (*See* Mem. 51-55; Reply 40-43.) As a result, any alleged misstatements regarding the cardiovascular safety profile of Vioxx could not have altered the "total mix" of information available to investors. To the extent that *Matrixx* overruled the holding in *Oran v. Stafford*, 226 F.3d 275, 284 (3d Cir. 2000), that adverse events are only material when the

---

[3] As the Supreme Court stated: "We have not decided whether recklessness suffices to fulfill the scienter requirement. Because Matrixx does not challenge the Court of Appeals' holding that the scienter requirement may be satisfied by a showing of 'deliberate recklessness,' we assume, without deciding, that the standard applied by the Court of Appeals is sufficient to establish scienter." 2011 WL 977060, at *13 (citations omitted).

2

data provide statistically significant evidence, see *Matrixx*, 2011 WL 977060, at *11, Defendants respectfully withdraw that additional argument. (See Mem. 55-57; Reply 43-45.)

Respectfully submitted,

*Karin A. DeMasi*
Karin A. DeMasi

Honorable Stanley R. Chesler, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

VIA ECF

Copies to:

David A.P. Brower, Esq.
Brower Piven
488 Madison Avenue, 8th Floor
New York, NY 10022

Salvatore J. Graziano, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

Mark Levine, Esq.
Stull, Stull & Brody
6 East 45th Street, 5th Floor
New York, NY 10017

Richard H. Weiss, Esq.
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119

Paul B. Brickfield, Esq.
Brickfield & Donahue
70 Grand Avenue
River Edge, NJ 07661

3

James E. Cecchi, Esq.
Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, NJ 07068

Alfred C. Decotiis, Esq.
Decotiis, Fitzpatrick, Cole & Wisler LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, NY 07666

William R. Stein, Esq.
Eric S. Parnes, Esq.
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006

Martin L. Perschetz, Esq.
Sung-Hee Suh, Esq.
William H. Gussman, Jr., Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

VIA EMAIL PDF

4