# CRAVATH, SWAINE & MOORE LLP

ALLEN FINKELSON
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER

MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1059

THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI

———

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

———

OF COUNSEL

PAUL C. SAUNDERS

April 4, 2011

<u>*In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation* (MDL 1658)</u>
<u>Nos. 05-CV-01151-SRC-MAS & 05-CV-02367-SRC-MAS</u>
<u>The Consolidated Securities Action</u>

Dear Judge Chesler:

      We respectfully submit this letter on behalf of all Defendants[1] in response to Plaintiffs' letter, dated March 31, 2011, regarding the Third Circuit's recent decision in *In re DVI, Inc. Securities Litigation*, Nos. 08-8033, 08-8045, 2011 WL 1125926 (3d Cir. Mar. 29, 2011). The decision in *DVI* does not undermine, or even affect, the legal bases for dismissal of this action presented in Defendants' pending motion to dismiss.

      Like their October 5, 2010 letter regarding *Schleicher v. Wendt*, 618 F.3d 679 (7th Cir. 2010), Plaintiffs' March 31, 2011 letter seeks to bring to this Court's attention another decision, this one from this Circuit, that addresses the relationship between loss causation and reliance *at the class certification stage*. In *DVI*, the Third Circuit held that, in the context of class certification, plaintiffs do not have to prove loss causation to invoke the presumption of reliance, but defendants may offer evidence to rebut that presumption. 2011 WL 1125926, at *7-8. In so doing, the Third Circuit aligned itself with the Second Circuit, which adopted a middle approach between the Seventh Circuit's decision in *Schleicher*, which provided no opportunity for defendants to rebut the presumption at the class certification stage, and the Fifth Circuit's decision in *Oscar*

---

[1] Defendant Dr. Edward M. Scolnick, who is separately represented and filed his own motion to dismiss, joins in this letter.

*Private Equity Investments v. Allegiance Telecom, Inc.*, 487 F.3d 261, 269 (5th Cir. 2007), which held that loss causation must be proven at the class certification stage.[2]

That class certification issue, however, has no bearing whatsoever on Defendants' pending motion to dismiss. *First*, as set forth in Defendants' motion, the failure to plead loss causation adequately is a proper basis to dismiss a complaint brought under Section 10(b). *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) (holding that a complaint should be dismissed on loss causation grounds when plaintiffs fail to plead a specific "causal connection between the material misrepresentation and the loss") (Mem. 25-26).[3] Here, the Complaint should be dismissed because Plaintiffs have failed to plead any plausible allegations that their losses were caused by the revelation that Defendants did not "actually believe" the naproxen hypothesis. For example, Plaintiffs do not (and cannot) allege that the losses incurred in October 2003 and September 2004 were caused by the purported revelation of Defendants' *falsely held beliefs* because those dates do not correspond with *any* revelation about Defendants' beliefs. (*See* Mem. 25-30; Reply 8-19.) Nor do Plaintiffs adequately plead loss causation with respect to the alleged losses on November 1, 2004, because no investor could reasonably have believed that Vioxx retained *any* meaningful commercial viability after it was withdrawn from the market on September 30, 2004. (*See* Mem. 29-30; Reply 16-19.) Thus, Plaintiffs have not pleaded that their losses were caused by Defendants' allegedly falsely-held beliefs in the naproxen hypothesis.

*Second*, as *DVI* confirms, the Third Circuit continues to adhere to the presumption set forth in *Basic Inc. v. Levinson*, 485 U.S. 224, 241-47 (1988), that a stock price in an efficient market reflects all publicly available information. *See DVI*, 2011 WL 1125926, at *3-4. Therefore, Defendants' argument, relying on *Basic,* that the alleged losses could not have been caused by the disclosure of information that was already known

---

[2] In light of this growing circuit split, the Supreme Court has recently granted *certiorari* on this class certification issue in another Fifth Circuit case following *Oscar*. *See Archdiocese of Milwaukee Supporting Fund v. Halliburton Co.*, 597 F.3d 330, 335 (5th Cir. 2010), *cert. granted sub nom. Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 856 (2011).

[3] Citations to "Mem." and "Reply" refer to the Memorandum of Law in Support of Defendants' Motion To Dismiss the Corrected Consolidated Fifth Amended Class Action Complaint (ECF No. 254 Attach. 1) and the Reply Memorandum of Law in Support of Defendants' Motion To Dismiss the Corrected Consolidated Fifth Amended Class Action Complaint (ECF No. 264), respectively.

to and incorporated into an efficient market remains an additional, independent ground on which to dismiss Plaintiffs' complaint. (*See* Mem. 25-30; Reply 8-19.)

Respectfully submitted,

Karin A. DeMasi

Honorable Stanley R. Chesler, U.S.D.J.
   United States District Court for the District of New Jersey
      Martin Luther King, Jr. Federal Building & U.S. Courthouse
         50 Walnut Street
            Newark, NJ 07101

VIA ECF

Copies to:

David A.P. Brower, Esq.
   Brower Piven
      488 Madison Avenue, 8th Floor
         New York, NY 10022

Salvatore J. Graziano, Esq.
   Bernstein Litowitz Berger & Grossmann LLP
      1285 Avenue of the Americas
         New York, NY 10019

Mark Levine, Esq.
   Stull, Stull & Brody
      6 East 45th Street, 5th Floor
         New York, NY 10017

Richard H. Weiss, Esq.
   Milberg LLP
      One Pennsylvania Plaza
         New York, NY 10119

Paul B. Brickfield, Esq.
   Brickfield & Donahue
      70 Grand Avenue
         River Edge, NJ 07661

James E. Cecchi, Esq.
   Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
     5 Becker Farm Road
       Roseland, NJ 07068

Alfred C. Decotiis, Esq.
   Decotiis, Fitzpatrick, Cole & Wisler LLP
     Glenpointe Centre West
       500 Frank W. Burr Boulevard
         Teaneck, NY 07666

William R. Stein, Esq.
Eric S. Parnes, Esq.
   Hughes Hubbard & Reed LLP
     1775 I Street, N.W.
       Washington, D.C.  20006

Martin L. Perschetz, Esq.
Sung-Hee Suh, Esq.
William H. Gussman, Jr., Esq.
   Schulte Roth & Zabel LLP
     919 Third Avenue
       New York, NY 10022

VIA EMAIL PDF