# CRAVATH, SWAINE & MOORE LLP

ALLEN FINKELSON
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER

MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK

THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1059

June 14, 2011

*In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation* (MDL 1658)
Nos. 05-CV-01151-SRC-MAS & 05-CV-02367-SRC-MAS
The Consolidated Securities Action

Dear Judge Chesler:

      We respectfully submit this letter on behalf of all Defendants[1] in response to Plaintiffs' letter, dated June 9, 2011, regarding the Supreme Court's recent decision in *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 09-1403, 2011 WL 2175208, __ U.S. __ (June 6, 2011). Like the cases Plaintiffs have previously brought to this Court's attention, *Halliburton* does not undermine, or even affect, the legal bases for Defendants' pending motion to dismiss.

      In *Halliburton*, the Supreme Court held that the Fifth Circuit had erroneously required securities plaintiffs to prove loss causation *at the class certification stage* before invoking the fraud-on-the-market presumption of reliance.[2] *Halliburton*, 2011 WL 2175208, at *8. This holding is irrelevant to Defendants' pending motion to dismiss because this action is *not* at the class certification stage.

---

[1] Defendant Dr. Edward M. Scolnick, who is separately represented and filed his own motion to dismiss, joins in this letter.

[2] Even prior to the *Halliburton* decision, the Third Circuit had expressly declined to follow the Fifth Circuit's holding, as Defendants observed in our April 4, 2011 letter to the Court. *See In re DVI, Inc. Sec. Litig.*, No. 08-8033, 08-8045, 2011 WL 1125926, at *7-8 (3d Cir. Mar. 29, 2011); *see also* letter from K. DeMasi to the Court, dated Apr. 4, 2011 (ECF. No. 273). The Third Circuit's *DVI* decision had not yet been issued when Defendants filed their motion to dismiss, but in any event did not affect Defendants' loss causation arguments for all the reasons set forth in Defendants' April 4 letter.

The failure to adequately plead loss causation remains a proper basis for dismissing a complaint brought under Section 10(b). *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 342 (2005) (dismissing a complaint on loss causation grounds when plaintiffs failed to plead a specific "causal connection between the material misrepresentation and the loss") (Mem. 25-26).[3] The Court's decision in *Halliburton* does not affect the pleading standard articulated in *Dura*. Indeed, Plaintiffs' own letter concedes that they must "provide a defendant with *some* indication of the loss and the causal connection that the [plaintiff has] in mind" at this stage of the proceeding (Plaintiffs' June 9, 2011 letter, quoting *Dura*, 544 U.S. at 347); here, Plaintiffs have failed to provide *any* indication that their losses were caused by Defendants' allegedly false beliefs in the naproxen hypothesis.

As Defendants explained in our April 4, 2011 letter to the Court, the Complaint should be dismissed because Plaintiffs have failed to plead any plausible allegations that their losses were caused by the revelation that Defendants did not "actually believe" the naproxen hypothesis. For example, Plaintiffs do not—and cannot—allege that the losses incurred in October 2003 and September 2004 were caused by the purported revelation of Defendants' falsely held beliefs because *there were no such revelations corresponding to those dates*. (*See* Mem. 25-29; Reply 8-16.) Nor do Plaintiffs adequately plead loss causation with respect to the alleged losses on November 1, 2004, because no investor could reasonably have believed that Vioxx retained *any* meaningful commercial viability after it was withdrawn from the market on September 30, 2004. (*See* Mem. 29-30; Reply 16-19.) Accordingly, Plaintiffs' claims should be dismissed for failure to adequately plead loss causation.

Respectfully submitted,

Karin A. DeMasi

Honorable Stanley R. Chesler, U.S.D.J.
   United States District Court for the District of New Jersey
      Martin Luther King, Jr. Federal Building & U.S. Courthouse
         50 Walnut Street
            Newark, NJ 07101

VIA ECF

---

[3] Citations to "Mem." and "Reply" refer to the Memorandum of Law in Support of Defendants' Motion To Dismiss the Corrected Consolidated Fifth Amended Class Action Complaint (ECF No. 254 Attach. 1) and the Reply Memorandum of Law in Support of Defendants' Motion To Dismiss the Corrected Consolidated Fifth Amended Class Action Complaint (ECF No. 264), respectively.

Copies to:

David A.P. Brower, Esq.
   Brower Piven
      488 Madison Avenue, 8th Floor
      New York, NY 10022

Salvatore J. Graziano, Esq.
   Bernstein Litowitz Berger & Grossmann LLP
      1285 Avenue of the Americas
      New York, NY 10019

Mark Levine, Esq.
   Stull, Stull & Brody
      6 East 45th Street, 5th Floor
      New York, NY 10017

Richard H. Weiss, Esq.
   Milberg LLP
      One Pennsylvania Plaza
      New York, NY 10119

Paul B. Brickfield, Esq.
   Brickfield & Donahue
      70 Grand Avenue
      River Edge, NJ 07661

James E. Cecchi, Esq.
   Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
      5 Becker Farm Road
      Roseland, NJ 07068

Alfred C. Decotiis, Esq.
   Decotiis, Fitzpatrick, Cole & Wisler LLP
      Glenpointe Centre West
      500 Frank W. Burr Boulevard
      Teaneck, NY 07666

William R. Stein, Esq.
Eric S. Parnes, Esq.
   Hughes Hubbard & Reed LLP
      1775 I Street, N.W.
      Washington, D.C.  20006

Martin L. Perschetz, Esq.
Sung-Hee Suh, Esq.
William H. Gussman, Jr., Esq.
   Schulte Roth & Zabel LLP
     919 Third Avenue
       New York, NY 10022

VIA EMAIL PDF