UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL NO. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | CASE NO. 2:05-CV-01151-SRC-MAS<br>CASE NO. 2:05-CV-02367-SRC-MAS |
| STICHTING PENSIOENFONDS ABP,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM<br><br>Defendants. | CASE NO. 2:05-CV-05060-SRC-MAS |
| NORGES BANK,<br><br>Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>Defendants. | CASE NO. 07-CV-04021-SRC-MAS |

[Caption continued on following page]

| | |
|---|---|
| DEKA INVESTMENT GmbH, DEKA INTERNATIONAL S.A. LUXEMBURG, DEKA INTERNATIONAL (IRELAND) LIMITED, DEKA FUNDMASTER INVESTMENTGESELLSCHAFT MBH, INTERNATIONAL FUND MANAGEMENT S.A., MUNICH ERGO ASSET MANAGEMENT GmbH, INTERNATIONALE FONDS SERVICE AG, INTERNATIONALE KAPITALANLAGEGESELLSCHAFT MBH, METZLER INVESTMENT GmbH, and FRANKFURTER SERVICE KAPITALANLAGEGESELLSCHAFT mbH, <br><br>                                      Plaintiffs, <br><br>          v. <br><br> MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM, <br><br>                                      Defendants. | CASE NO. 07-CV-04022-SRC-MAS |
| UNION ASSET MANAGEMENT HOLDING AG, OPPENHEIM PRAMERICA ASSET MANAGEMENT S.à.r.l., ERSTE-SPARINVEST KAPITALANLAGEGESELLSCHAFT m.b.H., and OPPENHEIM KAPITALANLAGEGESELLSCHAFT m.b.H., <br><br>                                      Plaintiffs, <br><br>          v. <br><br> MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM, <br><br>                                      Defendants. | CASE NO. 07-CV-04023-SRC-MAS |

[Caption continued on following page]

| | |
|---|---|
| AFA LIVFÖRSÄKRINGSAKTIEBOLAG, AFA TRYGGHETSFÖRSÄKRINGSAKTIEBOLAG, AFA SJUKFÖRSÄKRINGSAKTIEBOLAG on its own behalf and on behalf of KOLLEKTIVAVTALSSTIFTELSEN TRYGGHETSFONDEN TSL, ALECTA PENSIONSFÖRSÄKRING ÖMSESIDIGT, SJUNDE AP-FONDEN, DANSKE INVEST ADMINISTRATION A/S, SWEDBANK ROBUR AB, AMF PENSION FONDFÖRVALTNING AB, ARBETSMARKNADSFÖRSÄKRINGAR PENSIONSFÖRSÄKRINGSAKTIEBOLAG, SKANDINAVISKA ENSKILDA BANKEN AB on its own behalf and on behalf of SEB INVESTMENT MANAGEMENT AB, SEB ASSET MANAGEMENT S.A. and GAMLA LIVFÖRSÄKRINGSAKTIEBOLAGET SEB TrYGG LIV,<br><br>                                                        Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>                                                        Defendants. | CASE NO. 07-CV-04024-SRC-MAS |

[Caption continued on following page]

3

| | |
|---|---|
| ALLIANZ GLOBAL INVESTORS KAPITALANLAGEGESELLSCHAFT MbH; ALLIANZ GLOBAL INVESTORS LUXEMBOURG S.A.; and ALLIANZ GLOBAL INVESTORS IRELAND LIMITED,<br><br>                                    Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>                                    Defendants. | CASE NO. 07-CV-04451-SRC-MAS |
| DWS INVESTMENT GmbH, PIONEER INVESTMENTS KAPITALANLAGEGESELLSCHAFT mbH, DEUTSCHE ASSET MANAGEMENT INVESTMENTGESELLSCHAFT mbH, WIENER STÄDTISCHE VERSICHERUNG AG VIENNA INSURANCE GROUP, LIECHTENSTEINISCHE LANDESBANK AKTIENGESELLSCHAFT, DWS (AUSTRIA) INVESTMENTGESELLSCHAFT mbH, LANDESBANK BERLIN INVESTMENT GmbH, and LRI LANDESBANK RHEINLAND-PFALZ INTERNATIONAL S.A.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM,<br><br>                                    Defendants. | CASE NO. 07-CV-04546-SRC-MAS |

