# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED ERISA ACTION | Case No. 2:05-CV-01151-SRC-MAS Case No. 2:05-CV-02369-SRC-MAS |

## STIPULATION AND [PROPOSED] ORDER REGARDING USE OF PRIOR DEPOSITION TESTIMONY

WHEREAS, Defendants have produced to Plaintiffs as part of document discovery in this action hundreds of transcripts of deposition testimony taken under oath in prior Vioxx-related matters;

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") seek to streamline deposition discovery in this case by using certain prior deposition testimony as if it had been taken in this action; and

WHEREAS, the Parties have agreed to the terms that will govern the use of such prior deposition testimony in this action;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned counsel, AND SO ORDERED, as follows:

1. Prior testimony given by the witnesses listed in the attached Schedule A shall be treated as if it were taken by deposition in this action, and shall be subject to the rules and

limitations regarding deposition testimony set forth in the Federal Rules of Evidence, Federal Rules of Civil Procedure and any applicable local rules.

2.      Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii), no witness whose testimony is covered by this stipulation shall give additional testimony in this action absent a stipulation of the parties or leave of the Court.

3.      A party seeking a stipulation to conduct a further deposition of a witness who has already provided testimony, and who is covered by this stipulation, shall provide counsel for the witness with a list of new subject matters upon which additional testimony is sought and the estimated amount of time needed for such additional questioning.

4.      If the Parties are unable to stipulate to the scope of further questioning for any witness covered by this stipulation pursuant to paragraph 3, the party seeking the deposition shall make a motion to the Court for leave to conduct further questioning of the witness by deposition.  Such motion shall set forth the reasons why such additional questioning is sought, and the estimated amount of time needed for such additional questioning.  To the extent the opposing party raises matters in the opposition not addressed in the motion, the moving party shall be permitted a reply.

5.      Any further questioning by deposition of any witness covered by this stipulation shall be limited to the topics listed among the new subject matters upon which additional testimony is sought.  Additionally, although the agreed time estimate is not a strict time limit, the length of the deposition shall not unreasonably exceed the amount of time previously estimated.  In addition, counsel taking such further deposition shall not repeat questions already asked in prior testimony, except to lay foundation or provide necessary background for questioning on the new subject matters not previously covered.

6. Notwithstanding this stipulation, the parties expressly preserve all objections

to the admissibility of any testimony, including but not limited to relevance objections,

evidentiary objections and privilege.

DATED: March 11, 2010                    AGREED TO BY:


**IZARD NOBEL LLP**


By: _____

Robert A. Izard
William Bernarduci
29 South Main Street, Suite 215
West Hartford, CT 06107
(860) 493-6292

*Chair of Lead Counsel Committee for
Plaintiffs in the Consolidated ERISA
Action*

**TRUJILLO RODRIGUEZ &
RICHARDS, LLC**
Lisa J. Rodriguez
258 Kings Highway East
Haddonfield, NJ 08033
(856) 795-9002

*Liaison Counsel for Plaintiffs in the
Consolidated ERISA Action*

3

DATED: March 11, 2010

CRAVATH, SWAINE & MOORE LLP

By: _____

Robert H. Baron
Karin A. DeMasi
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000

**HUGHES HUBBARD & REED LLP**

William R. Stein
Eric S. Parnes
1775 I Street, N.W.
Washington, DC 20006-2401
(202) 721-4600

*Counsel for Defendants Merck & Co.,
Inc., H. Brewster Atwater, Jr., Marcia J.
Avedon, Derek Birkin, Lawrence A.
Bossidy, William G. Bowen, Erskine B.
Bowles, Johnnetta B. Cole, William M.
Daley, Caroline Dorsa, Lloyd C. Elam,
Charles E. Exley, Jr., Carleton S.
Fiorina, Niall FitzGerald, Kenneth C.
Frazier, Raymond V. Gilmartin, William
B. Harrison, Jr., William N. Kelley, Judy
C. Lewent, Heidi G. Miller, Bradley T.
Sheares, Thomas E. Shenk, Anne M.
Tatlock, Samuel O. Thier, Dennis
Weatherstone, Wendell P. Weeks and
Peter C. Wendell*

4

DATED:   March 11, 2010

**SCHULTE ROTH & ZABEL LLP**

By: _William Gussman_

William H. Gussman, Jr.
919 Third Avenue
New York, NY 10022
(212) 756-2000

**LOWENSTEIN SANDLER P.C.**
Lawrence M. Rolnick
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500

*Counsel for Defendant Edward M.
Scolnick*

SO ORDERED:

March 12 , 2010

Hon. Michael A. Shipp
United States Magistrate Judge

5

## SCHEDULE A

Abernathy, Michael
Abrahamson, David
Alberti, Peter
Anstice, David
Barr, Eliav
Baumgartner, Susan
Binkowitz, Bruce
Blake, Mary Elizabeth
Block, Gilbert
Braunstein, Ned
Cannell, Thomas
Cannuscio, Carolyn
Curfman, Gregory
Demopoulos, Laura
DiBattiste, Peter
Dixon, Wendy
Dunn, James
Ehrich, Elliot William
Epstein, Stephen
Fries, James
Gertz, Barry
Gilmartin, Raymond
Graham, David
Kim, Peter
McKines, Charlotte
Morrison, Briggs
Musliner, Thomas
Neuwelt, Michael
Ng, Jennifer St. Louis
Nies, Alan
Quan, Hui
Reicin, Alise
Scolnick, Edward
Shapiro, Deborah
Sherwood, Louis
Simon, Thomas
Topol, Eric
Watson, Douglas
Weiner, Jan
Westrick, Ellen