# Exhibit C



**FILED**
May 16 2005
2:46PM

MAY 16 2005

**CAROL E. HIGBEE, J.S.C.**

LAW OFFICES
**DECHERT LLP**
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PRINCETON PIKE CORPORATE CENTER
(MAIL TO)       P.O. BOX 5218, PRINCETON, NEW JERSEY 08543-5218
(DELIVER TO)    997 LENOX DRIVE, BUILDING THREE, SUITE 210
                LAWRENCEVILLE, NEW JERSEY 08648
                (609) 620-3200

**HUGHES HUBBARD & REED LLP**
A NEW YORK LIMITED LIABILITY PARTNERSHIP
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3918
(201) 536-9220
ATTORNEYS FOR DEFENDANT MERCK & CO., INC.

|  |  |
|---|---|
| In Re: VIOXX® LITIGATION | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ATLANTIC COUNTY |
|  | CIVIL ACTION |
| APPLICABLE TO ALL CASES | Case Code No. 619 |
|  | **ORDER REGARDING DEPOSITIONS OF MERCK CORPORATE WITNESSES** |

This matter having been brought before the Court by counsel on behalf of defendant Merck & Co., Inc. ("Merck") and counsel for plaintiffs and defendant having been present,

It is on this 16th day of May, 2005 ORDERED as follows:

**I.   Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both the scheduling and conduct of depositions.

**II.   Attendance**

(a)   <u>Who May Be Present</u>. Unless otherwise ordered under R. 4:10-3, depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, counsel for the deponent, and experts or

consultants, provided that each of these individuals has either signed or is subject to this Court's December 16, 2004 Amended Stipulation and Protective Order Regarding Confidential Information and any and all other applicable Protective Orders. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence.

(b) <u>Unnecessary Attendance</u>. Unnecessary attendance by counsel is discouraged.

(c) <u>Notice of Intent to Attend a Deposition</u>. In order for counsel to make arrangements for adequate deposition space and to alert appropriate building security personnel, counsel who intend to attend a deposition noticed in this action should advise the law firm defending the deposition not fewer than twenty-four (24) hours prior to the deposition, whenever feasible.

### III. CONDUCT

(a) <u>Examination</u>. Questioning of a deponent should be limited to no more than two (2) attorneys for the New Jersey <u>In Re: VIOXX® Litigation</u>, designated by plaintiffs' liaison counsel, and two (2) attorneys for defendant. Questioning by the two (2) attorneys shall not be repetitive. Counsel for plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with plaintiffs' liaison counsel, may examine a deponent limited to matters not previously covered.

(b) <u>Duration</u>. Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness.

(c) <u>Cross-Noticing</u>. Any deposition in this litigation may be cross-noticed by any party in any VIOXX® -related action pending in other jurisdictions. Each deposition notice shall include

2

M000B91606

the name, address and telephone number of the primary examiner designated by the party noticing the deposition and the date, time and place of the deposition.

(d) <u>Postponements</u>. Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the primary examiner designated by the party noticing the deposition and the law firm defending the deposition of the witness or by leave of Court for good cause.

(e) <u>Avoidance of Duplicative Depositions.</u> As a general rule, no witness should be deposed on the same subject more than once in the New Jersey <u>In Re: VIOXX® Litigation</u>. If a party seeks to take a second deposition of a witness, it shall provide the opposing party its basis for an exception to this rule along with a list of the subject matters as to which interrogation is sought. Second depositions on new subject matter shall be permitted only by consent of the parties or upon order of this Court authorizing such deposition based upon a showing of good cause.

## IV. READING AND SIGNING

(a) Unless waived by stipulation of the parties or the witness, all witnesses shall have the right to read and sign the deposition transcript regardless of whether a certified shorthand reporter is used for the taking of the deposition. The witness shall read and sign the deposition transcript and serve any errata sheet making any changes to the form or substance of the transcript on the attorneys who interrogated the witness and the court reporter within 30 days of receipt of a final transcript by the attorney who defended the deposition.

(b) If the witness deposed was not represented by counsel at the deposition, the attorney who noticed the deposition shall send a copy of the transcript to the witness and copy all

3

M000B91607

counsel who attended the deposition on the cover letter forwarding the transcript to the witness. The witness shall have 30 days from the date of the cover letter to read, sign and serve any errata sheet on the attorney who noticed the deposition and that attorney shall promptly notify all counsel and the court reporter of receipt of any errata sheet. In the cover letter, the witness shall be advised that failure to make any corrections to the form or substance of the transcript and to return a signed and notarized transcript and errata sheet within 30 days shall be deemed a waiver of the right to do same and the deposition shall be deemed to be an accurate representation of the deposition.

_____
Honorable Carol E. Higbee, J.S.C.

M000B91608