MARTIN L. PERSCHETZ
martin.perschetz@srz.com
SUNG-HEE SUH
sung-hee.suh@srz.com
WILLIAM H. GUSSMAN, JR.
bill.gussman@srz.com
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, New York  10022
Tel: (212) 756-2000

LAWRENCE M. ROLNICK
lrolnick@lowenstein.com
SHEILA A. SADIGHI
ssadighi@lowenstein.com
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey  07068
Tel: (973) 597-2500

*Attorneys for Defendant Dr. Edward M. Scolnick*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO:<br><br>THE CONSOLIDATED SECURITIES ACTION | Case No. 2:05-CV-01151-SRC-CLW<br>Case No. 2:05-CV-02367-SRC-CLW<br><br>(Document Electronically Filed) |

**DR. EDWARD M. SCOLNICK'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS
REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS .............................................................................................................. 2

ARGUMENT .................................................................................................................................... 4

    I.    Class Certification Should Be Denied Because Plaintiffs Cannot Establish the Requirements of Rule 23 as to the § 20A Claim ............................................................. 4

        A.    MPERS Lacks Standing to Bring a § 20A Claim Against Dr. Scolnick ................ 6

        B.    MPERS Does Not Satisfy the "Typicality" Requirement of Rule 23(a) ................ 9

        C.    MPERS Does Not Satisfy the "Adequacy" Requirement of Rule 23(a) .............. 10

CONCLUSION ............................................................................................................................... 11

**TABLE OF AUTHORITIES**

**CASES**                                                                                           **PAGE(S)**

*In re Able Labs. Sec. Litig.*,
   Civil Action No. 05-2681, 2008 WL 1967509 (D.N.J. March 24, 2008) ................................. 7

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ........................................................................................... 4, 10

*In re AST Research Sec. Litig.*,
   887 F. Supp. 231 (C.D. Cal. 1995) ........................................................................ 6-7

*Barnes v. Am. Tobacco Co.*,
   161 F.3d 127 (3d Cir. 1998) ................................................................................. 9, 10

*Behrend v. Comcast Corp.*,
   655 F.3d 182 (3d Cir. 2011) ................................................................................. 4-5

*Buban v. O'Brien*,
   No. 94-0331, 1994 WL 324093 (N.D. Cal. June 22, 1994) ........................................ 2, 6-7, 8

*In re Cell Therapeutics, Inc. Class Action Litig.*,
   No. 2:10-cv-414, 2011 WL 444676 (W.D. Wash. Feb. 4, 2011) ................................. 7

*Chester Upland Sch. Dist. v. Pennsylvania*,
   Civil Action No. 12-132, 2012 WL 1473969 (E.D. Pa. Apr. 25, 2012) ........................ 10

*Coffin v. Bowater Inc.*,
   228 F.R.D. 397 (D. Me. 2005) .............................................................................. 5

*In re Cypress Semiconductors Sec. Litig.*,
   No. C-92-20048, 1994 WL 669856 (N.D. Cal. Nov. 29, 1994) ................................. 10

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985) ................................................................................. 9-10

*In re Fed. Nat'l Mortg. Ass'n Sec. Derivative & "ERISA" Litig.*,
   503 F. Supp. 2d 25 (D.D.C. 2007) ........................................................................ 7-8

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*,
   Civil Action No. 03-4558, MDL No. 1687, 2012 WL 379944 (D.N.J. Feb. 6, 2012) ....... 5

*Hassine v. Jeffes*,
   846 F.2d 169 (3d Cir. 1988) ................................................................................. 9

*In re Hydrogen Peroxide Antitrust Litig.*,
    552 F.3d 305 (3d Cir. 2008) ............................................................................................... 4-5

*McNair v. Synapse Grp. Inc.*,
    672 F.3d 213 (3d Cir. 2012) ............................................................................................... 9-10

*In re Microstrategy, Inc. Sec. Litig.*,
    115 F. Supp. 2d 620 (E.D. Va. 2000) ....................................................................................... 6

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) ................................................................................................. 6, 7

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) ............................................................................................... 9-10

*Piazza v. Ebsco Indus., Inc.*,
    273 F.3d 1341 (11th Cir. 2001) ........................................................................................... 9-10

