# Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | Case No. 3:05-CV-01151 (SRC) (MAS) <br> Case No. 3:05-CV-02367 (SRC) (MAS) |

## NOTICE OF SUBPOENA *DUCES TECUM* TO
## CORNERSTONE RESEARCH

TO: All Counsel of Record:

**PLEASE TAKE NOTICE** that pursuant to Rules 26, 34, and 45 of the Federal Rules of

Civil Procedure, Lead Plaintiffs, the Public Employees' Retirement System of Mississippi,

Steven LeVan, Jerome Haber and Richard Reynolds (collectively, "Lead Plaintiffs") will cause a

subpoena to be served on Cornerstone Research requesting the production to Plaintiffs, on or

before October 16, 2012 at 9:30 a.m., of the documents described in the attached Schedule A, at

the offices of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., 5 Becker Farm Road,

Roseland, New Jersey 07068.

Dated: October 1, 2012

BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP

Salvatore J. Graziano
William C. Fredericks
Bruce D. Bernstein
Adam H. Wierzbowski
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 554-1400
Fax: (212) 554-1444

BROWER PIVEN
  A PROFESSIONAL CORPORATION
David A.P. Brower
488 Madison Avenue, 8th Floor
New York, NY 10022
Tel.: (212) 501-9000
Fax: (212) 501-0300

STULL STULL & BRODY
Jules Brody
Mark Levine
Jason D'Agnenica
6 East 45th Street, 5th Floor
New York, NY
Tel.: (212) 687-7230
Fax: (212) 490-2022

MILBERG LLP
Richard H. Weiss
Matthew A. Kupillas
Roland W. Riggs
One Pennsylvania Plaza
New York, NY  10119-0165
Tel.:  (212) 594-5300
Fax:  (212) 868-1229

*Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I served true and correct copies of the foregoing

Notice of Subpoena Duces Tecum to Cornerstone Research by causing copies to be sent by first-

class U.S. mail, postage prepaid, and by electronic mail to:

Evan R. Chesler
Robert H. Baron
Karin A. DeMasi
Christopher Belelieu
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
echesler@cravath.com; rbaron@cravath.com; kdemasi@cravath.com; cbelelieu@cravath.com

William R. Stein
Eric S. Parnes
HUGHES HUBBARD & REED LLP
1775 I Street, NW
Washington, DC 20006-2401
stein@hugheshubbard.com; parnes@hugheshubbard.com

Martin L. Perschetz
Sung-Hee Suh
William H. Gussman, Jr.
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
martin.perschetz@srz.com; sung-hee.suh@srz.com; bill.gussman@srz.com

Lawrence M. Rolnick
Sheila A. Sadighi
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068
lrolnick@lowenstein.com; ssadighi@lowenstein.com

Dated:  October 1, 2012

Adam H. Wierzbowski

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation | ) MDL No. 1658 (SRC) |
| | ) Case No. 2:05-cv-01151-SRC-CLW |
| This Document Relates to: | ) Case No. 2:05-cv-02367-SRC-CLW |
| The Consolidated Securities Action | ) |
| | ) (If the action is pending in another district, state where: |
| | )                                                    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Cornerstone Research
     599 Lexington Avenue, New York, NY 10022-7642

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  See Schedule A attached hereto.

| Place: CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.<br>5 Becker Farm Road, Roseland, NJ 07068 | Date and Time:<br>10/16/2012 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  10/01/2012

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Lead Plaintiffs
_____ , who issues or requests this subpoena, are:

Adam Wierzbowski, Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, Adam@blbglaw.com, (212) 554-1510

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
 **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
 **(i)** fails to allow a reasonable time to comply;
 **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
 **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
 **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
 **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 **(i)** expressly make the claim; and
 **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## <u>SCHEDULE A</u>

### I.      DEFINITIONS

1.      "Action" means the consolidated securities action entitled *In re Merck & Co., Inc. Securities*, *Derivative & "ERISA" Litigation*, Nos. 05-1151, 05-2367 (D.N.J.).

2.      "Communication" and "communications" refer to any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, electronic mail or "e-mail," sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind.  The term "communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity or trade releases.

3.      "Concerning" means constituting, evidencing, reflecting, incorporating, affecting, including, or otherwise pertaining or relating to, either directly or indirectly, or being in any way logically or factually connected with, the subject matter of the documents requested.  Requests for "documents concerning" any subject matter include documents concerning communication regarding that subject matter.

4.      "Cornerstone," "You" and "Your" mean Cornerstone Research and its predecessors, successors, divisions and subsidiaries, officers, directors, employees, agents, or anyone acting or purporting to act on its behalf.

5.      "Document" and "documents" are intended to be interpreted in the broadest possible sense and include, but are not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other

record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mail, compact discs, CD-ROM discs, DVDs, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software system files, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates and securities.  The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in your possession, custody or control, or in the possession, custody or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

6.      "Including" means including, but not limited to.

7.      "Merck" means Merck & Co. Inc., including the entity known as Merck & Co., Inc. prior to its merger with Schering-Plough Corp., and its predecessors, successors, divisions and subsidiaries, officers, directors, employees, agents, or anyone acting or purporting to act on its behalf.

8.      "Person" and "persons" mean and refer to natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations and governmental agencies and other agencies.

