# CRAVATH, SWAINE & MOORE LLP

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER

DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1422

DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK

LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL

PAUL C. SAUNDERS

October 12, 2012

*In re Merck & Co., Inc. Securities, Derivative & ERISA Litigation*
The Consolidated Securities Action, No. 05-CV-02367

Dear Magistrate Judge Waldor:

      We represent Defendants (other than Dr. Scolnick) in the above-captioned action and write to request that this Court stay its October 5, 2012 ruling requiring Merck to produce privileged materials that Merck provided to the government pursuant to a confidentiality and non-waiver agreement, pending review by Judge Chesler of Defendants' appeal of that ruling. We have conferred with Plaintiffs' counsel and requested that they consent to the stay sought herein; Plaintiffs' counsel has declined to consent.

      In the Letter Opinion issued October 5, 2012 (the "Letter Opinion"), this Court ruled that "because Merck voluntarily disclosed [privileged] materials to the government," the privilege was waived despite that those materials were provided to the government pursuant to an express confidentiality and non-waiver agreement. (Ltr. Op. at 5, ECF No. 405.) Defendants intend to file, not later than October 22, 2012, an appeal of that ruling pursuant to Local Rule 72.1(c)(1). For the reasons set forth below, Defendants respectfully request that this Court's ruling be stayed pending Judge Chesler's ruling on Defendants' appeal.

      *First*, if Defendants were required immediately to produce the privileged materials at issue in the Letter Opinion, Defendants' appeal of the ruling, as expressly authorized by Local Rule 72.1, would become moot. As the Court of Appeals for the Third Circuit has recognized, compliance with an order compelling the disclosure of privileged material "destroys the right sought to be protected" and leaves the disclosing party with "no adequate, alternative procedure for review." *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 591 (3d Cir. 1984). As such, courts regularly stay discovery orders pending appeal when the production of privileged material has been ordered. *See, e.g., Ehleiter v. Evanston Ins. Co.*, No. 2006-CV-0026, 2008 WL 2074105, at *1 (D.V.I. May 14, 2008) (staying order compelling production of privileged materials pending appeal to district judge because "production of the documents at issue in

advance of resolution of Defendant's appeal would effectively deny any protection that might be afforded in the event Defendant's appeal is granted"), *recons. denied*, 2008 WL 2329531 (D.V.I. June 3, 2008); *Kaminski v. First Union Corp.*, No. 98-CV-1623, 2001 WL 854594, at *1 (E.D. Pa. July 16, 2001) (staying order compelling production of privileged materials pending appeal to Third Circuit because "compelled production of purportedly privileged documents . . . would evade meaningful review absent an immediate appeal"). Here, the materials that Merck produced to the government reflect highly confidential attorney-client communications, the premature disclosure of which would effectively vitiate the privilege Defendants are seeking to protect through their appeal.

*Second*, this Court's privilege ruling extended the Third Circuit's holding in *Westinghouse Electric Corp. v. Republic of the Philippines*, 951 F.2d 1414 (3d Cir. 1991), to a set of facts that was not before the Third Circuit in that case and which no lower court within this Circuit has previously considered. This Court thus became the first court in the Third Circuit to rule on the question of whether the privilege is preserved when privileged materials are provided to the government pursuant to a confidentiality and non-waiver agreement. Courts outside this Circuit, by contrast, have addressed this question and have repeatedly concluded that under such circumstances the privilege is indeed preserved. *See, e.g., Police and Fire Ret. Sys. of the City of Detroit v. SafeNet, Inc.*, No. 06 Civ. 5797, 2010 WL 935317, at *1-2 (S.D.N.Y. Mar. 12, 2010) (upholding privilege where disclosure to government had been made pursuant to confidentiality agreement with "non-waiver provision" that preserved privilege claims against subsequent third party private litigants); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 244 F.R.D. 412, 433 (N.D. Ill. 2006) (same); *United States v. Wilson*, 493 F. Supp. 2d 348, 362-63 (E.D.N.Y. 2006) (same); *In re M & L Bus. Mach. Co., Inc. v. Bank of Boulder*, 161 B.R. 689, 696 (D. Colo. 1993) (same). Thus, given the uncertain state of Third Circuit law on this issue, it would be premature to compel Merck to begin producing its privileged documents without having had the opportunity to obtain review pursuant to Local Rule 72.1 of this Court's ruling on this issue of first impression in this Circuit.

*Third*, Defendants are currently reviewing for responsiveness to Plaintiffs' document requests the privileged materials at issue in the Letter Opinion, and Defendants will not suspend their review of these materials in the event that their application for a stay is granted. Thus, while a stay of this Court's ruling is necessary to permit review of that ruling, Defendants will be in a position to produce the documents at issue without delay if this Court's ruling is ultimately affirmed.

    Defendants therefore respectfully request that this Court's October 5, 2012 ruling to produce privileged materials that Merck provided to the government pursuant to a confidentiality and non-waiver agreement be stayed pending review of that ruling by Judge Chesler pursuant to Local Rule 72.1.

                Respectfully submitted,

                Robert H. Baron

Honorable Cathy L. Waldor, U.S.M.J.
 United States District Court
  District of New Jersey
   Martin Luther King, Jr. Federal Building
   & U.S. Courthouse
    50 Walnut Street
     Newark, NJ 07101

VIA ELECTRONIC FILING

Copies to:

David A. P. Brower, Esq.
 Brower Piven
  A Professional Corporation
   488 Madison Avenue, Eighth Floor
    New York, New York 10022

Salvatore J. Graziano, Esq.
 Bernstein Litowitz Berger & Grossmann LLP
  1285 Avenue of the Americas
   New York, NY 10019

Mark Levine, Esq.
 Stull, Stull & Brody
  6 East 45th Street, 5th Floor
   New York, NY 10017

Richard H. Weiss, Esq.
 Milberg LLP
  One Pennsylvania Plaza
   New York, NY 10119

Paul B. Brickfield, Esq.
   Brickfield & Donahue
      70 Grand Avenue
         River Edge, NJ 07661

James E. Cecchi, Esq.
   Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein
      5 Becker Farm Road
         Roseland, NJ 07068

Alfred C. Decotiis, Esq.
   Decotiis, Fitzpatrick & Cole LLP
      Glenpointe Centre West
         500 Frank W. Burr Boulevard
            Teaneck, NJ 07666

Geoffrey C. Jarvis, Esq.
   Grant & Eisenhofer P.A.
      485 Lexington Avenue, 29th Floor
         New York, NY 10017

John A. Kehoe, Esq.
   Kessler Topaz Meltzer & Check LLP
      280 King of Prussia Road
         Radnor, PA 19087

William H. Gussman, Jr., Esq.
   Schulte Roth & Zabel LLP
      919 Third Avenue
         New York, NY 10022

Eric S. Parnes, Esq.
   Hughes Hubbard & Reed LLP
      1775 I Street, NW
         Washington, DC 20006

VIA EMAIL PDF