# Exhibit B

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
### ATTORNEYS AT LAW
NEW YORK • CALIFORNIA • LOUISIANA

ADAM WIERZBOWSKI
Adam@blbglaw.com
212-554-1510

September 14, 2012

**By E-mail**

Christopher D. Belelieu, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

    Re:    *In re Merck & Co., Inc. Secs. Litig.*, No. 05-2367 (D.N.J.)

Dear Christopher:

    We write concerning certain issues that were raised during Professor Gompers' deposition this past Tuesday.

    Professor Gompers testified that Cornerstone Research ("Cornerstone") assisted him in drafting his report in this case, including by, among other things, performing the analyses in the exhibits to his report and providing him with comments on the draft. According to Professor Gompers, he has worked with Cornerstone for approximately ten years, and he has received a check from Cornerstone every year for at least the past four or five years in the amount of approximately $100,000 to $250,000, which relates at least in part to work he performed on cases with Cornerstone. In other words, while Professor Gompers stated in his report that his rate for his work in this case is $850 per hour and that Cornerstone provides him with "periodic compensation," he will receive an additional payment from Cornerstone in April 2013 related to his work in this case that is not specified in his report.

    The record is also unclear as to whether any portion of Professor Gompers' additional compensation from Cornerstone will be based on an agreement between Merck and Cornerstone to make an incentive payment to Cornerstone based on Professor Gompers' and/or Cornerstone's testimony in this case or what the methodology is to determine that additional (and substantial) payment to Professor Gompers. Professor Gompers testified that he has never seen the retainer agreement between Defendants and Cornerstone in this case, and that he would not know if part of his additional payment next year is or is not based in part on a fee that Cornerstone may receive from Merck for his time spent on this case or his testimony here or the methodology used to determine that payment. He also testified that he has not yet been paid for his work for Defendants in this case to date.



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Christopher D Belelieu, Esq.
September 14, 2012
Page 2

      Defendants and Professor Gompers have thus not complied with Federal Rule of Civil Procedure 26(a)(2)(B)(vi), which requires that when a party submits an expert report that it contain "a statement of the compensation to be paid [to the expert] for the study and testimony in the case." We accordingly request that Defendants produce to Plaintiffs all documents concerning:

- The amounts of additional payments that Professor Gompers has received annually (or otherwise) from Cornerstone during the entire time period in which they have worked together, the engagements to which such compensation related, and the methodology by which such payments were awarded (including documents concerning whether any such engagements involved payments from Cornerstone or the clients of any bonuses or additional fees based at least in part on the client's success in the matters);

- The amount of compensation Professor Gompers will receive from Cornerstone in connection with this case and the manner in which that compensation will be calculated;

- All fee agreements between Cornerstone and Professor Gompers related to this case;

- All fee agreements between Merck and Cornerstone related to this case, including any communications concerning such fee agreements;

- All instances in which a court has disqualified or criticized an expert (or part of his or her opinion(s)) related to the nature of the expert's fee arrangement with Cornerstone or the expert's failure to fully disclose it; and

- All materials, including data, considered, consulted or relied on by Cornerstone in performing its analyses related to Professor Gompers' report, including those related to the specific topics in our August 16, 2012 letter to you.

      Please produce the responsive documents to Plaintiffs within one week. In addition, in light of our need to explore the nature of the compensation arrangements between Merck, Cornerstone and Professor Gompers, we request that Defendants make a representative of Cornerstone knowledgeable about such arrangements available for deposition at least one week prior to the deadline for submission of Plaintiffs' reply brief in further support of their motion for class certification. We understand that at least one court has struck an expert who had the same compensation arrangement with Cornerstone in the past.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Christopher D Belelieu, Esq.
September 14, 2012
Page 3

      It has also come to our attention that Dr. Tabak's deposition transcript lists Ms. Iris Jiang from Cornerstone as having been present during Dr. Tabak's testimony. Please clarify if Ms. Jiang was physically present in the room during the testimony or if she was present by phone or some other means. Ms. Jiang's presence at the deposition is not announced in the text of the transcript.

      We look forward to your prompt response.

                            Sincerely,

                            Adam Wierzbowski

cc:    William H. Gussman, Esq.
       David A.P. Brower, Esq.
       Richard H. Weiss, Esq.
       Mark Levine, Esq.