# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x
IN RE MERCK & CO., INC., SECURITIES,        MDL No. 1658 (SRC)
DERIVATIVE & "ERISA" LITIGATION,            Case No. 2:05-cv-01151-SRC-CLW
                                            Case No. 2:05-cv-02367-SRC-CLW


-----------------------------------------------------------------x

## RESPONSES AND OBJECTIONS BY NON-PARTY CORNERSTONE RESEARCH, INC. TO SUBPOENA DATED OCTOBER 1, 2012

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Cornerstone Research, Inc. ("Cornerstone") responds as follows to the document subpoena dated October 1, 2012 (the "Subpoena") served on it by Lead Plaintiffs. Cornerstone is available to meet and confer with respect to the following objections should counsel for Plaintiffs wish to do so.

### OBJECTIONS AND RESPONSES SPECIFIC TO THE SUBPOENA'S DEFINITIONS, INSTRUCTIONS, AND TIME PERIOD

1.   Cornerstone objects to the Subpoena, and to each Request in the Subpoena, as vague, overbroad, unduly burdensome, harassing and oppressive to the extent that:

    a.   The term "communication" in Definition 2 is defined to mean anything other than the transmittal of information (in the form of facts, ideas, inquiries or otherwise). Cornerstone's responses utilize the latter definition of the term "communication."

    b.   The term "concerning" in Definition 3 means anything other than relating to, referring to, describing, evidencing or constituting. Cornerstone's responses utilize the latter definition of the term "concerning."

    c.   The terms "Cornerstone," "You," and "Your," in Definition 4, as modified by Instruction 2, are defined to mean anything other than Cornerstone Research and its officers, directors or employees. Cornerstone's responses utilize the latter definition of the terms "Cornerstone," "You," and "Your."

    d.   The terms "document" or "documents" in Definition 5 are defined to be anything other than synonymous in meaning and equal in scope to the

        usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Cornerstone's responses utilize the latter definition of the terms "document" or "documents."

    e.    The term "Merck" in Definition 7, as modified by Instruction 2, is defined to mean anything other than Merck & Co., Inc., including the entity known as Merck & Co., Inc. prior to its merger with Schering-Plough Corp., and its officers, directors, or employees. Cornerstone's responses utilize the latter definition of the term "Merck."

    f.    The terms "person" or "persons" in Definition 8, as modified by Instruction 2, are defined to mean anything other than any natural person or any legal entity, including, without limitation, any business or governmental entity or association. Cornerstone's responses utilize the latter definition of the terms "person" or "persons."

    g.    The term "Professor Gompers" in Definition 9, as modified by Instruction 2, is defined to mean anything other than Paul A. Gompers, Ph.D. Cornerstone's responses utilize the latter definition of the term "Professor Gompers."

    h.    The term "Professor Gompers' Report" in Definition 10 is defined to mean anything other than the Expert Report of Paul A. Gompers dated August 13, 2012, as submitted by Defendants to Plaintiffs in the Action, and specifically excluding drafts, which are protected from discovery by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure. Cornerstone's responses utilize the latter definition of the term "Professor Gompers' Report."

2.    Cornerstone objects to each Request in the Subpoena to the extent the "Relevant Time Period" set forth in Section III of the Subpoena precedes Professor Gompers' expert

engagement in connection with Action on February 24, 2012 and continues beyond the date of the Subpoena, October 1, 2012 because, due to that time period, each request:

    a.    Is overbroad, unduly burdensome, harassing and oppressive, and encompasses material beyond the scope of discovery authorized by Rule 26(a)(2) and (b) of the Federal Rules of Civil Procedure, among other reasons because information relating to other cases is not relevant to any party's claim or defense in this case and because documents relating to compensation are not required to be provided under Rule 26(a)(2)(B)(vi) — only "a *statement* of the compensation to be paid for the study and testimony in the case" is required — and

    b.    Seeks attorney-client privileged communications between Cornerstone and its counsel, as well as associated attorney work product, in connection with responding to the Subpoena.

Cornerstone's responses are confined to the period commencing after February 24, 2012 and concluding on October 1, 2012, unless otherwise expressly indicated.

## RESERVATION OF RIGHTS

Cornerstone reserves the right to amend, supplement, clarify or correct these Responses and Objections.

## RESPONSES AND OBJECTIONS APPLICABLE TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

**All documents concerning any fee agreements between Cornerstone and Professor Gompers related to the Action, including any communications concerning such fee agreements.**

**RESPONSE TO REQUEST NO. 1:**

Cornerstone has no fee agreement with Professor Gompers and therefore has no documents responsive to Request No. 1.

