# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Merck & Co., Inc. Securities, Derivative, & "ERISA" Litigation | MDL No. 1658 (SRC) |
| | Case No. 2:05-CV-2367-SRC-CLW |
| The KBC Asset Management NV Action Civil Action No. 11-6259 (SRC) | **Document Electronically Filed** |
| | Motion Date: November 5, 2012 |

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

---

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer
Geoffrey C. Jarvis
Kyle McGee
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone: (646) 722-8500
Facsimile:   (646) 722-8501

**SAIBER LLC**
Jeffrey W. Lorell
Marc E. Wolin
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932
Telephone: (973) 622-3333
Facsimile:   (973) 622-3349

**MOTLEY RICE LLC**
Ann K. Ritter
28 Bridgeside Boulevard
Mt. Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile:  (843) 216-9450

*Attorneys for Plaintiffs*
*KBC Asset Management NV, Pioneer Investment Management Ltd., Pioneer*
*Investment Management SGRpa, and Pioneer Investments Austria GmbH*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................ii-iv

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT .............................................................................................................2

I.      PLAINTIFFS' § 10(B) CLAIMS ARE NOT TIME-BARRED. ......................2

      A.      THE PURPOSE OF THE 5-YEAR LIMITATION IS CONSISTENT WITH
         *AMERICAN PIPE.* ...........................................................................................3

      B.      THE REASONING OF *LAMPF* DOES NOT APPLY TO *AMERICAN
         PIPE.* ...............................................................................................................6

      C.      THE LANGUAGE OF THE STATUTE IS CONSISTENT WITH THE
         APPLICATION OF *AMERICAN PIPE.* ...........................................................8

      D.      TO HOLD THAT STATUTES OF "REPOSE" CANNOT BE SUBJECT
         TO *AMERICAN PIPE* WOULD CONFOUND ITS PURPOSE. ............................10

II.     PLAINTIFFS STATE A § 20(A) CONTROL PERSON CLAIM....................12

CONCLUSION .........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*American Pipe & Construction Co. v. Utah*,
414 U.S. 538 (1974)................................................................ *passim*

*Arivella v. Lucent Tech., Inc.*,
623 F.Supp.2d 164 (D. Mass. 2009)................................................2, 7

*In re Bear Stearns Mortg. Pass-Through Certificate Litig.*,
No. 08-cv-8093, 2012 WL 1076216 (S.D.N.Y. Mar. 30, 2012) ........................2

*Chardon v. Fumero Soto*,
462 U.S. 650 (1983)........................................................................4

*In re Discovery Zone Sec. Litig.*,
181 F.R.D. 582 (N.D. Ill. 1998)..........................................................2

*In re Exxon Mobil Corp. Sec. Litig.*,
500 F.3d 189 (3d Cir. 2007) ..............................................................5

*Fed. Housing Fin. Agency v. UBS Americas, Inc.*,
858 F. Supp.2d 306, 315 (S.D.N.Y. May 12, 2012)..........................................9

*Footbridge Ltd. Trust v. Countrywide Fin. Corp.*,
770 F.Supp.2d 618 (S.D.N.Y. 2011) ...................................................3, 11

*Genesee Cnty. Emp. Ret. Sys. v. Thornburg Mortg. Sec. Trust 2006-3*,
825 F.Supp.2d 1082 (D.N.M. 2011)........................................................2

*Intl. Fund Mgmt. S.A. v. Citigroup, Inc.*,
822 F.Supp.2d 368 (S.D.N.Y. 2011) ................................................2, 7, 10

*Joseph v. Wiles*,
223 F.3d 1155 (10th Cir. 2000) ...................................................2, 4, 7

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
501 U.S. 350 (1991) .............................................................6, 7, 8

*In re Lehman Bros. Sec. and Erisa Litig.*,
   800 F. Supp. 2d 477 (S.D.N.Y. 2011) ...............................................................10

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
   722 F.Supp.2d 1157 (C.D. Cal. 2010) ...............................................................2

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
   810 F.Supp.2d 650 (S.D.N.Y. 2011) ..........................................................2, 3, 7

