NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) |
| | |
| | Civil Action No. 05-1151 (SRC) |
| THIS DOCUMENT RELATES TO: THE STICHTING PENSIOENFONDS ABP ACTION CIVIL ACTION NO. 05-5060 (SRC) | Civil Action No. 05-2367 (SRC) |
| | **OPINION & ORDER** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion by Plaintiff Stichting Pensioenfonds ABP ("ABP") for reconsideration of a portion of this Court's August 1, 2012 Order (the "August 1 Order") [filed in Civil Action No. 05-5060 as docket entry 87]. The August 1 Order dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), various claims in the Second Amended Complaint filed by ABP (the "ABP Complaint"). In relevant part, the Court dismissed portions of the securities fraud claim brought pursuant to § 10(b) of the Securities Exchange Act of 1934, finding in the accompanying August 1, 2012 Opinion that certain alleged misrepresentations set forth in the ABP Complaint could not constitute a violation of SEC Rule 10b-5(b). ABP now moves for the Court to reconsider its ruling that one of those statements cannot form the basis of a § 10(b) claim, arguing that the Court's ruling is inconsistent with its subsequent decision of August 29, 2012 (the "August 29 Order") adjudicating Merck's motion for judgment on the

pleadings as to the related Corrected Consolidated Fifth Amended Class Action Complaint (the "Class Action Complaint"). Defendants Merck & Co., Inc. and Alise S. Reicin ("Defendants") have opposed the motion for reconsideration, arguing that the Court's ruling in the August 1 Opinion and Order is entirely correct and, moreover, not inconsistent with the later ruling as to the Class Action Complaint.

Under District of New Jersey Local Civil Rule 7.1(i), a party may file a motion for reconsideration "within 14 days after the entry of the order or judgment on the original motion" by the court. L.Civ.R. 7.1(i). Though the instant motion is technically untimely, as it was filed over a month after the August 1 Order ABP asks the Court to reconsider, the Court exercises its discretion to relax the deadline to prevent "surprise or injustice." L.Civ.R. 83.2(b). The basis for seeking reconsideration, the Court notes, is ABP's perception that the Court made an inconsistent ruling as to the actionability of the same statement by Merck, as quoted in a separate but related securities fraud complaint revolving around Merck's promotion of Vioxx. ABP filed this motion within days of the August 29 Order relating to the sufficiency of the § 10(b) claims in the Class Action Complaint. Accordingly, the Court will entertain this motion for reconsideration as if it had been timely filed in accordance with Local Civil Rule 7.1(i).

Nevertheless, the motion must be denied. ABP has not demonstrated that it is entitled to the extraordinary remedy of reconsideration. Ivan v. City of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2010) ("Because reconsideration of a decision after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'very sparingly.'"). A court may not grant a motion for reconsideration unless the moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A party's "mere disagreement" with the Court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003). The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

Here, ABP contends that a statement made by Merck in its July 20, 2001 press release, quoted in the ABP Complaint at ¶ 279, was held by the Court in the August 1 Opinion and Order to be an inactionable recitation of past success, whereas the Court held in the August 29 Opinion and Order that the same press release, quoted in the Class Action Complaint at ¶ 291, could plausibly support a claim under § 10(b). Reconsideration is warranted, ABP maintains, to prevent manifest injustice.

The flaw in ABP's argument lies in the difference between the ABP Complaint's and the Class Action Complaint's allegations as to the misrepresentations of the July 20, 2001 press release. While both complaints quoted the portion of the July 20, 2001 press release which reported that "[n]ew scientific data supporting the efficacy and overall safety profile of VIOXX were presented at medical meetings during the quarter," only the Class Action Complaint included the language from the immediately preceding paragraph of the press release, a statement touting the commercial success of Vioxx and expressly linking its marketplace performance to its

reputation in the medical community. The ABP Complaint did *not* contain the following portion of the July 20, 2001 press release:

> Since its 1999 launch, Vioxx has become the world's fastest grown branded prescription arthritis medicine, and it is already Merck's second largest medicine. In 2001, Vioxx achieved new prescription leadership within the coxib market in the United States, demonstrating that physicians continue to recognize the medicine's benefits to the patients.

Compare Class Action Complaint ¶ 291 with ABP Complaint ¶ 279. In considering Merck's motion for judgment on the pleadings as to the Class Action Complaint, the Court quoted that crucial statement together with the next paragraph from the press release, which expressly mentions the presentation of data regarding Vioxx's "overall safety profile." The Court reasoned in the August 29 Opinion that "this statement arguably attributes Vioxx's commercial performance in part to its 'overall safety profile' and thus could be understood by the reasonable investor as going beyond a mere recitation of past success." (August 29 Opinion at 6.)

ABP's argument that the Court's rulings as to the July 20, 2001 press release were inconsistent stems from the fallacy of its belief that there is "no meaningful difference" between the statement as it appears in the ABP Complaint and as it appears in the Class Action Complaint. Clearly, and as ABP must acknowledge, the complaints' factual allegations as to the Section 10(b) violation committed by Merck by virtue of its statements in the July 20, 2001 press release are textually different. The difference in the quoted text does matter. Indeed, the language omitted from the ABP Complaint was expressly relied upon by the Court in concluding that a sufficient link had been drawn between Vioxx's safety profile and the drug's commercial success to prevent the statement from outright dismissal as a mere report of past earnings.

In short, the Court's rulings were not inconsistent. ABP has not demonstrated that reconsideration of the August 1 Order is necessary to prevent injustice. To the extent ABP expresses disagreement with the Court's conclusion as to the actionability of the statement made in the July 20, 2001 press release, as quoted in the ABP Complaint, this disagreement does not warrant reconsideration.

Accordingly,

**IT IS** on this 26th day of October, 2012,

**ORDERED** that ABP's motion for reconsideration of a portion of the Court's August 1, 2012 Order [filed in Civil Action No. 05-5060 as docket entry 87] be and hereby is **DENIED**.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge