NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | : | MDL No. 1658 (SRC) |
| | : | |
| _____ | : | Civil Action No. 05-1151 (SRC) |
| | : | Civil Action No. 05-2367 (SRC) |
| THIS DOCUMENT RELATES TO: THE KBC ASSET MANAGEMENT NV ACTION CIVIL ACTION NO. 11-6259 (SRC) | : | OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the motion by Defendants Merck & Co, Inc. ("Merck"), Alise S. Reicin and Dr. Edward M. Scolnick (collectively, "Defendants") to dismiss the Complaint filed by Plaintiffs KBC Asset Management NV, Pioneer Investment Management Ltd., Pioneer Investment Management SGRpa and Pioneer Investments Austria GmbH (collectively, "KBC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (The Court will hereinafter refer to the Complaint challenged on this Rule 12(b)(6) motion as the "KBC Complaint.") KBC has opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendants' motion will be denied.

I.   **BACKGROUND**

The KBC Complaint, filed on October 26, 2011, initiated an individual securities fraud action by foreign investor KBC seeking to recover for losses sustained allegedly as a result of Merck's misrepresentations and omissions of material fact with regard to the cardiovascular safety profile of its once-blockbuster drug Vioxx (the "KBC Action"). The KBC action is one of several Vioxx-related securities fraud actions pending before this Court as part of multidistrict litigation 1658. The lead case in MDL 1658 is a consolidated securities fraud action brought on behalf of a putative class of investors who purchased Merck stock between May 21, 1999 and September 30, 2004 (the "Class Action"). A motion for certification of the class has been filed in Class Action but has not yet been adjudicated. The first class action complaint on behalf of investors asserting claims against Defendants under the Securities Exchange Act of 1934 (the "Exchange Act") had been filed on November 6, 2003.

Defendants and the named Plaintiffs in the eight individual Vioxx-related securities actions, including the KBC Action, that are encompassed within MDL 1658 have acknowledged the substantial similarity among the claims and allegations at issue in the Class Action and the various actions. They have stipulated that all individual actions would be bound by rulings made by the Court in its August 8, 2011 Opinion & Order adjudicating a motion to dismiss in the Class Action, as well as rulings made in its August 1, 2012 Opinion & Order regarding another individual action, generally referred to as the "ABP Action." As such, the claims remaining in the KBC Action are a Rule 10b-5(b) claim under § 10(b) of the Exchange Act against Defendants Merck, Reicin and Scolnick, and a claim under § 20(a) of the Exchange Act against Reicin and Scolnick.

Merck moves to dismiss KBC's § 10(b) claim as barred by the applicable five-year statute of repose, as set forth in 28 U.S.C. § 1658. In turn, Merck argues, the lack of an actionable § 10(b) violation deprives the § 20(a) control person claim of its necessary predicate, requiring dismissal of that claim also.

## II.   ANALYSIS

Given the numerous Rule 12(b)(6) and Rule 12(c) motions this Court has thus far handled in the MDL 1658 cases, the parties are certainly familiar with the standard of review the Court applies on motions to dismiss for failure to state a claim. Briefly, a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, and mere legal conclusions will not suffice. Twombly, 550 U.S. at 555; Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008); see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

### A.   Securities Fraud Class Actions and the Statute of Repose

The parties do not dispute some basic facts and points of law relevant to the instant motion. First, they agree that § 10(b) claims are subject to a five-year statute of repose, pursuant to 28 U.S.C. § 1658(b). That provision, which sets forth both a limitations period and a repose period, provides that

3

> a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of--
>
> (1) 2 years after the discovery of the facts constituting the violation; or
>
> (2) 5 years after such violation.

28 U.S.C. § 1658(b).  Second, KBC and Defendants recognize that the statute of repose begins to run upon the occurrence of specific event, which in the case of a § 10(b) claim based on a violation of Rule 10b-5(b), consists of the occurrence of last alleged fraudulent statement and/or omission.  See In re Exxon Mobil Corp. Sec. Litig., 500 F.3d 189, 200 (3d Cir. 2007)  Third, there is no dispute that the KBC Complaint was not filed until October 26, 2011.

      Defendants argue that because the last allegedly false and misleading statement, according to the KBC Complaint, was made on September 8, 2004, the repose period applicable to KBC's § 10(b) claim expired five years later, on September 8, 2009.  Thus, they maintain that KBC's claim is time-barred.  KBC, in response, takes the position that the filing of the first class action complaint, on November 6, 2003, tolled the statute of repose by operation of the tolling doctrine articulated by the Supreme Court in American Pipe & Construction Co. v. Utah, 414 U.S. 538, 552-53 (1974).  Under American Pipe, the filing of a Rule 23 class action tolls the applicable statute of limitations for all members of the putative class until such time as a motion for class certification is decided.  Id.  Merck argues that the American Pipe rule cannot save KBC's expired § 10(b) claim because it is a judicially created, equitable tolling rule, which cannot apply to statutory periods of repose according to the Supreme Court's post-American Pipe decision in Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363 (1991).

