James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Liaison Counsel for Plaintiffs*

Salvatore J. Graziano
William C. Fredericks
David Wales
Adam H. Wierzbowski
Kristin A. Meister
Abe Alexander
BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400

David A.P. Brower
Brian Kerr
Benjamin J. Hinerfeld
BROWER PIVEN
    A PROFESSIONAL CORPORATION
488 Madison Avenue, 8th Floor
New York, NY 10022
(212) 501-9000

Matthew A. Kupillas
Roland W. Riggs
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300

Jules Brody
Mark Levine
Patrick Slyne
STULL, STULL & BRODY
6 East 45th Street, 5th Floor
New York, NY 10017
(212) 687-7230

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCK & CO., INC., SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC)<br>Civil Action No. 05-02367(SRC)(CLW) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | **STATEMENT IN LIEU OF BRIEF**<br><br>Motion Date: February 4, 2013 |

    Plaintiffs the Public Employees' Retirement System of Mississippi ("MPERS"), Park East, Inc., Steven LeVan, Jerome Haber, Richard Reynolds, and Rhoda Kanter (collectively,

"Plaintiffs") hereby state pursuant to Local Civil Rule 7.1(d)(4) that no brief is necessary to support their motion for an Order issuing a Letter of Request pursuant to Rule 28(b) requesting international judicial assistance in compelling the production of documents by, and sworn testimony of, Dr. Saurabh Mukhopadhyay, also known as Saurabh Mukherjee. Plaintiffs further state as follows:

1. Plaintiffs instituted a consolidated class action seeking remedies under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934, and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933.

2. Plaintiffs' Consolidated Fifth Amended Class Action Complaint filed on March 10, 2009 (the "Complaint") alleges, among other things, that from May 21, 1999 through and including October 29, 2004 (the "Class Period"), Defendants made materially false and misleading statements concerning the safety profile and commercial viability of Merck's "blockbuster" drug Vioxx. Specifically, Plaintiffs allege that Defendants misrepresented Vioxx's cardiovascular safety profile, misstated the nature and import of the evidence available to them concerning the drug's safety, and misleadingly and disingenuously espoused an explanation of adverse clinical trial results – called the "naproxen hypothesis" – that did not implicate Vioxx's cardiovascular safety. Plaintiffs allege that Defendants' materially false and misleading statements and omissions concerning Vioxx's safety profile caused Merck's securities to trade at an artificially inflated price during the Class Period, and that when the truth that (1) Vioxx was prothrombotic, and (2) that Defendants had evidence available to them during the Class Period demonstrating Vioxx's cardiotoxicity was disclosed, the price of Merck's securities declined sharply.

3. Defendants' Answer denies the material allegations of the Complaint.

4. Dr. Mukhopadhyay was Associate Director at Merck Research Laboratories from October 1995 through February 2005. In this capacity, he was the lead statistician responsible for many of Merck's Vioxx clinical studies. Through his position at Merck, Mukhopadhyay obtained information concerning the development of Vioxx cardiovascular safety analyses of study data (including the selection of methodology and endpoints), the results of such analyses, and the ways in which data reported to the FDA differed from data generated by Merck's internal analyses. Mukhopadhyay worked with Merck's executives at the highest levels of Vioxx study planning and post-study processing and data interpretation. Mukhopadhyay is also the highest-ranking executive that performed hands-on work on raw data used in submissions to the FDA regarding Vioxx (and other regulatory bodies, internationally). Among other things, Mukhopadhyay's extensive involvement in analyzing Vioxx cardiovascular safety data will allow him to competently testify concerning: a) evidence available to Merck demonstrating that Vioxx presents a significant cardiovascular risk to patients; b) Merck's alteration of the parameters, endpoints, and inclusion criteria of its in-process Vioxx studies; and c) Merck's publication and presentation of Vioxx data (including, in submissions to the FDA and other regulatory bodies, in medical and other scholarly journals, and at scientific conferences) in a manner intended to obfuscate the drug's true cardiovascular risk.

5. Mukhopadhyay was lead statistician on the VIGOR trial, the trial that is the principal focus of the subject litigation. As lead statistician, he designed myriad analyses and authored several research memoranda detailing the cardiovascular risk suggested by the data. Additional Vioxx-related studies, with which Mukhopadhyay was involved include, the ViP study (the results of which showed increased cardiovascular risk in Vioxx patients), various Osteoarthritis and Rheumatoid Arthritis studies (which, when pooled showed an increased

cardiovascular risk for Vioxx patients, but which Merck misleadingly used to support its baseless "naproxen hypothesis"), the Alzheimer's studies (which, again, showed that Vioxx increased the risk of cardiovascular mortality in elderly Alzheimer's patients).  Mukhopadhyay was also involved in creating several meta-analyses that pooled cardiovascular data across Vioxx studies at critical periods in 2000, 2001, and 2002.  The results of analyses performed by Mukhopadhyay contradicted Merck's contemporaneous and subsequent public statements.

6. Because Mukhopadhyay has personal knowledge of the matters at issue in the coordinated litigation, it will further the interests of justice if he is compelled to provide sworn testimony and produce documents in his possession or under his control relevant to the central issues in these cases.

7. Given Mukhopadhyay's long involvement with Vioxx, his (in many cases sole) authorship of critical statistical analyses involving Vioxx's cardiovascular risk, his relative seniority, and the nature of his position at Merck during the Class Period, which required him to coordinate with members of senior management and Merck's clinical departments, Plaintiffs cannot obtain the information sought in its Letter of Request elsewhere.

8. Mukhopadhyay is not available for deposition in this country, and Letters of Request are necessary to secure the power to compel production of documents by, and sworn testimony of, Mukhopadhyay in the Republic of India because India recognizes no other process or procedure for compelling documents or testimony from witnesses in civil actions pending in other countries.

9. Fed. R. Civ. P. 28(b) permits depositions to be taken in a foreign country under an "applicable treaty or convention," including the Hague Convention.

10. The Republic of India is a signatory to the Hague Convention and recognized and will honor a Letter of Request issues pursuant to the terms and protocols of that treaty. *See* Hague Evid. Convention Arts. 1, 15-17.

11. The Letter of Request attached to this statement as Exhibit 1 satisfies the requirements of the Hague Convention and 28 U.S.C. § 1781, *et seq.*.

12. For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion for an Order issuing a Letter of Request pursuant to Rule 28(b) requesting international judicial assistance in compelling the production of documents by, and sworn testimony of, Dr. Saurabh Mukhopadhyay, also known as Saurabh Mukherjee.

                                              **CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, PC**
*Liaison Counsel for Plaintiffs*

By:    /s/ James E. Cecchi
        JAMES E. CECCHI

Dated: January 11, 2013

Salvatore J. Graziano
William C. Fredericks
David Wales
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1285 Avenue of the Americas
New York, N.Y. 10019
(212) 554-1400

*Co-Lead Counsel for Plaintiffs*