UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC)<br>Civil Action No. 05-1151(SRC)(CLW) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | Civil Action No. 05-2367(SRC)(CLW) |

**ORDER**

THIS MATTER having been opened to the Court by informal applications by Defendants to quash Plaintiffs' subpoena to Cornerstone Research, Inc. ("Cornerstone") and by Plaintiffs to compel discovery, and the Court having considered the parties' and Cornerstone's written submissions and heard the arguments of counsel, and good cause appearing for the reasons stated at the conference with the Court on January 28, 2013,

IT IS THIS 15 day of February, 2013

ORDERED as follows:

(1)   Subject to paragraph 2 below, Plaintiffs are permitted to take a deposition of the person(s) at Cornerstone who exercised discretion to make any payments by Cornerstone to Professor Paul A. Gompers since the time of Professor Gompers' retention in this case (the "Cornerstone Deposition"), regarding such discretion and any considerations that factored into, or related to, such payments in connection with this case. The parties and Cornerstone reserve all of their rights with respect to the appropriateness of additional discovery on the issue of Professor Gompers' compensation.

(2)   WHEREAS after the hearing, on January 30, 2013, United States District Judge Stanley R. Chesler, entered an Order granting class certification, it is further Ordered that the Cornerstone Deposition referenced in paragraph 1 shall not proceed unless:

    a. Defendants challenge the class certification Order, including but not limited to, by moving for reconsideration or filing a petition pursuant to Rule 23(f) of the Fed. R. Civ. P., in which case the Cornerstone Deposition will proceed expeditiously; or

    b. Defendants designate or otherwise seek to use Professor Gompers as an expert witness in this case, in which case the Cornerstone Deposition will proceed at the time he is designated or otherwise so identified.

(3) The Cornerstone Deposition(s) shall be attended only by counsel for Cornerstone and counsel in this case, and the transcript, including any exhibits, will be subject to the Pretrial Order No. 2 (Protective Order) which was "so ordered" by the Court (Bongiovanni, M.J.) on November 15, 2005, as well as designated "Attorneys-Eyes-Only" for review only by attorneys of record in this case, provided that such designation may be lifted upon agreement of Cornerstone and the parties, or upon an order of the Court. Any party filing written submissions with the Court which contain any transcript excerpts or exhibits designated "Attorneys-Eyes-Only" pursuant to this Order, or making an application for an order lifting such "Attorneys-Eyes-Only" designation, shall provide Cornerstone with fourteen (14) days advance notice of the filing or application; but if any Court filing is less than fourteen (14) days after the discovery is received, then the notice provided must be reasonable under the circumstances.

(4) Defendants will review and produce to Plaintiffs all non-privileged custodial documents of Kenneth Frazier created between January 1, 2005 and December 31, 2005, that demonstrate, evidence or disclose Merck's and/or any of the individual Defendants' possession or knowledge of information concerning Vioxx and/or naproxen prior to Vioxx's withdrawal from the market on September 30, 2004. This review and production will be used to determine

whether further review and production of Kenneth Frazier's custodial documents created between January 1, 2006 and June 30, 2008 is merited or warranted.  The parties reserve all of their rights with respect to the appropriateness of such further review and production.

_____
CATHY L. WALDOR, U.S.M.J.