GRANT & EISENHOFER P.A.
Jay W. Eisenhofer
Geoffrey C. Jarvis
Deborah Elman
Caitlin Moyna
485 Lexington Avenue, 29th Floor
New York, New York 10017
Telephone: (646) 722-8500
Facsimile: (646) 722 8501

SAIBER LLC
Jeffrey W. Lorell
Marc E. Wolin
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932-2266
Telephone: (973) 622-3333
Facsimile: (973) 622-3349

KESSLER TOPAZ MELTZER
& CHECK, LLP
David Kessler
Stuart L. Berman
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | : MDL No. 1658 (SRC)<br>:<br>: Civil Action No. 05-02367 (SRC)(CLW)<br>: |
| THIS DOCUMENT RELATES TO:<br>THE AFA LIVFÖRSÄKRINGSAKTIEBOLAG ACTION, CIVIL ACTION NO. 2:07-4024 (SRC) (CLW) | : **LOCAL CIVIL RULE 7.1(d)(4)**<br>: **STATEMENT IN LIEU OF BRIEF**<br>: **IN SUPPORT OF MOTION FOR**<br>: **LEAVE TO AMEND**<br>:<br>:<br>: |

Pursuant to Rules 15 and 17 of the Federal Rules of Civil Procedure, and paragraph 1 of the Court's December 14, 2012 Scheduling Order (Dkt. No. 451), Plaintiffs AFA Livförsäkringsaktiebolag; AFA Trygghetsförsäkringsaktiebolag; AFA Sjukförsäkringsaktiebolag on its own behalf and on behalf of Kollektivavtalsstiftelsen Trygghetsfonden TSL; Alecta Pensionsförsäkring, Ömsesidigt; Fjärde AP-Fonden; Sjunde AP-Fonden; Danske Invest Administration A/S; Swedbank Robur AB; AMF Pension Fondförvaltning AB; Arbetsmarknadsförsäkringar Pensionsförsäkringsaktiebolag; Skandinaviska Enskilda Banken AB on its own behalf and on behalf of SEB Investment Management AB, SEB Asset Management S.A., and Gamla Livförsäkringsaktiebolag SEB Trygg Liv (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby move for an Order granting Plaintiffs leave to file the [Proposed] Second Amended Complaint, attached hereto in redline form as Exhibit A, to correct the identities of two of the Plaintiffs.  Pursuant to Local Civil Rule 7.1(d)(4), Plaintiffs state that no brief is necessary to support this motion because the issues presented herein are not complex and do not affect the substantive merits of this case.  In further support of this motion, Plaintiffs state as follows:

1.      Fed. R. Civ. P. 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178,

182 (1962) ("In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment . . ., the leave sought should, as the rules require, be 'freely given.'"); *see also In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434-35 (3d Cir. 1997).  Here, Plaintiffs' request is timely-filed, without delay, well before the close of fact discovery, and is necessary to avoid substantial injustice.  Moreover, none of the factors that would support denial of Plaintiffs' motion are present here.

2.      Plaintiffs filed their initial Complaint in this action on August 21, 2007 (Dkt. No. 1 Case No. 2:07-cv-4024-SRC-CLW), and an Amended Complaint on October 21, 2011 (Docket No. 35 in Case No. 2:07-cv-4024-SRC-CLW).

3.      Plaintiffs recently discovered errors in the Amended Complaint that require correction.  *First*, the Amended Complaint incorrectly named plaintiff Danske Invest Administration A/S as a party.  In November 2008, Danske Invest Administration A/S changed its name to Danske Invest Management A/S ("Danske").  Thus, although Danske was properly named in the initial Complaint, it was incorrectly identified in the Amended Complaint.  *Second*, the Amended Complaint incorrectly named plaintiff Swedbank Robur AB as a party.  The real party in interest is Swedbank Robur AB's wholly-owned subsidiary, Swedbank

Robur Fonder AB ("Robur").   Accordingly, Plaintiffs' [Proposed] Second Amended Complaint seeks to:   (1) change all references in the Amended Complaint to "Danske Invest Administration A/S" to instead refer to "Danske Invest Management A/S"; and (2) change all references in the Amended Complaint to "Swedbank Robur AB" to instead refer to "Swedbank Robur Fonder AB," and to describe this entity properly.  *See* Exhibit A ([Proposed] Second Amended Complaint) at page 1 and ¶¶ 20, 21.

4.      This motion is timely filed:   (1) within the time prescribed by the Court's December 14, 2012 Scheduling Order; (2) well before the close of discovery; and (3) within a reasonable time after the Plaintiffs identified the errors that they seek to address in the [Proposed] Second Amended Complaint.  *See* Dkt. No. 451 at ¶ 1 (setting deadline for seeking leave to amend on March 15, 2013).[1]

5.      The filing of Plaintiffs' [Proposed] Second Amended Complaint also will not unduly prejudice Defendants.  Plaintiffs alerted Defendants to the errors necessitating amendment on February 11, 2013, when responding to Document Requests and Interrogatories Defendants recently served.   Further, Danske and Robur responded to the Document Requests and Interrogatories served on the Danske and Robur entities identified in the Amended Complaint.   In addition, Defendants have not yet deposed any of the Plaintiffs' representatives in this action

---

[1] Unless otherwise noted, all docket references are to No. 05-02367 (SRC)(CLW).

and have three more months to take discovery of these Plaintiffs before fact discovery ends.

