**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A Limited Liability Partnership Formed in Pennsylvania)
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
Tel:   (856) 488-7700
ATTORNEYS FOR NON-PARTY LOREN LAINE, M.D.

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:  MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | : Civil Action No. 2:05-cv-02367-SRC-CLW <br> : <br> : MDL No. 1658 (SRC) <br> : <br> : <br> : |

---

**MEMORANDUM OF LAW OF NON-PARTY LOREN LAINE, M.D.
IN SUPPORT OF MOTION TO QUASH SUBPOENA
OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Non-party Loren Laine, M.D. ("Dr. Laine"), by his undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion pursuant to F.R.C.P. 45 to Quash the Subpoena served on him in this action, or, in the alternative for a Protective Order pursuant to F.R.C.P. 26(c) limiting the scope of his deposition.

**I.
PRELIMINARY STATEMENT**

Dr. Loren Laine, a non-party nationally-renowned gastroenterologist, received two subpoenas from Plaintiffs in this matter on May 8, 2013. (Attached hereto as Exhibit A.) One requested documents and the other seeks to compel his deposition. Dr. Laine is in the process of producing records pursuant to the document subpoena. However, he files the present motion

3438468v1

seeking to quash the deposition subpoena, or at least limit it in accordance with F.R.C.P. 45's prohibition against compelling an expert's opinion testimony. Indeed, Dr. Laine's counsel offered to stipulate to such a limitation with Plaintiffs' counsel to eliminate the need for the present motion, but Plaintiffs' counsel declined that offer.

In addition to Rule 45's prohibition on compelling expert testimony, Plaintiffs can show no compelling need for Dr. Laine's testimony as a fact witness, as he was already deposed by similarly situated plaintiffs' counsel for a full day in 2010 in a prior VIOXX case (*State of Louisiana, ex rel. James D. Caldwell, Attorney General v. Merck and Co, Inc.*, Case No. 05-3700). Since the pertinent events in the present litigation all date back to 2004 and earlier, it is obvious that no new relevant communications have been made by Dr. Laine since Dr. Laine's deposition was taken in 2010. Plaintiffs thus will have ample information on the topics on which they seek to depose Dr. Laine again. This makes Plaintiffs' asserted need for yet another deposition of Dr. Laine even more tenuous than was their asserted need to depose two other similarly-situated non-party physicians who received identical subpoenas and were granted protective orders from the other Courts that had jurisdiction over those subpoenas prohibiting "expert witness" questioning.

Accordingly, for the reasons set forth at length below, Dr. Laine respectfully requests that this Court either quash the deposition subpoena, or limit the scope of questioning to factual matters and prohibit questions that call for expert opinions.

## II.
## STATEMENT OF FACTS

As the Court is well aware, the broader litigation underlying Plaintiffs' Subpoenas concerns VIOXX, an FDA-approved prescription medicine which Merck & Co., Inc. ("Merck") manufactured and marketed from May 1999 to September 2004 and in particular what Merck believed about VIOXX during that time frame.

Plaintiffs issued a deposition subpoena to Dr. Laine (*see* Exhibit A) in connection with the present MDL.  Dr. Laine is a not a party to that litigation, in which Plaintiffs allege that Merck made materially false and misleading statements concerning VIOXX and that these statements affected the prices of Merck shares, thus harming the shareholders.  *See* Corrected Consolidated Fifth Amended Class Action Complaint, *In re Merck & Co., Inc., Sec., Deriv. & "ERISA" Litig.*, MDL No. 1658, No. 2:05-02367 (D.N.J., Mar. 10, 2009), ECF No. 231.  Simply put, Plaintiffs' claims relate to what Merck management and personnel believed and said about VIOXX, not what Dr. Laine believed or said beyond what he communicated to Merck.   Yet, with this deposition subpoena, Plaintiffs are effectively attempting to conscript Dr. Laine into Plaintiffs' service as an expert witness against his will and contrary to well-settled principles of the applicable law.

Dr. Laine is a well-known authority on digestive diseases, including those analyzed in the VIGOR study.  While Dr. Laine has a great deal of accumulated scientific knowledge regarding research, studies and data relating to certain aspects of VIOXX and gastrointestinal conditions, this information is inextricably part of his scientific and medical expertise.  To the extent Dr. Laine's communications with Merck management or personnel concerning VIOXX were documented, in all likelihood they either have been produced by others or will be provided to Plaintiffs as part of Dr. Laine's document production.  Dr. Laine's further thoughts and opinions

regarding any public statements made by Merck regarding VIOXX are not material to Plaintiffs' claims, and any testimony on these subjects would, for all practical purposes, constitute expert testimony.

