# EXHIBIT A

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

MDL No. 1658 (SRC)
2:05-cv-01151-SRC-CLW

_____ )
_____Plaintiff_____ )
v. ) Civil Action No.
IN RE MERCK & CO., INC. SECURITIES, )
DERIVATIVE & "ERISA" LITIGATION ) (If the action is pending in another district, state where:
_____Defendant_____ )                                                                                       )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Loren A. Laine, MD
     190 Golden Pond LN, Fairfeild CT 06824-2100

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Bernstein Litowitz Berger and Grossmann LLP<br>1285 Ave of the Americas, 38th floor<br>New York, NY 10019 | Date and Time:<br>05/29/2013 9:30 am |
|---|---|

The deposition will be recorded by this method:  __videographer and stenographer__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  __05/08/2013__

_CLERK OF COURT_

_____         OR         _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Plaintiffs_____
_____, who issues or requests this subpoena, are:

Adam H. Wierzbowski, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave. of the Americas, Fl. 38, New York, NY 10019, Adam@blbglaw.com-212-554-1510

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

MDL No. 1658 (SRC)
2:05-cv-01151-SRC-CLW

_____  )
         *Plaintiff*              )
              v.                  )  Civil Action No.   2:05-cv-02367-SRC-CLW
IN RE MERCK & CO., INC. SECURITIES, )
DERIVATIVE & "ERISA" LITIGATION   )  (If the action is pending in another district, state where:
_____   )
         *Defendant*              )                                         )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Loren A. Laine, M.D.
     190 Golden Pond Lane, Fairfield, CT 06824-2100

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
    See attached Schedule A

| Place: Bernstein Litowitz Berger and Grossmann LLP<br>1285 Ave of the Americas, 38th floor<br>New York, NY 10019 | Date and Time:<br><br>05/24/2013 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    05/08/2013

                *CLERK OF COURT*
                                                OR      _____/s/_____
         _____                 _____
         *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____, who issues or requests this subpoena, are:

Adam H. Wierzbowski, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Ave. of the Americas, Fl. 38, New York, NY 10019, Adam@blbglaw.com-212-554-1510

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:05-cv-02367-SRC-CLW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS

1. "Agent" of a person means the person's agent for any purpose whatsoever, and any representative thereof, including but not limited to advisors, attorneys, consultants, employees, experts, fiduciaries, and insurers.

2. "Communication" means the transmission of information of any kind through any means.

3. "Computer" includes, without limitation, any file servers, application servers, e-mail servers, desktop computers, laptop computers, notebook computers, tablet computers, personal digital assistants (PDAs) or other handheld computing devices, digital cell telephones, pagers and any other device, whether or not connected to any network.

4. "Concerning" means concerning, relating to, consisting of, referring to, describing, evidencing, reflecting or constituting.

5. "Data" means information, quantities or characters, and includes, without limitation, data sets and derived data sets, and information stored in Statistical Analysis System ("SAS") format.

6. "Document" is intended to have the broadest possible meaning under Rule 34(a) of the Federal Rules of Civil Procedure, and includes, without limitation, ESI (as defined below). A draft or non-identical copy is a separate document within the meaning of this term.

7. "Electronically-Stored Information" ("ESI") means all potentially discoverable electronically stored information and includes, without limitation, videotaped recordings and electronically stored "documents," as that term is used in Rule 34(a) of the Federal Rules of Civil Procedure. ESI further includes, without limitation, the following: (a) information or data that is generated, received, processed, or recorded by computers or other electronic devices, including

metadata (e.g., data concerning a document's author, custodian, recipient, cc, bcc, file creation date, file modification date, etc.); (b) files on any forms of back-up media; and (c) any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, DVDs, CDs, external hard drives, flash drives, memory cards or on any other media for digital data storage or transmittal.

8. "Merck" means the corporation formerly doing business as Merck & Co., Inc., the name of which, as of November 3, 2009, was changed to Merck Sharpe & Dohme Corporation (in connection with a merger with Schering-Plough Corporation) and its subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors and joint ventures, and present and former officers, directors, partners, principals, employees, representatives, agents, attorneys and advisors (and all other individuals acting or purporting to act on its behalf).

9. "Relevant Time Period" is from the time of Your first employment at Merck to the present, and shall include all Documents and information Concerning, in whole or in part, the Relevant Time Period and/or events or circumstances during such period, even though dated, prepared, generated, or received prior to that period.

10. "Vioxx" means the drug or compound referred to by any of the following names: Vioxx, rofecoxib or MK-0966.

11. "You" or "Your" means the individual answering this subpoena as well as each of his or her respective partners, agents, representatives, attorneys and accountants, and anyone else acting under such person's direction or control.