[Caption continued on following page]

| |
|---|
| KBC ASSET MANAGEMENT NV, PIONEER INVESTMENT MANAGEMENT LTD., PIONEER INVESTMENT MANAGEMENT SGRpa, and PIONEER INVESTMENTS AUSTRIA GmbH, <br><br>                                                    Plaintiffs, <br><br>                  v. <br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, DAVID W. ANSTICE, and PETER S. KIM <br><br>                                                    Defendants. |

CASE NO. 2:11-CV-06259-SRC-MAS

**STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATED DISCOVERY**

WHEREAS, on January 3, 2012, the Court entered a scheduling order (the "Scheduling Order") in the Consolidated Securities Action, No. 2:05-CV-02367-SRC-MAS (the "Class Action");

WHEREAS, the Scheduling Order provides, among other things, that "[a]ll discovery in this class action shall be coordinated with the individual actions" (Scheduling Ord. § 8);

WHEREAS, the following eight individual actions are also part of the MDL in this action:[1] *Stichting Pensioenfonds ABP v. Merck & Co., Inc., et al.*, No. 2:05-cv-

---

[1] It is Defendants' position that the Class Action and the Individual Actions are consolidated pursuant to this Court's May 6, 2005 Order. Plaintiff Stichting Pensioenfonds ABP ("ABP") maintains its position that the Individual Actions are not consolidated with the Class Action. ABP agrees that discovery is coordinated in the Class Action and the Individual Actions as set forth in the January 3, 2012 Scheduling Order.

05060-SRC-MAS; *AFA Livförsäkringsaktiebolag, et al. v. Merck & Co., Inc., et al.*, No. 07-cv-04024-SRC-MAS; *Allianz Global Investors Kapitalanlagegesellschaft MbH, et al. v. Merck & Co., Inc., et al.*, No. 07-cv-04451-SRC-MAS; *Norges Bank v. Merck & Co., Inc., et al.*, No. 07-cv-04021-SRC-MAS; *Deka Investment GmbH, et al. v. Merck & Co., Inc., et al.*, No. 07-cv-04022-SRC-MAS; *Union Asset Management Holding AG, et al. v. Merck & Co., Inc., et al.*, No. 07-cv-04023-SRC-MAS; *DWS Investment GmbH, et al. v. Merck & Co., Inc., et al.*, No. 07-cv-04546-SRC-MAS; *KBC Asset Management NV, et al. v. Merck & Co., Inc., et al.*, No. 2:11-cv-06259-SRC-MAS (collectively, the "Individual Actions," and together with the Class Action, the "Vioxx Securities Actions");

WHEREAS, the Court has directed counsel for the parties in the Vioxx Securities Actions to "enter into a stipulation providing for the coordination of discovery and the arrangements therefor" (Scheduling Ord. § 8); and

WHEREAS, counsel for the parties in the Vioxx Securities Actions have met and conferred and have reached certain agreements with respect to how to proceed most efficiently with coordinated discovery in these actions;

IT IS HEREBY STIPULATED AND AGREED TO by the parties, through their undersigned counsel, AND SO ORDERED by the Court, as follows:

### I.      General Provisions

1.     Plaintiffs in the Individual Actions ("Individual Plaintiffs") shall comply, in any discovery sought of Defendants or any non-parties, with the fact discovery schedule set forth in the Scheduling Order (Scheduling Ord. § 3). The parties to the Individual Actions shall meet and confer to attempt to agree upon a schedule for

Defendants' discovery of the Individual Plaintiffs (and any non-party with information regarding the Individual Plaintiffs' investments in Merck securities) once the motions to dismiss the Second Amended Complaint in *Stichting Pensioenfonds ABP v. Merck & Co., Inc.*, No. 2:05-CV-05060-SRC-MAS have been decided. The parties to the Individual Actions shall meet and confer at the close of fact discovery to attempt to agree upon the procedures to be followed and schedule for expert discovery. Nothing herein shall prejudice the right of any party to seek or to oppose coordination of the filing of dispositive motions or other pre-trial submissions after the close of all discovery.

2. Unless otherwise directed by the Court, all parties to the Vioxx Securities Actions shall have counsel authorized to represent them present at all status conferences, scheduling conferences, and hearings of the Court.