*Prado-Steiman ex rel. Prado v. Bush*,
    221 F.3d 1266 (11th Cir. 2000) ............................................................................................. 10

*Westways World Travel, Inc. v. AMR Corp.*,
    218 F.R.D. 223 (C.D. Cal. 2003) ........................................................................................... 10

## FEDERAL RULES AND STATUTES

Fed R. Civ. P. 23 ............................................................................................................. 4-5

Fed R. Civ. P. 23(a) ..................................................................................................... 2, 4-6

Fed R. Civ. P. 23(a)(3) ....................................................................................................... 9

Fed R. Civ. P. 23(a)(4) ..................................................................................................... 10

Fed R. Civ. P. 23(b) ........................................................................................................ 4-5

Fed R. Civ. P. 23(b)(2) ....................................................................................................... 9

Fed. R. Civ. P. 23(b)(3) ...................................................................................................... 4

Securities Exchange Act of 1934, Section 20A, 15 U.S.C. § 78t-1(a) .................................. *passim*

## OTHER AUTHORITIES

H.R. Rep. No. 100-910 (1988) *as reprinted in* 1988 U.S.C.C.A.N. 6043, 6064 ............................ 6

Defendant Dr. Edward M. Scolnick respectfully submits this Memorandum of Law in Support of His Opposition to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel ("Plaintiffs' Motion" or "Mot."). In addition to the arguments set forth herein, Dr. Scolnick hereby joins in, adopts, and incorporates the arguments contained in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel, dated August 13, 2012, filed by Merck & Co., Inc. ("Merck"), *et al.* (the "Merck Opposition").

## PRELIMINARY STATEMENT

Plaintiffs seek certification of a single class consisting of "[a]ll persons and entities who, from May 21, 1999 to September 29, 2004 . . . purchased or otherwise acquired Merck & Co., Inc. ('Merck') common stock or call options, or sold Merck put options, and were damaged thereby (the 'Class')." Among the claims for which Plaintiffs seek class certification is an "insider trading" claim asserted solely by Plaintiff Public Employees' Retirement System of Mississippi ("MPERS") against Dr. Scolnick, pursuant to § 20A of the Securities Exchange Act of 1934.

Class certification should be denied as to the § 20A claim because MPERS, the only proposed class representative that has alleged a § 20A insider trading claim against Dr. Scolnick, does not have standing to bring such a claim because MPERS did not trade "contemporaneously" with Dr. Scolnick. The record establishes that MPERS and Dr. Scolnick were not counterparties to any trades in Merck common stock during the proposed class period. On the only day on which they both traded:

- Dr. Scolnick sold Merck stock for $85 per share; whereas MPERS purchased Merck stock for $86.9304 per share; and

1

- Dr. Scolnick sold Merck stock in three separate transactions of 600, 600, and 200,000 shares, respectively; whereas MPERS purchased 15,600 shares of Merck stock in a single transaction.

For these reasons, MPERS cannot show that it traded "contemporaneously" with Dr. Scolnick—a requirement for bringing a claim under § 20A. The contemporaneity requirement is a proxy for traditional privity, intended to "limit[] recovery to those plaintiffs who *might conceivably have traded at an informational disadvantage with defendant.*" *Buban v. O'Brien,* No. 94–0331, 1994 WL 324093, at *4 (N.D. Cal. June 22, 1994) (emphasis added). MPERS could not possibly have traded "with" Dr. Scolnick because MPERS' only trade on October 25, 2000 was at a different price and for a different quantity of shares than any of Dr. Scolnick's trades; therefore, MPERS does not have standing to assert a § 20A claim against him.

Because MPERS does not have standing to bring a § 20A claim against Dr. Scolnick, Plaintiffs cannot meet either the typicality or adequacy of representation requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Therefore, certification of the proposed class should be denied.