9.      "Professor Gompers" means Paul A. Gompers, Ph.D. and any employees, agents, or any Person acting or purporting to act on his behalf.

10.     "Professor Gompers' Report" means the Expert Report of Paul A. Gompers dated August 13, 2012 submitted to the Court in the Action and includes all drafts thereof.

## II.     INSTRUCTIONS

1.      In responding to this subpoena, you shall produce all documents available at the time of responding or which can be located or discovered by reasonably diligent efforts, including documents in the possession of your agents and representatives.

2.      References to an individual, partnership, limited liability company or corporation include any and all agents, employees, representatives and attorneys thereof, and all other persons or entities acting on its behalf or under its control.

3.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its customary dictionary definition.

4.      This subpoena shall be interpreted so that (i) the terms "all" and "each" shall be construed as all and each; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the subpoena all responses that might otherwise be construed to be outside of its scope; (iii) the use of the singular form of a word includes the plural and vice versa; and (iv) a masculine or feminine pronoun shall not exclude the other gender, all to the end that the interpretation applied results in the more expansive production.

5.      If you claim any form of privilege or any other objection to the subpoena, whether based on statute, common law or otherwise as a ground for not producing any requested document,

please furnish a list identifying each document for which the privilege or other objection is claimed together with the following information: date, sender, recipient, persons to whom copies were furnished together with their job titles, subject matter, basis on which privilege or other objection is claimed and the number of each Request to which such document responds.  If you claim privilege or any other objection with regard to only part of a document, produce the part to which there is no objection.

6.      If you are aware of any documents or copy/ies thereof that may be responsive to this subpoena but that are no longer in your possession, custody or control, or have been lost or destroyed, identify each document in detail, including a statement of whether:  (a) the document is missing, lost or destroyed; (b) the document has been transferred or delivered to another person and, if so, at whose request; (c) who prepared it; (d) to whom it was prepared for and sent to; (e) when it was prepared or sent; (f) the content of the document; (g) the person who destroyed it; and (h) why it was lost or destroyed.

7.      If you understand any individual Request for Documents below to be ambiguous in any way, please provide your interpretation of the Request and specify the interpretation of such Request that you are using in responding to the Request.

8.      In making production, produce all documents as kept in the normal course of business and identify the file from which each document was taken.

9.      The document production is to consist of TIFF image files (for black and white images) or JPEG image files (for color images), searchable text, a data load file and an image load file.  Electronic spreadsheets and databases (including Microsoft Access and Excel files), as well as PowerPoint documents, should be produced in their native formats, along with the software necessary to interpret such files if such software is not readily available.  All such documents that

4

were originally in electronic format shall be accompanied by a listing of all file properties concerning such documents, including all information concerning the date(s) each document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

## III.   TIME PERIOD FOR DOCUMENTS REQUESTED

Unless otherwise stated, the time period to which this subpoena refers is from the commencement of any employment, consulting, independent contractor or other relationship between Cornerstone Research ("Cornerstone") and Professor Paul A. Gompers, Ph.D. that involved the payment of consideration from Cornerstone to Professor Gompers, through the date of production ("Relevant Time Period").  If a document prepared before this time period is necessary for a correct or complete understanding of any document covered by a specific request for documents below, Cornerstone must produce such earlier document as well.  If any document responsive to the below requests is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to this subpoena.

## IV.   DOCUMENTS REQUESTED

REQUEST NO. 1:

All documents concerning any fee agreements between Cornerstone and Professor Gompers related to the Action, including any communications concerning such fee agreements.

REQUEST NO. 2:

All documents concerning any fee agreements between Merck and Cornerstone related to the Action, including any communications concerning such fee agreements.

REQUEST NO. 3:

All documents concerning any payments that Professor Gompers received, or expects to receive, from Cornerstone during the Relevant Time Period, the engagements or other responsibilities to which such payments related, and the methodology pursuant to which such

payments were determined or made, including, without limitation, all documents concerning whether any payments from Cornerstone to Professor Gompers, or from Cornerstone's clients to Cornerstone or Professor Gompers, included any payments based at least in part on the client's success in a matter.

REQUEST NO. 4:

All documents concerning any compensation that Professor Gompers will or may receive from Cornerstone in connection with the Action, and the manner in which that compensation has been, or will be determined, including any invoices or descriptions of services that Professor Gompers has provided to Cornerstone or Merck to date.

REQUEST NO. 5:

All documents concerning any compensation that Professor Gompers will or may receive from Cornerstone in connection with work performed in connection with Professor Gompers' Report, including any bonus payments from Cornerstone to Professor Gompers, and the manner in which that compensation, has been, or will be calculated.

REQUEST NO. 6:

All documents concerning any instances in which a Court has reviewed or considered an expert's compensation, or fee arrangement, with Cornerstone or the manner in which the expert did or did not disclose it, including any instances in which a Court disqualified or criticized an expert (or part of his or her opinion(s)) related to such a fee arrangement or its disclosure or non-disclosure.

REQUEST NO. 7:

All documents concerning all documents or other materials, including data, considered, consulted or relied on by Cornerstone in performing its analyses related to Professor Gompers' Report.

<u>REQUEST NO. 8</u>:

All documents concerning any compensation paid, or to be paid, for any services or work performed by persons or entities other than Cornerstone or Cornerstone employees in connection with preparation of Professor Gompers' Report.

#677352-v5