3

**REQUEST NO. 2:**

All documents concerning any fee agreements between Merck and Cornerstone related to the Action, including any communications concerning such fee agreements.

**RESPONSE TO REQUEST NO. 2:**

Cornerstone objects to this request on the following grounds:

(a)  This request is overbroad, unduly burdensome, harassing and oppressive to the extent it seeks documents beyond the scope of discovery permitted by Federal Rule of Civil Procedure 26(a)(2), (b)(1) and (b)(4), among other reasons because it seeks information not relevant to any party's claim or defense, and documents more appropriately the subject of party discovery and for which the use of subpoenas directed to a party's non-testifying expert is inappropriate.

(b)  This request seeks documents protected from disclosure by the attorney-client privilege and work product doctrine of Merck and Merck's counsel. Merck's counsel has advised Cornerstone that it does not waive, and intends to enforce, privilege and work product protections.

**REQUEST NO. 3:**

All documents concerning any payments that Professor Gompers received, or expects to receive, from Cornerstone during the Relevant Time Period, the engagements or other responsibilities to which such payments related, and the methodology pursuant to which payments were determined or made, including, without limitation, all documents concerning whether any payments from Cornerstone to Professor Gompers, or from Cornerstone's clients to Cornerstone or Professor Gompers, included any payments based at least in part on the client's success in the matter.

**RESPONSE TO REQUEST NO. 3:**

Cornerstone objects to this request on the following grounds:

(a)  This request is unduly burdensome, harassing and oppressive in seeking trade secret and other private, highly confidential, sensitive, commercial and proprietary information of Cornerstone — specifically, the basis on which it determines whether or not to make a payment to Professor Gompers and, if it

4

            determines to do so, the manner in which it decides on an amount. Cornerstone has never made any payment to Professor Gompers based in any part "on the client's success in the matter."

(b)     Information that concerns Professor Gompers' compensation in connection with other cases is irrelevant to any party's claim or defense in this Action, and therefore is not within the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(1).

(c)     Information concerning any "methodology pursuant to which payments [to Professor Gompers] were determined or made," as to which Professor Gompers has no knowledge, is irrelevant and beyond the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(1). *See also* Response 3(a), above.

(d)     This request is cumulative, unduly burdensome, harassing and oppressive to the extent it seeks in document form information previously disclosed by Professor Gompers or Merck in this Action. Documents relating to compensation are not required to be provided under Rule 26(a)(2)(B)(vi) — only "a *statement* of the compensation to be paid for the study and testimony in the case" is required.

(e)     This request is cumulative, unduly burdensome, harassing and oppressive to the extent it seeks (i) documents covering the subject matter of Federal Rule of Civil Procedure 26(a)(2)(B)(vi), (ii) information beyond the subject matter of Federal Rule of Civil Procedure 26(a)(2)(B)(vi), (iii) and attorney-client privileged communications, or attorney work product.

(f)     This request is unduly burdensome, harassing and oppressive in seeking "All documents concerning … the engagements or other responsibilities to which such payments related" because such documents include:

    (i)     Documents protected from disclosure by the attorney-client privilege and work product doctrine of Merck and Merck's counsel. Merck's counsel has advised Cornerstone that it does not waive, and intends to enforce,

5

     privilege and work product protections.

 (ii) Documents subject to confidentiality agreements with other non-parties or so-ordered in other proceedings, or claims of attorney-client privilege or attorney work product by other non-parties and their counsel.

Cornerstone states that it is unaware of, and has no documents reflecting, "any payments that Professor Gompers … expects to receive."

Without waiving any of the preceding objections, and subject to an appropriate confidentiality agreement and order, Cornerstone will produce a copy of the August 24, 2012 letter from Cornerstone to Professor Gompers and the enclosed check evidencing the sole payment by Cornerstone to Professor Gompers since the commencement of his expert engagement in connection with the Action on February 24, 2012.

**REQUEST NO. 4:**

**All documents concerning any compensation that Professor Gompers will or may receive from Cornerstone in connection with the Action, and the manner in which that compensation has been, or will be determined, including any invoices or descriptions of services that Professor Gompers has provided to Cornerstone or Merck to date.**

**RESPONSE TO REQUEST NO. 4:**

Cornerstone objects to this request on the following grounds:

(a) This request is unduly burdensome, harassing and oppressive in seeking trade secret and other private, highly confidential, sensitive, commercial and proprietary information of Cornerstone — specifically, the basis on which it determines whether or not to make a payment to Professor Gompers and, if it determines to do so, the manner in which it decides on an amount. Cornerstone has never made any payment to Professor Gompers based in any part "on the client's success in the matter."