*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*,
   277 B.R. 20 (S.D.N.Y. 2002) ........................................................................2, 7

*Plumbers & Pipefitters Local No. 562 Supp. Plan & Trust v. J.P. Morgan
   Acceptance Corp. I*,
   No. 08-cv-1713, 2011 WL 6182090 (E.D.N.Y. Dec. 13, 2011) ........................2

*Salkind v. Wang*,
   No. 93-10912-WGY, 1995 WL 170122 (D. Mass. Mar. 30, 1995) ....................2

*State Farm Mut. Auto Ins. Co. v. Boellstorff*,
   540 F.3d 1223 (10th Cir. 2009) ........................................................................4

*Stone Container Corp. v. U.S.*,
   229 F.3d 1345 (Fed. Cir. 2000) ........................................................................7

*Utah v. Am. Pipe & Constr. Co.*,
   50 F.R.D. 99 (C.D. Cal. 1970), *rev'd* 473 F.2d 580 (9th Cir. 1973), *aff'd*
   414 U.S. 538 (1974)..........................................................................................9

*In re WorldCom, Inc. Sec. Litig.*,
   496 F.3d 245 (2d Cir. 2007) ............................................................................4

**STATUTES**

28 U.S.C. § 1658(b) ...........................................................................................8, 10

28 U.S.C. § 1658(b)(2)......................................................................................1, 3, 7

Fed. R. Civ. P. 23(e)(3)........................................................................................12

Fed. R. Civ. P. 23(e)(4)........................................................................................11

**OTHER AUTHORITIES**

Brian Fitzpatrick, *An Empirical Study of Class Action Settlements and their Fee Awards*, 12 Vanderbilt Univ. Law. Sch., Pub. Law & Legal Theory, Working Theory Grp., Paper No. 10-10, at 12 (2010), available at http://www.thenalfa.org/files/Vanderbilt_Paper.pdf. .........................................11

Plaintiffs KBC Asset Management NV, Pioneer Investment Management Ltd., Pioneer Investment Management SGRpa, and Pioneer Investments Austria GmbH (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to the motion to dismiss the Complaint filed by defendants Merck & Co., Inc. ("Merck"), Alise S. Reicin, and Edward M. Scolnick (collectively, "Defendants") on September 17, 2012.

## PRELIMINARY STATEMENT

Defendants move for dismissal of Plaintiffs' Complaint by arguing that the statutory period for bringing the claims asserted therein has expired. *See* Mem. of Law in Support of Defendants' Motion to Dismiss, Dkt. 378-1 ("Def. Br."). Defendants contend that Plaintiffs' claims were not brought within the 5-year period set forth in 28 U.S.C. § 1658(b)(2), and that the portion of that period which courts sometimes label as a period of "repose" is not subject to the doctrine of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"). Defendants are incorrect.

The inclusion of Plaintiffs' investments in the Consolidated Securities Class Action, MDL No. 1658 (SRC), means that, pursuant to *American Pipe*, its Exchange Act claims were "brought" within the prescribed period. To carve out the 5-year limitation on Exchange Act claims from *American Pipe*'s reach would eviscerate its purpose of preventing a flood of duplicative placeholder opt-out

filings.   The majority of courts considering the issue disagree with Defendants.
For these reasons, Defendants' motion to dismiss the Complaint must be denied.

## ARGUMENT

## I.   PLAINTIFFS' § 10(B) CLAIMS ARE NOT TIME-BARRED.

Defendants' argument for dismissal is founded upon a mistaken
interpretation of the law.   Defendants argue that statutes that courts sometimes
label as providing periods of "repose" are not subject to *American Pipe &
Construction Co. v. Utah*, 414 U.S. 538 (1974) (Def. Br. at 5).   This contention is
without merit.   Contrary to Defendants' assertion that it is "well-settled" that
tolling does not apply to statutes of "repose" (Def. Br. at 5), the only federal
appellate court to address this argument has rejected it, *see Joseph v. Wiles*, 223
F.3d 1155, 1166 (10th Cir. 2000), and most district courts have reached a similar
conclusion.[1]   This Court should adopt the majority rule, since it is consistent with