4

Lampf, however, did not address American Pipe, nor did it concern a factual scenario in which the tolling was sought on the grounds that the plaintiffs had been absent members of a putative Rule 23 class that had previously filed a timely claim. Thus, the applicability of the American Pipe tolling doctrine on periods of repose for claims filed through the class action vehicle has remained uncertain. This issue is one of first impression in the Third Circuit, and thus this Court must look to the decisions of other jurisdictions for guidance. Complicating matters, however, is the split in authority among courts which have addressed the issue. Two approaches have emerged.

One approach, in favor of tolling periods of repose under American Pipe, is expressed by the Tenth Circuit's opinion in Joseph v. Q.T. Wiles, 223 F.3d 1155 (10th Cir. 2000). In that case, plaintiff Joseph, a purchaser of debentures issued by a company known as MiniScribe Corporation, had filed his own lawsuit asserting a securities fraud claim under § 11 of the Securities Act, alleging that he sustained a loss on the debentures he purchased as a result of false or misleading statements made in a registration statement filed with the Securities and Exchange Commission. 223 F.3d at 1157-58. That suit, with Joseph as the named plaintiff, was filed on August 10, 1990. Id. at 1157. The defendants argued that Joseph's suit was barred by the applicable statute of repose under the Securities Act, which required "a section 11 claim to be filed within one year from the time the violations are or should have been discovered, but in no event more than three years after the security was initially offered to the public." Id. at 1166. As in the case at bar, there was no dispute that the plaintiff's claim was subject to a "statute of limitations framed by a statute of repose." Id. And, as in the case at bar, there was no dispute that the repose period expired before the plaintiff filed his own securities fraud claim. Id.

Joseph, however, argued that earlier filings of class action complaints asserting § 11 claims had tolled the repose period for his claim.  Id.  The Court of Appeals addressed the precise issue also before this Court – that "[the plaintiff's] action was timely filed only if the repose period was tolled" – and concluded that the American Pipe doctrine applied to toll the statute of repose as of the date a class action complaint asserting both § 11 and § 10(b) claims was filed on behalf of a class including stock and debenture purchasers, that is, including Joseph as an absent class member.[1]  Id. at 1167-68.  The Tenth Circuit found that Lampf's proscription of equitable tolling for statutes of repose was not relevant because the tolling at issue was "the legal tolling that occurs any time an action is commenced and class certification is pending," which was recognized by the Supreme Court in American Pipe in the context of a suspended limitations period.  Id. at 1166-67.  It reasoned that tolling serves Rule 23's policy of judicial economy by eliminating the need for potential class members to file individual claims as well as the purpose of the opt-out provision of Rule 23(c)(2), noting that without tolling, the right to pursue individual claims might be rendered meaningless.  Id. at 1167.  The Court of Appeals further reasoned that tolling does not diminish or undermine the interests promoted by statutes of limitation and repose.  Id.  It expanded on this point as follows:

> Tolling the limitations period while class certification is pending does not compromise the purposes of statutes of limitation and repose. Statutes of limitation are intended to protect defendants from being unfairly surprised by the appearance of stale claims, and to prevent plaintiffs from sleeping on their rights. *See Crown, Cork*, 462 U.S. at 352.

---

[1] Though Joseph's lawsuit also pled a § 10(b) claim, which was added by an amended complaint filed on July 5, 1994, the Tenth Circuit did not reach the issue of the timeliness of the § 10(b) claim, that is, the applicability of American Pipe tolling to the claim, because it found that the district court had correctly dismissed the § 10(b) claim as deficient on other grounds. Joseph, 223 F.3d at 1166 n.7.

> "[T]hese ends are met when a class action is commenced." Id. In this case, because a class action complaint was filed, defendants were on notice of the substantive claim as well as the number and generic identities of potential plaintiffs. Defendants cannot assert Mr. Joseph's claim was stale or that he slept on his rights.
>
> Statutes of repose are intended to demarcate a period of time within which a plaintiff must bring claims or else the defendant's liability is extinguished. Here, the claim was brought within this period on behalf of a class of which Mr. Joseph was a member. Indeed, in a sense, application of the *American Pipe* tolling doctrine to cases such as this one does not involve "tolling" at all. Rather, Mr. Joseph has effectively been a party to an action against these defendants since a class action covering him was requested but never denied.