6.      Amendment also is not futile as the Court has already sustained substantially similar claims in the class action and other related individual actions. *See, e.g.*, Dkt. Nos. 286, 287; Dkt. Nos. 80, 81 in Civil Action No. 2:05-cv-5060-SRC-CLW.  Furthermore, Defendants have answered the Amended Complaint. Dkt. Nos. 380, 387.  Plaintiffs' [Proposed] Second Amended Complaint simply identifies the proper Danske and Robur parties that purchased and/or sold Merck common stock during the Relevant Time Period (May 21, 1999 through September 30, 2004).  The substantive merits of Plaintiffs' claims are not implicated by these amendments.

7.      The [Proposed] Second Amended Complaint is also proper under Rules 15(c) and 17(a) because it relates back to the prior complaints and simply seeks to name the real parties in interest.  *See In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 297 (3d Cir. 2010) ("Rule 15(c)(1)(C) does not expressly refer to the addition of a new plaintiff . . .  However, our Court (and other courts) have also applied its requirements to the addition of new plaintiffs.") (citations omitted). Specifically, the [Proposed] Second Amended Complaint concerns the same facts and transactions as the prior complaints in this action, there is a sufficient identity of interests between the correct Danske and Robur entities, and the Danske and

Robur parties originally named, and Defendants will not be unduly prejudiced by the amendment, as discussed *supra* at ¶ 5.  *See MCI Worldcom Network Servs. v. Graphnet, Inc.*, No. 00-5255 (WHW), 2005 U.S. Dist. LEXIS 40835, at *22 (D.N.J. May 10, 2005) (citations omitted).[2]

8.      For example, at the time Plaintiffs filed the initial Complaint, Danske operated under the name Danske Invest Administration A/S and, thus, was properly identified therein.  Although Danske changed its name prior to Plaintiffs' filing of the Amended Complaint, Danske Invest Administration A/S is still a proper party to this action, doing business under a different name.  Thus, the proposed amendment to reflect Danske's name change clearly relates back to the initial Complaint and the Amended Complaint under Rule 15(c).  *See Dandrea v. Malsbary Mfg. Co.*, 839 F.2d 163, 166-68 (3d Cir. 1988) (finding proposed amendment to reflect defendant's name change related back to initial complaint, even though defendant had changed its name before plaintiff filed suit); *see also Hyatt Chalet Motels, Inc. v. Salem Bldg. & Constr. Trades Council*, 298 F. Supp. 699, 703-04 (D. Or. 1968) (holding that naming of party under its prior name, when it had already changed names by the time the complaint was filed, was an "error [that] goes to form, rather than substance, and the error could have been corrected by a simple amendment under Rule 17(a)").

---

[2] True and correct copies of all unreported decisions cited herein are attached hereto as Exhibit B.

9.     The amendment to identify the proper Robur entity also relates back to the initial Complaint and Amended Complaint, and is proper.  *See MCI Worldcom Network Servs*., 2005 U.S. Dist. LEXIS 40835, at \*23 (noting that "a sufficient identity of interest has been found 'when the original and added plaintiffs are a parent corporation and a wholly-owned subsidiary'" and finding this element satisfied because the original plaintiff was the "direct or indirect parent holding company of the substituted plaintiffs") (quoting *Young v. Lepone*, 305 F.3d 1, 15 (1st Cir. 2002)).

10.     Moreover, the misidentification of the Danske and Robur entities in the prior complaints is "the result of an honest and understandable mistake," and was not an attempt to avoid any statute of limitations problems.  *MCI Worldcom Network Servs*., 2005 U.S. Dist. LEXIS 40835, at \*19-20 (quoting *Feist v. Consolidated Freightways Corp*., 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999)); *see also Queens West Dev. Corp. v. Honeywell Int'l, Inc*., No. 10-4876-PGS, 2013 U.S. Dist. LEXIS 5802, at \*19 (D.N.J. Jan. 15, 2013) (holding that statute of limitations concerns were not present and that claims related back to the filing of the original complaint where plaintiffs' failure to name the corporate parent as a party was the result of a mistake, and not an "end run around the statute of limitations," and plaintiffs merely sought to substitute in the parent company for its subsidiary).  Indeed, the proper Danske and Robur entities, to the extent they were

not parties to this action, remained members of the pending class action through and including January 30, 2013, when the Court certified a class consisting of "all persons and entities who, from May 21, 1999 to September 29, 2004, inclusive (the "Class Period"), purchased or otherwise acquired Merck & Co., Inc. ("Merck") common stock or call options, or sold Merck put options (the "Class")," and their claims were tolled until that date.  Dkt. No. 473; *see also Am. Pipe, Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-56 (1974) (holding that the "commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status").

11.    In light of the foregoing, and for good cause shown, Plaintiffs respectfully request that the motion be granted.

Dated:  March 15, 2013

KESSLER TOPAZ MELTZER
& CHECK, LLP
*Counsel for Plaintiffs*

By:  /s/ Stuart L. Berman
       STUART L. BERMAN

SAIBER LLC
Jeffrey W. Lorell
Marc E. Wolin
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932-2266
Telephone: (973) 622-3333
Facsimile: (973) 622-3349

*Liaison Counsel for Plaintiffs*

GRANT & EISENHOFER P.A.
Jay W. Eisenhofer
Geoffrey C. Jarvis
Deborah Elman
Caitlin Moyna
485 Lexington Avenue, 29th Floor
New York, New York 10017
Telephone: (646) 722-8500
Facsimile: (646) 722 8501

*Counsel for Plaintiffs*