Plaintiffs have no compelling need for Dr. Laine's testimony since the key questions at issue in this litigation center on what Merck believed during the relevant time frame. Furthermore, not only is Dr. Laine already in the process of producing documents to Plaintiffs about his prior communications and activities in connection with Vioxx and/or Merck,[1] but as noted above, Dr. Laine was already deposed for a full day in 2010 in a prior VIOXX case (*State of Louisiana, ex rel. James D. Caldwell, Attorney General v. Merck and Co, Inc.*, Case No. 05-3700), thus providing plaintiffs with ample information on these topics, making plaintiffs' purported need for yet another deposition of Dr. Laine even more doubtful.

In light of the substantial likelihood that the testimony being sought from Dr. Laine either will duplicate his prior testimony in a VIOXX case and amount to an unjustified burden on him as a non-party, or violate F.R.C.P. 45's prohibition on compelling an expert's opinion testimony,[2] Dr. Laine asks that the Court quash the Subpoena. In the alternative, Dr. Laine asks that the Court issue a Protective Order prohibiting Plaintiffs' efforts to compel his expert opinion against his wishes.

---

[1] Plaintiffs in this action have agreed, at least initially, to narrow their request for documents to those documents previously produced by Dr. Laine in the prior VIOXX litigation, where he was deposed. Plaintiffs have also asked whether Dr. Laine has any documents regarding VIOXX from the relevant time period that have not been previously produced, and there are none.

[2] See FED. R. CIV. P. 45(c)(3)(B)(ii); *United States of America v. University of Medicine and Dentistry of New Jersey*, 2008 WL 4514046, at *2-3 (D.N.J. Sept. 26, 2008) (granting a motion to quash a deposition subpoena of an unretained non-party witness, and noting that under Rule 45(c)(3)(B)(ii), "an issuing court may quash a subpoena if it requires 'disclosing ... information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.'").

A. **Dr. Loren Laine**

Dr. Laine is a well-known authority on digestive diseases, including those analyzed in the VIGOR study, and is an active, full-time academic physician and research scientist. He is a Professor of Medicine and a director of clinical research at the Yale University School of Medicine. (Affidavit of Loren Laine, attached hereto as Exhibit B ("Laine Aff."), ¶ 1). Before joining the faculty at Yale, Dr. Laine was associate chair in the department of medicine of the University of Southern California (USC) School of Medicine and chief of staff of the Los Angeles County + USC Healthcare Network. (*Id.*) Dr. Laine is the Chair of the American Gastroenterological Association and the immediate past President of the American Gastroenterological Association Institute, has served on the AGA Institute Governing Board three times, and chaired the AGA Institute Council. (*Id.* ¶ 2) Prior to chairing the council, Dr. Laine was elected to chair two of its sections: the esophageal, gastric and duodenal disorders section and the clinical practice section. (*Id.*) He also served as an associate editor of Gastroenterology. (*Id.*) Over the years, Dr. Laine has been involved with activities of the National Institutes of Health and the U.S. Food and Drug Administration, as well as with the American Society for Gastrointestinal Endoscopy and the American College of Gastroenterology. (*Id.* ¶3.) A noted clinical investigator, Dr. Laine's research has focused on all aspects of gastrointestinal bleeding (variceal, non-variceal, occult, obscure and lower), ulcer disease (Helicobacter pylori, NSAIDs, low-dose aspirin), GERD, dyspepsia, and AIDS-related disorders. (*Id.* ¶8.) He is an internationally renowned educator, and in the course of his career, Dr. Laine also has authored many publications in these areas. (*Id.*)

Dr. Laine does not wish to testify as an expert witness in the VIOXX litigation and – aside from his scientific research and publications and the extensive amount of scientific work

that went into them – has already given a full day of testimony at a prior VIOXX deposition. (*Id.* ¶¶5-6) Dr. Laine is a full-time academic physician and research scientist with an extremely busy schedule. (*Id.* ¶4) He teaches and supervises students and physicians-in-training throughout the year, supervises a number of ongoing research projects, and is active in the clinical care of numerous patients. (*Id.*) If he were compelled to participate in this litigation, beyond duplicating the already trodden ground of confirming his prior communications with Merck, it would effectively require Dr. Laine to provide expert testimony without having been retained to do so, and would impose a burden on his time now devoted to academic and research endeavors. (*Id.* ¶9.)