## INSTRUCTIONS

1. The subpoena to which this Schedule is attached requires You to produce all responsive Documents from the Relevant Time Period that are within Your possession, custody,

or control, including without limitation Documents in the possession of Your Agents. This includes all responsive Documents from Your personal e-mail account(s) and computer(s).

2. Unless otherwise specified, this subpoena calls for Documents prepared, created, used or in any way existing during the Relevant Time Period and/or in any way Concerning the Relevant Time Period.

3. In responding to the subpoena, You are to produce all responsive Documents and ESI requested herein in the form in which they are or were maintained and/or used in the usual course of business.

4. The subpoena's request for documents shall be deemed to include any and all transmittal sheets, cover letters, routing lists, exhibits, enclosures, attachments, and other Documents to which the responsive Document is clipped, stapled, electronically appended, or otherwise attached, and/or any file folder in which the Document was maintained, in addition to the Document.

5. These Document requests shall be deemed to include requests for all drafts and successive iterations of any Document, all translations thereof into languages other than the original, and modifications thereto, including copies bearing notes, marginalia, underlining, highlighting, or other marks, in addition to the Document itself.

6. The use of a singular noun shall be construed to include the plural, and vice versa.

7. The use of a verb in any tense or voice shall be construed as the use of the verb in all other tenses or voices as necessary to bring within the scope of the subpoena all Documents that might otherwise be construed to be outside of its scope.

8.  As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of a request any information that might otherwise be considered beyond it.

9.  The term "all" shall be construed in the broadest sense possible to be consistent with an interpretation that results in a more expansive response.

10. The specificity of any request herein shall not be construed to limit the generality or reach of any other request herein.

11. If any Document covered by this subpoena is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log, pursuant to Fed. R. Civ. P. 45(d)(2)(A), providing with respect to each such withheld Document the date, author, recipients, general subject matter, and sufficient information to evaluate the legal basis upon which the Document has been withheld.

12. If You object to a specific document request below in part, please state specifically which part of the request You find objectionable and produce all Documents responsive to all other parts of the request, pursuant to Fed. Civ. P. 45(d).

13. These requests are continuing in nature as to require supplemental responses as specified by Fed. R. Civ. P. 26. Each supplemental response shall be served on Plaintiffs within five (5) business days of the discovery or creation of such additional Documents.

## DOCUMENT REQUESTS

1.  All Documents and/or Communications Concerning Vioxx in Your care, custody or control, including, without limitation:

    (a)  all Documents Concerning clinical tests, analyses, meta-analyses, pooled analyses or trials, observational or epidemiological studies, or other patient studies Concerning Vioxx;

(b) all Documents Concerning medical journal abstracts, articles, publications, or presentations Concerning Vioxx, whether or not You are listed as an author, and the studies, analyses, or meta-analyses that underlie or are associated with them;

(c) all Documents Concerning the determination or adjudication of actual or suspected adverse cardiovascular, vascular, thrombotic or thromboembolic events in connection with Vioxx-related trials, including, but not limited to, standard operating procedures drafted and/or adopted by Merck for the adjudication of suspected adverse cardiovascular, vascular, thrombotic or thromboembolic events;

(d) all Documents You have provided to or received from Merck or Merck's counsel related to Vioxx, whether or not produced in any Vioxx-related litigation(s);

(e) all Communications between You and Merck or Merck's counsel related to Vioxx or Vioxx-related litigation(s);

(g) all Documents Concerning the withdrawal of Vioxx from the market;

(h) all Documents Concerning the November 1, 2004 *Wall Street Journal* article titled "E-Mails Suggest Merck Knew Vioxx's Dangers at Early Stage."

2. All Documents Concerning clinical tests, analyses, meta-analyses, pooled analyses or trials, observational or epidemiological studies or other patient studies Concerning naproxen.

3. All Documents Concerning medical journal abstracts, articles, publications, or presentations Concerning naproxen and other NSAIDs, whether or not You are listed as an author, and the studies, analyses, or meta-analyses that underlie or are associated with them.

4. All Documents Concerning Merck's marketing materials, public relations materials, investor relations materials, or salesperson training materials.

5

5. All Documents Concerning any governmental or private investigation related to Vioxx, including, without limitation, by the U.S. Department of Justice or the Honorable John S. Martin, Jr., including any Documents You received from, or produced to, any person conducting such investigation, and Documents Concerning any notes taken by You or anyone else Concerning such investigation, and all Communications Concerning such investigation.

6. All Documents Concerning any retainer agreements between You and Merck.

7. All Documents Concerning any payment made to you by Merck.