3. All parties to the Vioxx Securities Actions shall be bound by Pretrial Order No. 2 (Protective Order), entered on November 15, 2005, and the Supplemental Protective Order (Addendum to Pretrial Order No. 2), entered on November 20, 2007.

4. All parties to the Vioxx Securities Actions shall act in good faith and make reasonable efforts to coordinate discovery in all of the Vioxx Securities Actions and to avoid undue duplication and undue burden on any party or non-party.

5. Nothing in this Order is intended to waive or prejudice any party's right to seek or object to any discovery, or the right to seek or object to a protective order or other relief, under the Federal Rules of Civil Procedure, the local rules of this Court, or any other applicable law, rule, or order, so long as such relief is not inconsistent with this Order. This Order is not intended to be construed to dictate or suggest that any particular discovery request that may be propounded or deposition discovery that may be sought is

or is not unduly burdensome, oppressive, duplicative, or otherwise impermissible. All parties maintain the right to object to any deposition (or questioning at a deposition) on any applicable grounds, including, but not limited to, on the basis of relevance, privilege, or to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

## II.    Initial Disclosures

6.     Promptly following the entry of this Order, Defendants and Class Action Plaintiffs shall provide to Individual Plaintiffs a copy of initial disclosures exchanged between them in the Class Action.

7.     The parties to the Individual Actions shall meet and confer in order to stipulate to a date for their exchange of initial disclosures once the motions to dismiss the Second Amended Complaint in *Stichting Pensioenfonds ABP v. Merck & Co., Inc.*, No. 2:05-CV-05060-SRC-MAS have been decided. Individual Plaintiffs' initial disclosures shall be served on all parties.

## III.   Discovery

8.     Promptly following the entry of this Order, all documents produced by any party in the Class Action shall be produced by that party in the same form to the Individual Plaintiffs.

9.     All Individual Plaintiffs shall confer in advance with Class Action Plaintiffs' Counsel before serving Defendants or any non-party with discovery requests (including, but not limited to, document demands, deposition notices, interrogatories, subpoenas, or requests for admission). Discovery requests may be served jointly on behalf of multiple Plaintiffs; however, duplicative discovery demands shall not be served.

10. Class Action Plaintiffs shall lead in the service of Plaintiffs' discovery requests. Individual Plaintiffs shall confer with Class Action Plaintiffs prior to serving any additional requests not served by Class Action Plaintiffs.

11. Individual Plaintiffs shall confer in advance with Class Action Plaintiffs' Counsel before noticing any party or non-party deposition and will work in good faith to coordinate scheduling. Deposition testimony taken in any Vioxx Securities Action may be used in any of the Vioxx Securities Actions as if it had been taken in the case in which it is sought to be used and regardless of the Vioxx Securities Action in which it was taken. Nothing herein shall alter the admissibility under applicable law and rules of any deposition testimony that may be offered in connection with any motion or at any trial in any of the Vioxx Securities Actions.

12. Notice of any deposition sought in the Vioxx Securities Actions, whether by notice or subpoena, shall be given at the same time to all parties in accordance with the Federal Rules of Civil Procedure.

13. All parties to the Vioxx Securities Actions are invited to attend any deposition and to examine or cross-examine any witness deposed in any of the Vioxx Securities Actions. Class and Individual Plaintiffs shall seek, in good faith, to avoid duplicative questioning of any witness at any deposition. Class Action Plaintiffs' Counsel shall lead the questioning of deposition witnesses noticed by Plaintiffs. No witness shall be deposed more than once absent agreement of the parties or leave of the Court under Federal Rule of Civil Procedure 30(a)(2)(A)(ii). Any party that fails to attend the deposition of a witness, or fails to examine a witness at a deposition, may not

later seek to take or resume the deposition of that witness absent agreement of the parties or leave of the Court.

14.     All depositions shall be conducted pursuant to Federal Rule of Civil Procedure 30(d)(1).  If any party seeks an exception to Rule 30(d)(1), such party must seek agreement of all other parties or leave of the Court pursuant to Rule 26(b)(2).