## STATEMENT OF FACTS[1]

On February 6, 2009, court-appointed lead plaintiffs MPERS, Steven LeVan, Jerome Haber, and Richard Reynolds (collectively, "Lead Plaintiffs"), and named plaintiffs Rhoda Kanter and Park East, Inc. (together, with Lead Plaintiffs, the "Plaintiffs") filed the Corrected Consolidated Fifth Amended Class Action Complaint (the "Complaint" or "Compl.") alleging violations of federal securities laws by Merck and certain current and former officers

---

[1] Dr. Scolnick also adopts the statement of facts in the Merck Opposition. The following is a summary of only those facts that bear specifically on this opposition brief.

and directors of Merck. Dr. Scolnick[2] was among those named in the Complaint, which included a § 20A insider trading claim asserted only by Plaintiff MPERS against Dr. Scolnick. (Compl. ¶¶ 447-454.) On April 10, 2012, Plaintiffs[3] filed the present motion for class certification as to all claims not previously dismissed by the Court, including the § 20A insider trading claim alleged as to Dr. Scolnick by MPERS. (Mot. at 8.)

**The October 25, 2000 Trades**

MPERS bases its § 20A claim on the purchase of Merck common stock it made on October 25, 2000. As MPERS has certified, it made only a single trade in Merck stock on that day,[4] purchasing 15,600 shares at $86.9304 per share. (*Id.*; Ex. 2.) MPERS' Chief Investment Officer confirmed that the price of *each* of the 15,600 shares of Merck stock purchased on that day was $86.9304. (Ex. 3 at 188:23-189:9; 189:18-190:3.) Further, Eileen Cohen, managing director of JP Morgan Investment Management, Inc. ("JP Morgan"), MPERS' investment manager, identified the MPERS October 25, 2000 transaction as a "block trade," and explained that block trade purchases—such as MPERS' October 25, 2000 purchase of 15,600 shares—were "single purchase transaction[s]." (Ex. 4 at 76:23-78:10; 98:17-22; *see also* Ex. 5.)

---

[2] During a portion of the alleged class period, Dr. Scolnick was the President of Merck Research Laboratories, Merck's Executive Vice President for Science and Technology, and was a member of Merck's management committee. (Compl. ¶ 32(a).)

[3] Park East Inc. did not join Plaintiffs' Motion.

[4] The certification filed by MPERS identifies each and every transaction executed on a single day (*see, e.g.*, two separate purchases of Merck stock reflected on July 3, 2000). If MPERS had executed multiple trades on October 25, 2000, each of those transactions would have been reflected separately on the MPERS certification. (Ex. 1.)

Citations in the form "Ex. __" refer to Exhibits attached to the Certification of Sheila A. Sadighi in Support of Dr. Edward M. Scolnick's Memorandum Of Law In Opposition To Plaintiffs' Motion For Class Certification, Appointment Of Class Representatives, And Appointment Of Class Counsel.

As the Complaint alleges, and the SEC filings confirm, on October 25, 2000 Dr. Scolnick exercised options to purchase shares of Merck stock and then sold those shares on the same day. Dr. Scolnick's sales were all executed at exactly $85 per share. (Compl. ¶ 397.) SEC filings indicate that Dr. Scolnick sold his Merck stock in three separate transactions of 600, 600, and 200,000 shares each and that his wife sold 180,000 shares in a fourth transaction. (Exs. 6, 7.)[5]

## ARGUMENT

### I. Class Certification Should Be Denied Because Plaintiffs Cannot Establish the Requirements of Rule 23 as to the § 20A Claim

For a case to be certified as a class action, Plaintiffs are required to establish all four threshold requirements of Rule 23(a): "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact are common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class'.)" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).[6]

In ruling on a motion for class certification, the district court must engage in a rigorous analysis of the evidence and arguments to determine whether all of the requirements of Rule 23(a) and (b) have been met. *Behrend v. Comcast Corp.*, 655 F.3d 182, 190 (3d Cir. 2011);

---

[5] We note that the Complaint incorrectly alleges that Dr. Scolnick sold 381,200 shares on October 25, 2000—inappropriately conflating his sales with those of his wife. This pleading mistake, however, is not relevant here, as all trades were at different prices and in different amounts than the MPERS trade.

[6] Plaintiffs must also satisfy one of the three requirements of Rule 23(b). In this case, Plaintiffs seek certification under Rule 23(b)(3), which requires that "questions of law or fact common to members of the class *predominate* over any questions affecting only individual members, and that a class is *superior* to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs fail to meet the predominance requirement for the reasons set forth in the Merck Opposition.