(b) This request is unduly burdensome, harassing and oppressive to the extent it seeks information more appropriately the subject of party discovery (including writings between Professor Gompers and Merck) and for which the use of subpoenas

  (c) This request is cumulative, unduly burdensome, harassing and oppressive to the extent it seeks in document form information previously disclosed by Professor Gompers or Merck in this Action. Documents relating to compensation are not required to be provided under Rule 26(a)(2)(B)(vi) — only "a *statement* of the compensation to be paid for the study and testimony in the case" is required.

  (d) Information concerning any "methodology pursuant to which payments [to Professor Gompers] were determined or made," as to which Professor Gompers has no knowledge, is irrelevant and beyond the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(1). *See also* Response 3(a), above.

  (e) This request is cumulative, unduly burdensome, harassing and oppressive to the extent it seeks attorney-client privileged communications, or attorney work product.

  Cornerstone states that it is unaware of, and has no documents reflecting, "any invoices or descriptions of services that Professor Gompers has provided to Cornerstone or Merck to date" in connection with the Action.

  Without waiving any of the preceding objections, and subject to an appropriate confidentiality agreement and order, Cornerstone will produce a copy of the August 24, 2012 letter from Cornerstone to Professor Gompers and the enclosed check evidencing the sole payment by Cornerstone to Professor Gompers since the commencement of his expert engagement in connection with the Action on February 24, 2012.

**REQUEST NO. 5:**

  **All documents concerning any compensation that Professor Gompers will or may receive from Cornerstone in connection with work performed in connection with Professor Gompers' Report, including any bonus payments from Cornerstone to Professor Gompers, and the manner in which that compensation, has been, or will be calculated.**

**RESPONSE TO REQUEST NO. 5:**

  This request seeks precisely the same information as Request No. 4. Consequently,

7

Cornerstone objects to this request on the grounds stated in its Response to Request No. 4.

Without waiving any of the preceding objections, and subject to an appropriate confidentiality agreement and order, Cornerstone will produce a copy of the August 24, 2012 letter from Cornerstone to Professor Gompers and the enclosed check evidencing the sole payment by Cornerstone to Professor Gompers since the commencement of his expert engagement in connection with the Action on February 24, 2012.

**REQUEST NO. 6:**

**All documents concerning any instances in which a Court has reviewed or considered an expert's compensation, or fee arrangement, with Cornerstone or the manner in which the expert did or did not disclose it, including any instances in which a Court disqualified or criticized an expert (or part of his or her opinion(s)) related to such a fee arrangement or its disclosure or non-disclosure.**

**RESPONSE TO REQUEST NO. 6:**

Cornerstone objects to this request on the following grounds:

(a) This request seeks information that is not relevant to any party's claim or defense in this Action, and therefore is not within the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(1).

(b) This request is overbroad, unduly burdensome, harassing and oppressive to the extent it seeks documents that are publicly available, equally available to Plaintiffs, or available from a more convenient source.

(c) This request seeks documents that are protected from disclosure by the attorney-client privilege and the work product doctrine.

Cornerstone states that it is unaware of "any instances in which a Court disqualified or criticized an expert (or part of his or her opinion(s)) related to such a fee arrangement or its disclosure or non-disclosure."

8

**REQUEST NO. 7:**

All documents concerning all documents or other materials, including data, considered, consulted or relied on by Cornerstone in performing its analyses related to Professor Gompers' Report.

**RESPONSE TO REQUEST NO. 7:**

Cornerstone objects to this request on the following grounds:

(a) This request seeks documents beyond the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure.

(b) This request seeks documents protected from disclosure by the attorney-client privilege and work product doctrine of Merck and Merck's counsel. Merck's counsel has advised Cornerstone that it does not waive, and intends to enforce, privilege and work product protections.

**REQUEST NO. 8:**

All documents concerning any compensation paid, or to be paid, for any services or work performed by persons or entities other than Cornerstone or Cornerstone employees in connection with preparation of Professor Gompers' Report.

**RESPONSE TO REQUEST NO. 8:**

Cornerstone is unaware of any persons or entities who were involved in the preparation of Professor Gompers' Report other than Professor Gompers, with assistance from Cornerstone, and therefore is unaware of any documents responsive to Request No. 8.

Dated:   New York, New York
         October 12, 2012

GREGORY P. JOSEPH LAW OFFICES LLP

By: _____
Gregory P. Joseph (GJ-1210)
Mara Leventhal (ML-1218)
GREGORY P. JOSEPH LAW OFFICES LLC
485 Lexington Avenue, 30th Floor
New York, NY  10017
Tel:   (212) 407-1200
Fax:   (212) 407-1280

*Attorneys for Non-Party Cornerstone Research*