---

[1] *See, e.g.*, *Intl. Fund Mgmt. S.A. v. Citigroup, Inc.*, 822 F. Supp. 2d 368, 380-82
(S.D.N.Y. 2011); *In re Morgan Stanley Mortg. Pass-Through Certificates Litig.*,
810 F. Supp. 2d 650, 667-68 (S.D.N.Y. 2011); *Genesee Cnty. Emp. Ret. Sys. v.
Thornburg Mortg. Sec. Trust 2006-3*, 825 F. Supp. 2d 1082, 1128-29 (D.N.M.
2011); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157,
1166 (C.D. Cal. 2010); *Arivella v. Lucent Tech., Inc.*, 623 F. Supp. 2d 164, 176 n.7
(D. Mass. 2009); *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v.
Heyman*, 277 B.R. 20, 31 (S.D.N.Y. 2002); *In re Discovery Zone Sec. Litig.*, 181
F.R.D. 582, 600 n.11 (N.D. Ill. 1998); *In re Bear Stearns Mortg. Pass-Through
Certificate Litig.*, No. 08-cv-8093, 2012 WL 1076216, at *16 (S.D.N.Y. Mar. 30,
2012); *Plumbers & Pipefitters Local No. 562 Supp. Plan & Trust v. J.P. Morgan
Acceptance Corp. I*, No. 08-cv-1713, 2011 WL 6182090, at *5 (E.D.N.Y. Dec. 13,
2011); *Salkind v. Wang*, No. 93-10912-WGY, 1995 WL 170122, at *3 (D. Mass.

both the language and the purpose of *American Pipe*, and the language and the

purpose of the 5-year limitation set forth at 28 U.S.C. § 1658(b)(2).

### A.   THE PURPOSE OF THE 5-YEAR LIMITATION IS CONSISTENT WITH *AMERICAN PIPE*.

Defendants claim that the different legislative purposes behind statutes of

limitation and those of "repose" justify limiting *American Pipe* to periods of

"limitation" (Def. Br. at 6).  Defendants are wrong.  Any conceivable purpose for a

time-based defense has been satisfied here because the claims at issue were already

"brought" in the initial filing of the class complaint, which occurred on November

6, 2003.[2]  Thus, there is no reason to create the restriction on *American Pipe* that

Defendants request.

The Supreme Court's reasoning in *American Pipe* was based upon the fact

that a federal class action is not a mere "invitation to joinder," but rather a "truly

representative suit," and that accordingly, "claimed members of the class stood as

parties to the suit until and unless they received notice thereof and chose not to

---

Mar. 30, 1995).  While a small minority of courts have reached a contrary result, *see, e.g., Footbridge Ltd. Trust v. Countrywide Fin. Corp.*, 770 F. Supp. 2d 618, 624-25 (S.D.N.Y. 2011), the Courts in *International Fund Management* and *Morgan Stanley* aptly explain why the reasoning of that minority is unacceptably flawed.

[2] The fact that Defendants continued to violate §§ 10(b) and 20(a) of the Exchange Act after the filing of the initial complaint on November 6, 2003 does not change this conclusion.  As the Court knows, the complaint in the class action was amended after Merck's withdrawal of Vioxx on September 30, 2004, in order to incorporate several allegedly false and misleading statements made by the Defendants between November 6, 2003 and September 30, 2004.

continue."  414 U.S. at 550-51; *see also Chardon v. Fumero Soto*, 462 U.S. 650, 659 (1983) (*American Pipe*'s holding is that "unnamed plaintiffs should be treated as though they had been named plaintiffs during the pendency of the class action").

As the Tenth Circuit Court of Appeals has explained,

> Statutes of repose are intended to demarcate a period of time within which a plaintiff must bring claims or else the defendant's liability is extinguished.  ***Here, the claim was brought within this period on behalf of a class of which [plaintiff] was a member.***  Indeed, in a sense, ***application of the* American Pipe *tolling doctrine to cases such as this one does not involve "tolling" at all.  Rather, [plaintiff] has effectively been a party to an action against these defendants*** since a class action covering him was requested but never denied.