Id. at 1167-68.

This Court notes that in a more recent decision issued by the Southern District of New York, the Honorable Laura Taylor Swain applied this reasoning to conclude that the better view, expressed by the majority of lower courts, holds that "*American Pipe* tolling 'is a species of legal tolling, in that it is derived from a statutory source, in this case Rule 23,' and that consequently it applies to statutes of repose." In re Morgan Stanley Mortgage Pass-Through Certificates Litig., 810 F. Supp. 2d 650, 667 (S.D.N.Y. 2011) (quoting Arivella v. Lucent Techs., Inc., 623 F. Supp. 2d. 164, 176 (D. Mass. 2009)). That case, like Joseph, also involved the tolling of the statute of repose applicable to Securities Act § 11 claims. Id. at 666. Like the Tenth Circuit Court of Appeals, Judge Swain took into account both the policies served by both American Pipe tolling and Rule 23. Id. at 667. The court observed that the risk of duplicative actions in the securities context is "acute." Id. at 668. It provided the following illustration of that risk:

> If *American Pipe* did not apply to Section 77m's statute of repose, plaintiffs would have only three years in which to uncover the actionable conduct, file suit, and secure class certification. Offending conduct often comes to light years after the fact, class certification can be a lengthy

7

> process, and there is always a risk that certification would be denied. Thus, putative class members would have significant incentives to file protective motions to secure their claims.

Id.

The competing approach to the scope of the American Pipe tolling doctrine is represented by another decision issued by the Southern District of New York, in the case of Footbridge Ltd. Trust v. Countrywide Fin. Corp., 770 F. Supp. 2d 618 (S.D.N.Y. 2011), which also dealt with the three-year statute of repose for Securities Act § 11 claims. The Footbridge court relied heavily on statutory text to conclude that American Pipe articulated a tolling rule based on equity, not law. Id. at 624-26. The Footbridge court noted that the repose provision of the statute provided that "in no event" may a § 11 action be brought more than three years after the public offering of the security. Id. at 624. It further observed that neither the Securities Act nor Rule 23 contained language creating a tolling rule. Id. at 626. It concluded that, lacking any statutory foundation, American Pipe's tolling doctrine must be considered "a judicially-created rule premised on 'traditional equitable considerations of fairness, judicial economy and needless multiplicity of lawsuits.'" Id. (quoting Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 537 (9th Cir. 2011). As such, the Footbridge court held that, under the well-established Lampf holding that statutes of repose are not subject to equitable tolling, the plaintiffs' securities claims were barred as untimely. Id. at 624-27. Notably, the Footbridge court recognized that "many of the policy considerations present in American Pipe would support tolling of a statute of repose," but nevertheless held that the repose period must be enforced according to the statutory language. Id. at 627.

This Court has reviewed the many cases cited by the parties on the issue of whether the statute of repose applicable to KBC's § 10(b) claims may be tolled under the American Pipe rule. Upon consideration of the competing views, the Court follows the Joseph opinion by the Tenth Circuit. It is the only federal Court of Appeals to have analyzed and reached a decision on the issue. This Court agrees with its holding and rationale. Accordingly, for the reasons expressed by the Joseph decision, the Court holds that the filing of the first class action complaint, in November 2003, tolled the statutory repose period applicable to KBC's claims. There is no dispute that, like the instant KBC action, the class action filed in November 2003 asserted claims under § 10(b) of the Exchange Act alleging that Merck and the individual Defendants had made misleading statements and omissions of material fact concerning the cardiovascular safety profile of Vioxx. Nor is there any dispute that the class action filed in November 2003 was brought on behalf of a class of investors in Merck securities, which included potential class member KBC. No decision on certification of the class pursuant to Rule 23 has yet been made. Pursuant to the American Pipe doctrine, the repose period applicable to KBC's § 10(b) claim was tolled by the timely filing of the initial securities fraud class action.

Merck's motion to dismiss KBC's § 10(b) claim as barred by the statute of repose will therefore be denied.

B.     The Control Person Claim Under Exchange Act § 20(a)

Defendants move to dismiss KBC's § 20(a) control person claim on the grounds that, without a viable § 10(b) claim, the control person claims lacks the necessary predicate of an independent violation of the Exchange Act. Exxon Mobil, 500 F.3d at 202 (affirming dismissal of control person claim where plaintiffs' predicate securities claims were dismissed as time-

9

barred).  In light of the Court's finding that KBC's § 10(b) claim may proceed, Defendants' argument is unavailing.  The § 20(a) claim will not be dismissed.

### III.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the KBC Complaint will be denied.  An appropriate form of Order will be filed.

        s/Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

Dated: December 20, 2012