Plaintiffs' efforts to compel expert testimony are improper and contrary to established legal principles, and would impose a significant and unnecessary burden on Dr. Laine, particularly in light of the testimony he has already provided in response to questions posed by similarly-situated plaintiffs' counsel in other VIOXX-related litigation. For these reasons, the Court should quash the deposition Subpoena or, in the alternative, grant Dr. Laine's motion for a Protective Order to ensure that if he is compelled to provide testimony again, it does not require providing his expert opinions.

### III.
### ARGUMENT

**A.     THE DEPOSITION SUBPOENA SHOULD BE QUASHED**

The deposition Subpoena issued to Dr. Laine by Plaintiffs should be quashed for two reasons. First, under the Federal Rules of Civil Procedure, Plaintiffs cannot compel an expert to testify at trial against his will. Dr. Laine is of interest to Plaintiffs due to his expertise, but does not wish to testify as an expert witness on Plaintiffs' behalf. Any expert testimony obtained at his deposition would thus be inadmissible at trial. Second, the Federal Rules of Civil Procedure

3438468v1

require a court to quash a subpoena if that is necessary in order to protect a non-party from undue burden. In this case, requiring Dr. Laine to testify in this matter would impose an undue and unjustifiable burden on him. Therefore, this Court should grant Dr. Laine's motion and quash the Subpoena issued by Plaintiffs.

1. <u>Plaintiffs Cannot Compel Expert Testimony from Dr. Laine</u>

Dr. Laine does not have knowledge of those matters central to Plaintiffs' claims – i.e. what Merck executives thought - and would, therefore, be incompetent to testify regarding the specific factual issues presented by this case. *See* FED. R. EVID. 602 (providing that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"). Plaintiffs' claims relate to what Merck management and personnel believed and said about VIOXX. Dr. Laine's communications with Merck on these subjects, and his thoughts about them, are thus not material to Plaintiffs' claims.

In addition, to the extent Dr. Laine's communications with Merck were documented, in all likelihood they either have been or will be provided to Plaintiffs as part of document production in this action, and Dr. Laine has already provided deposition testimony in a VIOXX case: *State of Louisiana, ex rel. James D. Caldwell, Attorney General v. Merck and Co, Inc.*, Case No. 05-3700. Any marginal additional value that his additional deposition testimony might provide (to the extent – if at all – that it does not simply duplicate his previously provided testimony) would be substantially outweighed by (a) the fact that it would be far more appropriate and probative of the issues in this litigation for Plaintiffs to directly ask Merck management and personnel what they knew when they made the disputed statements, (b) the significant risk that the deposition of non-party Dr. Laine will require him to provide expert

3438468v1

opinions or information despite not being retained as an expert; and (c) the unjustified burden on Dr. Laine's time that a deposition would require.

While Dr. Laine has a great deal of accumulated scientific knowledge regarding research, studies and data relating to certain aspects of VIOXX and gastrointestinal issues, this information is inextricably part of his scientific and medical expertise. Any testimony on these subjects would, for all practical purposes, constitute expert testimony. The law is well established that Plaintiffs cannot compel Dr. Laine to testify as an expert against his will. The Federal Rules of Civil Procedure authorize a court to quash a subpoena when the subpoena requires a witness to provide expert opinions or information despite not being retained as an expert. *See* FED. R. CIV. P. 45(c)(3)(B)(ii); *Young v. U.S.*, 181 F.R.D. 344, 346 (W.D. Tex. 1997) (stating that "just because a party wants to make a person work as an expert does not mean that, absent the consent of the person in question, the party generally can do so."); *United States of America v. University of Medicine and Dentistry of New Jersey*, 2008 WL 4514046, at *2-3 (D.N.J. Sept. 26, 2008) (granting a motion to quash a deposition subpoena of an unretained non-party witness, and noting that under Rule 45(c)(3)(B)(ii), "an issuing court may quash a subpoena if it requires 'disclosing ... information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.'").