15.     Any party seeking to examine any witness at a deposition shall notify the party that noticed or subpoenaed the witness to the deposition in writing no later than seven (7) business days before the deposition is scheduled to commence (a) that the party wishes to be allocated time for examination, and (b) the amount of time for examination sought.  Those parties shall cooperate in good faith in advance of the deposition to allocate the time allowed for examination of any witness.

16.     Objections at any deposition taken in any of the Vioxx Securities Actions shall be preserved as if they had been made in all of the Vioxx Securities Actions.  An objection at a deposition by counsel for one of the Class Action Plaintiffs or any of the Individual Plaintiffs shall be treated as an objection made by all Plaintiffs in the Vioxx Securities Actions.  An objection at a deposition by counsel for one Defendant shall be treated as an objection made by all Defendants in the Vioxx Securities Actions.

### IV.     Availability and Use of Discovery Across Cases

17.     Any discovery request, response to a discovery request, document production, notice of third-party subpoena, response to production received from any third party, and/or court paper and accompanying affidavits and exhibits served on any party in any of the Vioxx Securities Actions shall be served on all parties to the Vioxx Securities Actions on the same terms as if it had been served, produced, or received in

each of the Vioxx Securities Actions. Any expert reports and accompanying exhibits served on Class Action Plaintiffs shall be provided to Individual Plaintiffs at the same time. Any objection asserted in response to a discovery request in one action shall be preserved as if such objection had been made in each of the Vioxx Securities Actions.

18. The parties to the Vioxx Securities Actions may use any document produced or response to any discovery request (including any response from a non-party) served in any of the Vioxx Securities Actions as though the same had been produced or served in the Vioxx Securities Action in which it is sought to be used and regardless of the Vioxx Securities Action in which it is produced or served. Nothing herein shall alter the admissibility under applicable law and rules of any document or response to any discovery request that may be offered in connection with any motion or at any trial in any of the Vioxx Securities Actions.

19. For all discovery in any of the Vioxx Securities Actions, all parties that joined in that discovery, or are subject to that discovery, shall be invited to participate in discovery scope negotiations and agreements, and in any discovery dispute resolution, including any appearances in court on discovery issues, regardless of which party propounded the discovery request and regardless of the Vioxx Securities Action in which the discovery request was propounded. Any party that fails to participate in discovery scope negotiations and/or litigation after receiving such an invitation may not subsequently challenge the resolution of the discovery dispute as it relates to the issues in the written invitation.

DATED: April 4, 2012

By: _____
Salvatore J. Graziano
William C. Fredericks
Bruce D. Bernstein
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 554-1400
Fax: (212) 554-1444

By: _____
Richard H. Weiss
Matthew A. Kupillas
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Tel.: (212) 594-5300
Fax: (212) 868-1229

Respectfully submitted,

By: _____
David A.P. Brower
Daniel I. Wolf
**BROWER PIVEN**
 A Professional Corporation
488 Madison Avenue, 8th Floor
New York, NY 10022
Tel.: (212) 501-9000
Fax: (212) 501-0300

By: Mark Levine / by P.K.S.
Jules Brody
Mark Levine
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Tel.: (212) 687-7230
Fax: (212) 490-2022

*Plaintiffs' Co-Lead Counsel*

**BRICKFIELD & DONAHUE**
70 Grand Avenue
River Edge, NJ 07661
Tel.:   (201) 258-3984
Fax:   (201) 488-9559

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Tel.:   (973) 994-1700
Fax:   (973) 994-1744

**DECOTIIS, FITZPATRICK & COLE, LLP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, NJ 07666
Tel.:   (201) 928-1100
Fax.:   (201) 928-0588

*Lead Plaintiffs' Co-Liaison Counsel*

12

DATED: April 4, 2012

**GRANT & EISENHOFER P.A.**

By: _Geoff Jarvis by permission KAD_
Jay W. Eisenhofer
Geoffrey C. Jarvis
Jeff A. Almeida
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500
gjarvis@gelaw.com