*In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008) ("[T]o certify a class the district court must find that the evidence more likely than not establishes each fact necessary to meet the requirements of Rule 23."). In this regard, the Third Circuit has provided guidance for district courts stating that "the requirements set out in Rule 23 are not mere pleading rules." *Id.* at 316. Quite the contrary, a class certification decision "calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met," and "the court must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits—including disputes touching on elements of the cause of action." *Id.* at 307; *In re Ford Motor Co. E-350 Van Prods. Liab. Litig.*, Civil Action No. 03-4558, MDL No. 1687, 2012 WL 379944, at *6 (D.N.J. Feb. 6, 2012). Therefore, "[t]he court may delve beyond the pleadings to determine whether the requirements for class certification are satisfied." *Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 316 (internal quotation marks and citations omitted).

Here, certification of the proposed class should be denied as Plaintiffs have not demonstrated that the § 20A claim is appropriate for class treatment. It is Plaintiffs' burden to show how each of the requirements of Rule 23 have been met with respect to *each* of the particular claims alleged. *Coffin v. Bowater Inc.*, 228 F.R.D. 397, 402 (D. Me. 2005) ("Plaintiffs must satisfy the requirements of Rule 23 for each claim they seek to have certified."). Plaintiffs' Motion does not contain even one sentence explaining how the requirements of Rule 23 have been satisfied as to the § 20A claim. For that reason alone, the Court should decline to certify a class with respect to the § 20A claim.

In fact, as set forth below, MPERS—the only proposed class representative to assert the § 20A claim—does not have standing to bring a § 20A claim against Dr. Scolnick, and

therefore, plainly cannot satisfy the typicality or adequacy of representation requirements for class certification under Rule 23(a).

### A. MPERS Lacks Standing to Bring a § 20A Claim Against Dr. Scolnick

To have standing under § 20A, a plaintiff must have traded "contemporaneously" with the defendant.[7]  15 U.S.C. § 78t-1(a); *see also Neubronner v. Milken,* 6 F.3d 666, 670 (9th Cir. 1993); *Buban v. O'Brien,* No. 94–0331, 1994 WL 324093, at *2-*4 (N.D. Cal. June 22, 1994).  Because § 20A does not define the contemporaneity requirement, courts have been left to resolve the issue on a case-by-case basis.[8]  As one court has observed, however, the "modern realities of the securities markets support an increasingly strict application of contemporaneity." *See In re Microstrategy, Inc. Sec. Litig.,* 115 F. Supp. 2d 620, 663 (E.D. Va. 2000) (citing the dynamic nature of the securities market, high daily trading volumes, and the danger of making the insider liable to all the world as justification for narrow interpretation of contemporaneity requirement).  Indeed, the trend among district courts in a number of circuits has been to "adopt a restrictive reading of the term 'contemporaneous' at least with respect to shares heavily traded

---

[7]  Section 20A provides, in part, that:

> Any person who violates any provision of this chapter or the rules or regulations thereunder by purchasing or selling a security while in possession of material, nonpublic information shall be liable in an action in any court of competent jurisdiction to any person who, contemporaneously with the purchase or sale of securities that is the subject of such violation has purchased (where such violation is based on a sale of securities) or sold (where such violation is based on a purchase of securities) securities of the same class.  15 U.S.C. § 78t-1(a).

[8]  In fact, Congress specifically contemplated a case-by-case approach to defining the term "contemporaneous."  H.R.Rep. No. 100–910, at 27 (1988) *as reprinted in* 1988 U.S.C.C.A.N. 6043, 6064 ("The bill does not define the term 'contemporaneous,' which has developed through case law.").