*Joseph*, 223 F.3d at 1168 (emphasis added); *see also State Farm Mut. Auto Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1229 (10th Cir. 2009) ("Conceptually, *American Pipe* incarnates the principle that the class action is a representative creature"); *In re WorldCom, Inc. Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007) ("The theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action").

In other words, here, within the time set by Congress, Defendants were put on notice that a class of investors, which included Plaintiffs, had filed claims against them for alleged violations of the Securities Exchange Act of 1934 ("Exchange Act").  For particular members of the putative class to opt out of that class and pursue their claims individually does not expose Defendants to any liabilities that were not timely asserted.  Neither, therefore, does an opt-out

plaintiff unsettle the "finality" protected by "repose" periods, because the claims of such plaintiffs have already been brought in the class action.  Hence, there simply is not legitimate basis for Defendants' contention that "allowing a plaintiff to opt out of a class suit after the period of repose has passed hinders the objective of finality that statutes of repose are intended to serve."  (Def. Br. at 8).  Defendants knew by November 6, 2003, that a class of investors, which included Plaintiffs, claimed that Defendants had violated §§ 10(b) and 20(a) of the Exchange Act by making false and misleading statements concerning the cardiovascular safety profile and commercial viability of Vioxx.  No contortion of the applicable rules can change that.[3]

Thus, none of the purported reasons for the 5-year limitations period proffered by Defendants would be offended by applying *American Pipe* to allow Plaintiffs' opt out claims to proceed.  Indeed, as explained above, this is the holding compelled by the majority view.  *American Pipe* and its progeny recognize that the class action complaint fully apprised Defendants of the nature and size of the claims against them, and fixed the scope of Defendants' total exposure to

---

[3]   Defendants rely heavily on the Third Circuit's opinion in *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189 (3d Cir. 2007), but that case considered the question whether the plaintiff class' Exchange Act claims were timely.  The *Exxon Mobil* Court did not address the effect of *American Pipe* on absent class members that later opt out of the class, and the case has no relevance here.

liability.   The class complaint thus satisfied the purposes of all time-based limitations.

### B.   THE REASONING OF *LAMPF* DOES NOT APPLY TO *AMERICAN PIPE*.

Defendants peddle sophistry based on the manipulation of labels by (1) noting that the Supreme Court in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991), refused to apply a discovery rule (also known as "equitable tolling") to the Exchange Act's then-applicable 3-year limitations period; then (2) arguing that an "equitable tolling" label should be given to *American Pipe*; and (3) concluding that, therefore, *American Pipe* is *per se* inapplicable to the 5-year limitations period in the Exchange Act.   This overly simplistic approach is not supported by *Lampf*, let alone *American Pipe* or the courts that have applied those decisions since.

In *Lampf*, the plaintiffs sought to apply a "discovery rule" to the Exchange Act's 3-year limitations period.[4]   The Supreme Court refused, recognizing that this would effectively render superfluous the separate 1-year limitations provision, which by its terms does not begin until after discovery of the violation.   *See Lampf*, 501 U.S. at 363.

---

[4]   At the time of *Lampf*, the Supreme Court held that the Exchange Act was governed by the same statutes of limitations and repose applicable to claims brought under the Securities Act of 1933.   *See* 501 U.S. at 359-60.

But this says nothing as to the applicability of *American Pipe*.   While *Lampf*'s ruling was required to give meaning to both parts of the then-applicable 1-and-3 structure of the limitations provisions, applying *American Pipe* would in no way undermine the purposes of the 5-year provision in § 1658(b)(2), for the reasons set forth above.   Defendants provide no reason for the Court to elevate form over substance by ignoring the undisputed *practical* differences between deciding to apply a "discovery rule" and deciding to apply *American Pipe*.   Thus, Defendants do not explain why their preferred choice of which "tolling" label, if any, should be given to the doctrine of *American Pipe* requires the leap under *Lampf* to bar the applicability of *American Pipe* here.