Rule 45 of the Federal Rules of Civil Procedure was amended specifically to prevent situations such as the one presented by the Subpoena to Dr. Laine, a situation in which a subpoena is used to compel expert testimony by an unretained professional. *See Mattel, Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 814 (9th Cir. 2003) ("As the 1991 amendment notes to Federal Rule of Civil Procedure 45 states, Rule 45(c)(3)(B)(ii) was intended to provide 'appropriate protection for the intellectual property of non-party witness.... A growing problem

has been the use of subpoenas to compel the giving of evidence and information by unretained experts.'"); *D.B. v. Ocean Tp. Bd. of Educ.*, 985 F. Supp. 457, 479 n.12 (D.N.J. 1997) (noting Rule 45(c)(3)(B)(ii) of the Federal Rules of Civil Procedure, which pertains to an unretained expert being compelled to provide opinion or information, was added to combat this "growing problem."); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pa.*, 148 F.R.D. 552 (S.D. W. Va. 1993) (Rule 45(c)(3)(B)(ii) establishes the right of unretained experts to "withhold their expertise."); *see also Schering Corp. v. Amgen, Inc.*, 1998 WL 552944, *2 (D. Del. Aug. 4, 1998) (noting that Rule 45(c)(3)(B)(ii) was intended to combat this "growing problem" and that the Rule allows unretained experts to "withhold their expertise."). Plaintiffs are certainly entitled to enlist expert testimony on the issues in this case, but cannot obtain such testimony without consent from Dr. Laine under the guise of seeking factual information from him.

  2. <u>Requiring Dr. Laine to Testify Would Impose an Unjustifiable Burden on Him as a Non-Party, Particularly in Light of His Having Been Previously Deposed by Counsel Similarly Situated to Plaintiffs in This Action</u>

Rule 45 of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that … subjects a person to undue burden." FED. R. CIV. P. 45 (c)(3)(A)(iv). In determining whether there is an undue burden, the Court must consider not only the burden imposed but also the necessity for the deposition and whether the same information can be obtained from other sources. *In re Lazaridis*, 865 F. Supp. 2d 521, 524, 527-28 (D.N.J. 2011); *HCP Laguna Creek CA, LP v. Sunrise Sr. Living Mgmt., Inc.*, 2010 WL 890874 at *3 (M.D. Tenn. Mar. 8, 2010). "Whether a burden is undue requires weighing 'the likely relevance of the requested material … against the burden … of producing the material.'" *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010) (*citing EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)). A significant factor in this analysis is whether the recipient of the

subpoena is a non-party to the litigation. *E.E.O.C. v. Kronos Inc.*, 694 F.3d 351, 355 (3d Cir. 2012) ("the District Court's thoughtful handling of this case reflects its efforts to comply with our mandate and to strike a balance between the burden on a non-party and the EEOC's need for information"); *see also Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007) ("Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties"), citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in Rule 45 inquiry); *In re Smirman*, 267 F.R.D. at 223; *HCP Laguna Creek CA, LP*, 2010 WL 890874 at *3 ("status as a non-party is a factor to consider in addressing the burden [a] deposition might have").

Requiring Dr. Laine to be deposed when he has already provided testimony in a prior VIOXX case would inflict a substantial and unjustified burden on him. Dr. Laine is an active, full-time academic physician and research scientist. In addition to violating the provisions of Rule 45(c)(3)(B)(ii), if Dr. Laine were compelled to testify in response to the Subpoena, it would impose a substantial burden on his time now devoted to academic and research endeavors and the care of his own patients. Plaintiffs simply cannot justify the burden on Dr. Laine that would be imposed by compelled attendance at a deposition, which was scheduled without even consulting him (Subpoena, Exhibit A; Laine Objections to Subpoena, attached as Exhibit C.). The burden is particularly unjustified given the marginal value any such additional testimony may have on the relevant issue of what Merck believed during the pertinent period. Dr. Laine's deposition testimony is not necessary, and would add little, if anything, to the information Plaintiffs have already gathered. Given that Plaintiffs in all likelihood already have the vast bulk

of information they claim to seek, the imposition of an additional burden on Dr. Laine is unjustifiable and the deposition subpoena must be quashed.

    3.    <u>Under Rule 45, Dr. Laine's Deposition Subpoena Should Be Quashed</u>

In sum, Dr. Laine's deposition should not go forward because the Rules and the law provide that he cannot be compelled to be an expert witness against his will. The information regarding scientific and medical issues that he does possess all constitute what is essentially expert opinion. Plaintiffs cannot justify the substantial burden on Dr. Laine that compelled attendance at a deposition would impose, particularly when contrasted with the minimal relevance his testimony would have to the actual issues in the case and the marginal additional benefit his second deposition in a VIOXX case would yield. Dr. Laine therefore respectfully requests that the deposition Subpoena be quashed.