**SAIBER LLC**
Jeffrey W. Lorell
Marc E. Wolin
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-3333
jwl@saiber.com

**MOTLEY RICE LLC**
Ann K. Ritter
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
(843) 216-9000

**STURMAN LLC**
Deborah Sturman
275 Seventh Avenue, 2nd Floor
New York, NY 10001
(212) 367-7017

*Counsel for Plaintiffs Stichting Pensioenfonds ABP; Norges Bank; Deka Investment GmbH, Deka International S.A. Luxemburg, Deka International (Ireland) Limited, Deka FundMaster Investmentgesellschaft mbH, International Fund Management S.A., Munich Ergo Asset Management GmbH, Internationale Fonds Service AG, Internationale Kapitalanlagegesellschaft mbH, Metzler Investment GmbH, and Frankfurter Service Kapitalanlagegesellschaft mbH; Union Asset Management Holding AG, Oppenheim Pramerica Asset Management S.à.r.l., Erste-Sparinvest*

*Kapitalanlagegesellschaft m.b.H., and Oppenheim Kapitalanlagegesellschaft mbH; DWS Investment GmbH, Pioneer Investments Kapitalanlagegesellschaft mbH, Deutsche Asset Management Investmentgesellschaft mbH, Wiener Städtische Versicherung AG Vienna Insurance Group, Liechtensteinische Landesbank Aktiengesellschaft, DWS (Austria) Investmentgesellschaft mbH, Landesbank Berlin Investment GmbH, and LRI Landesbank Rheinland-Pfalz International S.A., KBC Asset Management NV, Pioneer Investment Management LTD., Pioneer Investment Management SGRpa, and Pioneer Investments Austria GmbH*

DATED: April 2, 2012

KESSLER TOPAZ MELTZER & CHECK LLP

By: /s/ John Kehoe
David Kessler
Stuart L. Berman
John A. Kehoe
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
dkessler@ktmc.com

**SAIBER LLC**
Arnold B. Calmann
One Gateway Center
10th Floor
Newark, NJ 07102-5311
(973) 622-3333
abc@saiber.com

*Counsel for Plaintiffs AFA Livförsäkringsaktiebolag, AFA Trygghetsförsäkringsaktiebolag, AFA Sjukförsäkringsaktiebolag on its own behalf and on behalf of Kollektivavtalsstiftelsen Trygghetsfonden TSL, Alecta pensionsförsäkring ömsesidigt, Fjärde AP-Fonden, Sjunde AP-Fonden, Danske Invest Administration A/S, Swedbank Robur AB, AMF Pension Fondförvaltning ab, Arbetsmarknadsförsäkringar Pensionsförsäkringsaktiebolag, Skandinaviska Enskilda Banken AB on its own behalf and on behalf of SEB Investment Management AB, SEB Asset Management S.A., and Gamla Livförsäkringsaktiebolaget SEB Trygg Liv; Allianz Global Investors Kapitalanlagegesellschaft MbH, Allianz Global Investors Luxembourg S.A., and Allianz Global Investors Ireland Limited*

15

DATED: April 4, 2012

**CRAVATH, SWAINE & MOORE LLP**

By: /s/ Karin A. DeMasi
Evan R. Chesler
Robert H. Baron
Karin A. DeMasi
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000
kdemasi@cravath.com

**HUGHES HUBBARD & REED LLP**
William R. Stein
Eric S. Parnes
1775 I Street, NW
Washington, DC 20006-2401
(202) 721-4600
parnes@hugheshubbard.com

*Counsel for Defendants Merck & Co., Inc., Raymond V. Gilmartin, Peter S. Kim, Alise S. Reicin, Judy C. Lewent, Kenneth C. Frazier, Richard C. Henriques, Jr., David W. Anstice, Per Wold-Olsen, Lawrence A. Bossidy, William G. Bowen, Johnetta B. Cole, Niall FitzGerald, William B. Harrison, Jr., William N. Kelley, Heidi G. Miller, Thomas E. Shenk, Anne M. Tatlock and Samuel O. Thier.*

DATED: April 2, 2012

**SCHULTE ROTH & ZABEL LLP**

By: _____
Martin L. Perschetz
Sung-Hee Suh
William H. Gussman, Jr.
919 Third Avenue
New York, NY 10022
(212) 756-2000
bill.gussman@srz.com

**LOWENSTEIN SANDLER PC**
Lawrence M. Rolnick
Sheila A. Sadighi
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500
lrolnick@lowenstein.com

*Counsel for Defendant Edward M. Scolnick*

SO ORDERED: _____, 2012

_____
Michael A. Shipp
United States Magistrate Judge

17