6

on a national exchange." *In re AST Research Sec. Litig.,* 887 F. Supp. 231, 234 (C.D. Cal. 1995).[9]

The rationale for the contemporaneity requirement is that it serves as a proxy for the traditional requirement of privity between plaintiffs and defendants. *In re Able Labs. Sec. Litig.,* Civil Action No. 05-2681, 2008 WL 1967509, *27 (D.N.J. March 24, 2008) (citations omitted). As explained by the court in *Buban v. O'Brien:*

> The [contemporaneity] requirement was intended to preserve the notion that only plaintiffs who were harmed by the insider could bring suit, while nonetheless making it possible for such persons to bring suit. While an actual trade between plaintiff and defendant need not be expressly shown, harm to the plaintiff is a necessary factor. *Such harm may be found where it appears the plaintiff might, in fact, have traded with the defendant.*

1994 WL 324093, at *3 (emphasis added); *see also, Neubronner v. Milken*, 6 F.3d at 670 ("[T]he contemporaneous trading rule ensures that only private parties who have traded with someone who had an unfair advantage will be able to maintain insider trading claims.").

Given this rationale, "courts have rejected [§ 20A] claims where it is apparent that the parties could not have actually traded with each other." *In re Fed. Nat'l Mortg. Ass'n Sec. Derivative & "ERISA" Litig.,* 503 F. Supp. 2d 25, 46 (D.D.C. 2007); *see Buban v. O'Brien,* No.

---

[9] The Third Circuit has not yet considered what constitutes "contemporaneous" trading for purposes of § 20A. Courts elsewhere considering the issue have reached various conclusions with respect to the bounds of contemporaneity. *See, e.g., In re Able Labs. Sec. Litigation,* Civil Action No. 05-2681, 2008 WL 1967509, *27 (D.N.J. March 24, 2008) (allegations of trading on same day sufficient for pleading purposes); *In re Cell Therapeutics, Inc. Class Action Litig.,* 2:10-CV-414, 2011 WL 444676 (W.D. Wash. Feb. 4, 2011) (under certain circumstances trading within two business days sufficient). For the reasons set forth herein, in order to adhere to the purpose of the contemporaneity requirement and consistent with the trend in case law, the Court should hold that contemporaneity cannot be established where the facts show that the plaintiff and § 20A defendant could not possibly have traded with each other, even if they traded on the same day. The Court need not reach the issue of whether it is sufficient for § 20A *pleading* purposes to allege trading on the same day. Here, the parties have the benefit of discovery showing that MPERS and Dr. Scolnick did not trade with each other.

94–0331, 1994 WL 324093, at *2-*4 (N.D. Cal. June 22, 1994) (court dismissed § 20A claim as it was "manifest that plaintiff could not have traded with defendant").

In short, both the logic behind the contemporaneity requirement and the case law points to the common sense conclusion that where it is impossible for parties to have traded with one another, § 20A's contemporaneity requirement is not met.

### 1. MPERS and Dr. Scolnick Did Not Trade Contemporaneously

The record is clear that MPERS and Dr. Scolnick could not have been counterparties to any Merck transactions during the alleged class period.

First, Dr. Scolnick and MPERS traded in Merck stock at different prices. On October 25, 2000, Dr. Scolnick sold shares of Merck stock for $85 per share, whereas MPERS—as its Chief Investment Officer confirmed—paid $86.9304 for each of its shares. (*Compare* Ex. 6 with Ex. 2 and Ex. 3 at 188:23-189:9; 189:18-190:3.)  The court in *Buban v. O'Brien* dismissed a § 20A claim for lack of contemporaneous trading where "it [was] manifest that plaintiff could not have traded with defendant" citing as evidence the fact that the parties had traded at different prices: "the purchasers of defendant's shares paid $1.50 more than did plaintiff.  Under these circumstances, where it is clear that plaintiff could not have traded with defendant, there is no reason for the Court to apply a more liberal standard to determine contemporaneousness." 1994 WL 324093, at *3.  The purchasers of Dr. Scolnick's shares paid approximately $1.93 less than MPERS and thus, MPERS could not have traded with Dr. Scolnick.