If a label must be chosen, *Joseph* and other courts have used the term "legal tolling" to recognize the difference between "equitable tolling" (based on a claimant's discovery of a violation) and doctrines such as *American Pipe* (based on a claimant's representation in a class).   The weight of authority on this issue holds that, if anything, *American Pipe* is a rule of "legal tolling."   *See, e.g., Intl. Fund Mgmt.*, 822 F. Supp. 2d at 380-82; *Morgan Stanley*, 810 F. Supp. 2d at 667-78; *Arivella*, 623 F. Supp. 2d at 176 n.7; *Official Comm. of Asbestos Claimants*, 277 B.R. at 31; *Stone Container Corp. v. U.S.*, 229 F.3d 1345, 1354 (Fed. Cir. 2000). Consequently, *Lampf* does not operate to bar its application in the present case.

While Defendants point to instances in which the Supreme Court and other courts have off-handedly characterized *American Pipe* as a rule of equitable tolling (Def. Br. at 6 n.10), these bits of *dicta* are unpersuasive in the face of reasoned, comprehensive analysis directly examining the question, and concluding that *American Pipe* applies despite *Lampf*.  As one district court stated, "[T]his Court does not read the Supreme Court's inclusion of [*American Pipe*] in a string citation with no substantive discussion of the opinion as support for the conclusion that [*American Pipe*] tolling rests only on equitable tolling grounds."  *Genessee Cnty.*, 825 F. Supp. 2d at 1129.  Thus, even if the "tolling" label chosen matters to the Court's analysis – which it should not – Defendants' position that *Lampf* operates to bar *American Pipe*'s application here is still meritless.

### C.   THE LANGUAGE OF THE STATUTE IS CONSISTENT WITH THE APPLICATION OF *AMERICAN PIPE*.

Defendants overlook an important point in arguing for dismissal on the basis of the inapplicability of *American Pipe* to "repose" periods: the language of § 1658(b) is entirely consistent with application of *American Pipe* to both the 2- and 5-year restrictions.  The text provides that actions for violation of the Exchange Act "may be brought not later than the earlier of" 2 years from discovery of facts constituting the violation or 5 years after such violation.  28 U.S.C. § 1658(b).  While Plaintiffs' claims *were* brought within the prescribed 2-year period, by way of the class action, it bears noting that neither period is qualified by a reference to

tolling.  Defendants agree that the 2-year period is subject to *American Pipe* (Def.

Br. at 7).  Defendants seem to argue that the statute itself must contain some

reference to tolling for *American Pipe* to come into play, but this is clearly not the

case.

     In further confirmation that Defendants' reliance on mere labels to limit

*American Pipe* is misplaced, the provision at issue in *American Pipe* can itself be

fairly characterized as a statute of "repose."  The district court and the defendants

in the case both referred to it as such.[5]  While the Supreme Court used the word

"limitations" rather than "repose" in its decision,

> [T]he semantic distinction between "statutes of repose" and "statutes
> of limitations" is not as clear as defendants would have us believe.
> Indeed, Congress, the courts and learned commentators regularly use
> the term "limitations" to encompass both types of timeliness
> provision. … This Court and others in this District, well versed in the
> law of securities, have likewise used the term "statute of limitations"
> to invoke the three-year repose period on which the defendants rely
> here [that is, in § 13 of the Securities Act of 1933].

*Fed. Housing Fin. Agency v. UBS Americas, Inc.*, 858 F.Supp.2d 306, 315

(S.D.N.Y. May 12, 2012).

     In sum, the different label used inconsistently by courts (including the

Supreme Court) and legislatures (including Congress), and the statutory language

---

[5] *See Utah v. Am. Pipe & Constr. Co.*, 50 F.R.D. 99, 103 (C.D. Cal. 1970), *rev'd* 473 F.2d 580 (9th Cir. 1973), *aff'd* 414 U.S. 538 (1974); Brief for Petitioners at 12-13, *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) (No. 72-1195), 1973 WL 172291, at *26.

used in § 1658(b) to restrict the timeliness of a claim under the Exchange Act, do not justify the drastic distinction that Defendants seek to draw.  This point further supports the majority view that *American Pipe* tolling applies to all limitations periods, whether described as "statutes of limitations" or as "statutes of repose."