**B.    IN THE ALTERNATIVE, THE COURT SHOULD ISSUE A PROTECTIVE ORDER**

In the alternative, Dr. Laine should be granted a Protective Order, pursuant to Rule 26 of the Federal Rules of Civil Procedure, limiting the scope of discovery directed to them. Rule 26 provides, in relevant part:

> **(1) *In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(A)** forbidding the disclosure or discovery;
>
> **(B)** specifying terms, including time and place, for the disclosure or discovery;

  **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

  **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

  **(E)** designating the persons who may be present while the discovery is conducted;

  **(F)** requiring that a deposition be sealed and opened only on court order;

  **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

  **(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

FED. R. CIV. P. 26(c).

  1. <u>Dr. Laine is Entitled to a Protective Order Limiting His Deposition Testimony</u>

  For the reasons above, Plaintiffs cannot compel Dr. Laine's expert witness testimony. Nor can Plaintiffs disguise expert questioning as a mere attempt to seek factual information from Dr. Laine. In short, any questioning seeking to elicit expert testimony is contrary to established law and rules, and would cause unreasonable annoyance to and impose an unjustifiable burden on Dr. Laine. Accordingly, if the Subpoena is not quashed, Dr. Laine asks that the Court enter an Order limiting Plaintiffs' interrogation of Dr. Laine to fact issues only and precluding Plaintiffs from posing questions that would solicit expert testimony at his deposition. For example, questioning on issues such as Dr. Laine's opinions on COX-2 studies, research or analysis of clinical trials he or others conducted, advice or suggestions he gave to Merck regarding scientific hypotheses concerning VIOXX, or communications from Dr. Laine to Merck scientists should be precluded.

3438468v1

As noted above, two other Courts - the Eastern District of Pennsylvania and the Middle District of Tennessee - have entered this form of Protective Order limiting Plaintiffs' interrogation of similar non-party doctors with knowledge regarding research, studies, and data relating to VIOXX to fact issues, but who – unlike Dr. Laine – had not been previously deposed in a VIOXX-related matter. *See* Order entered upon "Motion of Non-Party John A. Oates, M.D., to Quash Subpoena or, in the Alternative, for Protective Order," *In re Merck & Co., Inc., Sec., Deriv. & "ERISA" Litig.*, MDL No. 1658, Misc. Docket No. 3:13-mc-00032 (M.D. Tenn. May 8, 2013) (ordering that "Plaintiffs may not pose questions that solicit expert testimony, e.g., questions seeking opinions ... on scientific or medical matters that may be at issue in the litigation"), attached as Exhibit D; Order entered upon "Motion of Non-Party Garrett A. Fitzgerald, M.D., to Quash Subpoena or, in the Alternative, for Protective Order," *In re Merck & Co., Inc., Sec., Deriv. & "ERISA" Litig.*, MDL No. 1658, Misc. Docket No. 2:13-mc-00025 (JRS) (E.D. Pa. April 9, 2013) (same limitations as to Dr. Fitzgerald), attached as Exhibit E.

If Dr. Laine's deposition subpoena is not quashed, despite the dubious added benefit of compelling Dr. Laine to provide duplicative factual testimony, and in spite of the provisions of Rule 45 prohibiting compelled expert testimony, a Protective Order prohibiting inquiry that would solicit Dr. Laine's expert testimony would minimize the burden on Dr. Laine as a non-party while providing Plaintiffs with the fact testimony they purport to seek.

3438468v1

# IV.
# **CONCLUSION**

For the foregoing reasons, the Court should grant this motion to quash or, in the alternative, issue a Protective Order limiting Plaintiffs' interrogation of Dr. Laine to fact issues only.

Respectfully submitted,

Dated: June 13, 2013

s/ Paul H. Zoubek
Paul H. Zoubek, Esquire
Montgomery, McCracken,
    Walker & Rhoads LLP
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ  08002
Tel:  856-488-7700
pzoubek@mmwr.com

Jeremy D. Mishkin, Esquire
Montgomery, McCracken,
    Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109
Tel:  215-772-1500
jmishkin@mmwr.com
Unopposed *pro hac vice* admission pending

*Attorneys for Non-Party Dr. Loren Laine*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing *Notice of Motion to Quash Subpoena or in the Alternative for Protective Order* and *Memorandum of Law* in Support were served on the following persons by email:

>Brett Van Benthysen, Esquire
>Salvatore J. Graziano, Esquire
>Adam H. Wierzbowski, Esquire
>Bernstein Litowitz Berger & Grossmann LLP
>1285 Avenue of the Americas
>New York, New York 10019

Dated: June 13, 2013

s/ Paul H. Zoubek
Paul H. Zoubek
Montgomery, McCracken,
   Walker & Rhoads LLP
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
Tel: (856) 488-7700
pzoubek@mmwr.com

*Attorneys for Non-Party Dr. Loren Laine*