Second, the size of MPERS' single purchase of Merck stock does not correspond with any size of Merck stock sold by Dr. Scolnick, such that they could have been counterparties to a trade.  MPERS' purchase of 15,600 shares on October 25, 2000 was a "block trade," which Eileen Cohen for JP Morgan defined as "single purchase transaction[s]." (Ex. 4 at 76:23-78:10; 98:17-22; *see also* Ex. 5.)  Because Dr. Scolnick's sales on October 25 were executed in three

8

separate transactions of 600, 600 and 200,000 shares, it is quite evident that Dr. Scolnick and MPERS could not have traded with one another. (Ex. 6.)[10]

For these reasons, MPERS plainly did not trade contemporaneously with Dr. Scolnick, and thus, MPERS lacks standing to bring a § 20A claim against Dr. Scolnick.[11]

### B.     MPERS Does Not Satisfy the "Typicality" Requirement of Rule 23(a)

Rule 23(a)(3) provides that class certification is appropriate only where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3) (emphasis added). *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 141 (3d Cir. 1998) ("The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals.") (citing references omitted). In considering this requirement, courts consider whether "the named plaintiff[s'] individual circumstances are markedly different or . . . the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-184 (3d Cir. 2001) (quoting *Eisenberg v. Gagnon*, 766 F.2d 770, 786 (3d Cir.

---

[10] Further, it is also clear that Dr. Scolnick's wife, who sold 180,000 shares at $85 on October 25, 2000 did not trade with MPERS, because neither the price nor the amount matches the MPERS trade.

[11] Some courts in the Third Circuit have found that cases in which the putative class plaintiff lacks standing should simply be dismissed. *See e.g.*, *Hassine v. Jeffes*, 846 F.2d 169, 176 (3d Cir. 1988) ("Review of standing is a *threshold* inquiry, and [thus] the proper disposition of a case in which the putative class plaintiff lacks standing is to dismiss the complaint—not to deny class certification—and to avoid reaching a decision on the merits of the claims presented."); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 227 (3d Cir. 2012) ("Because Appellants lack Article III standing to seek injunctive relief, the District Court was obliged to deny class certification under Rule 23(b)(2)."). While Dr. Scolnick believes that the § 20A claim should be dismissed on summary judgment, for present purposes Dr. Scolnick merely opposes class certification of that claim.

9

1985)).  Thus, "[t]ypicality also encompasses the question of the named plaintiff's standing." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001).

Because MPERS lacks standing to assert a § 20A claim against Dr. Scolnick, it necessarily follows that the typicality requirement cannot be met.  *See McNair v. Synapse Group Inc.*, 672 F.3d at 222-23 ("It should be obvious that there cannot be adequate typicality between a class and a named representative unless the named representative has individual standing to raise the legal claims of the class.") (citing *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)); *see also*, *Chester Upland Sch. Dist. v. Pennsylvania*, Civil Action No. 12-132, 2012 WL 1473969, at *2 (E.D. Pa. Apr. 25, 2012); *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 235 (C.D. Cal. 2003) ("typicality may not be established unless the named representative has individual standing to raise the legal claims of the class.").

### C.  MPERS Does Not Satisfy the "Adequacy" Requirement of Rule 23(a)

Class representatives also must "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent."  *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 141 (3d Cir. 1998) (internal quotations and citations omitted); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997).  Because MPERS lacks standing to assert the § 20A claim, it cannot serve as an adequate representative of the proposed class.  *In re Cypress Semiconductors Sec. Litig.*, No. C-92-20048, 1994 WL 669856, at *2 (N.D. Cal. Nov. 29, 1994) (defendants argued that § 20A class should be decertified because class representative was found to lack standing to assert the claim and therefore there was no adequate representative for the claim; the court agreed and dismissed the § 20A claim).

\*   \*   \*

In sum, MPERS lacks standing to assert a § 20A claim against Dr. Scolnick and thus, has not—and cannot—demonstrate that the requirements for class certification have been met with respect to that claim.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Merck Opposition, the motion for class certification should be denied.

Dated:  Roseland, New Jersey  
        August 13, 2012

LOWENSTEIN SANDLER PC

By: s/ Sheila A. Sadighi  
    Lawrence M. Rolnick  
    Sheila A. Sadighi  
65 Livingston Avenue  
Roseland, New Jersey 07068  
973.597.2500

SCHULTE ROTH & ZABEL LLP  
Martin L. Perschetz (*admitted pro hac vice*)  
Sung-Hee Suh (*admitted pro hac vice*)  
William H. Gussman, Jr. (*admitted pro hac vice*)  
919 Third Avenue  
New York, New York 10022  
212.756.2000

*Attorneys for Defendant Dr. Edward M. Scolnick*