> **D.      TO HOLD THAT STATUTES OF "REPOSE" CANNOT BE SUBJECT TO *AMERICAN PIPE* WOULD CONFOUND ITS PURPOSE.**

To hold that *American Pipe* does not apply to statutes of "repose" would frustrate the purpose of that decision and seriously undermine the class action mechanism in ***exactly*** the way that the Supreme Court sought to avoid.  Contrary to Defendants' contrived formulation (Def. Br. at 8), failure to toll the 5-year provision here will incentivize any and all class plaintiffs with a sufficient stake in a class action to file individual actions.  If the class fails after the 5-year period for any reason, including those that do not go to the merits of the claims and which the class members could not possibly have foreseen or controlled for, their claims will be lost forever unless *American Pipe* applies.  As such, applying *American Pipe* to "the statute of repose clearly serves the purposes of Rule 23 and the *American Pipe* doctrine."  *Intl. Fund Mgmt.*, 822 F. Supp. 2d at 380.  Even courts that have wrongly concluded that *American Pipe* does not apply to "repose" periods have acknowledged that the policies behind *American Pipe* support its application.  *See In re Lehman Bros. Sec. and Erisa Litig.*, 800 F. Supp. 2d 477, 483 (S.D.N.Y.

2011) ("This ruling is in tension with the policies animating the *American Pipe* decision"); *Footbridge*, 770 F. Supp. 2d at 627 ("[M]any of the policy considerations present in *American Pipe* would support tolling of a statute of repose").

The incompatibility of Defendants' proposition with the structure of the federal class action is further illustrated by a 2003 amendment to Rule 23 which provides that, "[i]f the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."   Fed. R. Civ. P. 23(e)(4).   Defendants' position would effectively eviscerate this opt-out right.   Since a conservative estimate of the average time that it takes for federal securities class actions to settle is four years,[6] if the 5-year period continues to run during the pendency of the class action, any Exchange Act plaintiff that attempts to actually opt out of a class settlement will almost always find that its claims are time-barred.   This would render the opt-out right meaningless.

---

[6] *See* Brian Fitzpatrick, *An Empirical Study of Class Action Settlements and their Fee Awards*, 12 (Vanderbilt Univ. Law. Sch., Pub. Law & Legal Theory, Working Theory Grp., Paper No. 10-10, at 12 (2010), available at http://www.thenalfa.org/files/Vanderbilt_Paper.pdf.

As the Advisory Committee notes to the 2003 amendments to Rule 23 discuss, "[a] decision to remain in the class is likely to be more carefully considered and is better informed when settlement terms are known." Fed. R. Civ. P. 23(e)(3) advisory committee note (2003). Defendants would deny class members the right to make this informed judgment, forcing them to either commit irrevocably to the class or file an individual action at an early stage.

## II.   PLAINTIFFS STATE A § 20(A) CONTROL PERSON CLAIM.

Defendants' sole argument for dismissal of Plaintiffs' § 20(a) control person claims against Defendants Reicin and Scolnick is that Plaintiffs' § 10(b) claims are time-barred. Def. Br. at 9. Because this argument fails, Plaintiffs adequately state a § 20(a) control person claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint must be denied.

Dated: October 22, 2012

Respectfully submitted,
**SAIBER LLC**

/s/     *Marc E. Wolin*
Jeffrey W. Lorell
Marc E. Wolin
18 Columbia Turnpike, Suite 200
Florham Park, NJ  07932
Telephone: (973) 622-3333
Facsimile:  (973) 622-3349

Ann K. Ritter
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

Jay W. Eisenhofer
Geoffrey C. Jarvis
Kyle McGee
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone: (646) 722-8500
Facsimile:  (646) 722-8501

*Counsel for Plaintiffs*