# EXHIBIT C

# MONTGOMERY McCRACKEN

ATTORNEYS AT LAW

**Jeremy D. Mishkin**
Admitted in Pennsylvania & New York

123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
Tel:  215-772-1500

Direct Dial:        215-772-7246
Fax:                   215-731-3883
Email:       jmishkin@mmwr.com

May 22, 2013

**By E-Mail (adam@blbglaw.com)**

Adam H. Wierzbowski, Esq.
Bernstein Litowitz Berger & Grossman, LLP
1285 Avenue of the Americas
New York, NY 10019

Re:     In Re: Merck & Co., Inc., Securities Derivative & "ERISA" Litigation, MDL No.
         1658 (D.N.J.)

Dear Mr. Wierzbowski:

       This firm represents Loren Laine, MD, ("Dr. Laine") in connection with the two
subpoenas dated May 8, 2013 issued by your office, one seeking the production of documents
(the "Document Subpoena"), and one seeking Dr. Laine's testimony at a deposition on May 29,
2013 (the "Deposition Subpoena").  By agreement, on May 9, 2013 I accepted service of both
subpoenas on behalf of Dr. Laine.  Dr. Laine is a non-party to the above-referenced action, and I
request that any further contact with Dr. Laine be made only through me.

**RESPONSE TO THE DOCUMENT SUBPOENA**

       Schedule "A" to the Document Subpoena seeking the production of documents contains
certain Definitions, Instructions, and 7 separate document requests (the "Requests").  Pursuant to
Fed. R. Civ. P. 45(c)(2)(B), and on behalf of Dr. Laine, we object to the Document Subpoena
and the Definitions, Instructions, and Requests on the grounds set forth below.

---

MONTGOMERY McCRACKEN WALKER & RHOADS LLP

PENNSYLVANIA  •  NEW YORK  •  NEW JERSEY  •  DELAWARE

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
LOUIS A. PETRONI, NEW JERSEY RESPONSIBLE PARTNER

Montgomery McCracken Walker & Rhoads LLP

Adam H. Wierzbowski, Esq.
May 22, 2013
Page 2

## Objections to the Definitions, Instructions and Requests

1.     Dr. Laine objects to the Definitions, Instructions and Requests to the extent that they seek documents that are not in Dr. Laine's ownership, possession, custody or control, or that would require him to seek documents from or belonging to third parties.

2.     Dr. Laine, as a non-party to the underlying litigation, objects to the Definitions, Instructions, and Requests to the extent that they purport to require the production of documents that are as easily gathered from a party to the litigation and/or exist in the public domain.

3.     Dr. Laine objects to the Definitions, Instructions, and Requests to the extent that they are vague or ambiguous; overbroad, unduly burdensome, and oppressive; and/or seek confidential or personal information that is not relevant to the claims or defenses at issue, or are not reasonably calculated to lead to the discovery or admissible evidence.

4.     Dr. Laine objects to the Definitions, Instructions, and Requests to the extent that they purport to require Dr. Laine to engage in unreasonable and unduly burdensome searches.

5.     Dr. Laine objects to the Definitions, Instructions, and Requests to the extent they purport to require the production of documents that are protected from disclosure by the peer-review privilege, attorney-client privilege, work product doctrine or any other privilege, immunity or limitation on discovery.

6.     Dr. Laine objects to the Definitions, Instructions, and Requests to the extent that they fail to provide payment for the costs of responding to the Requests, and thus fail to protect Dr. Laine, a non-party, from undue burden and expense, contrary to the provisions of Fed.R.Civ.P. 45(c) (1).

7.     These Objections (1-6) are incorporated by reference into each of the specific objections set forth below. The assertion of a specific objection to any of the Definitions, Instructions, or Requests shall in no way waive or limit the applicability of the General Objections to all of the Definitions, Instructions, and Requests.

## Specific Objections to the Definitions and Instructions

1.     Dr. Laine objects to the Definition of the term "Merck" (Schedule A, ¶ 8) on the ground that it is overly broad, potentially misleading, and could possibly be misconstrued, making accurate responses to the Requests difficult, if not impossible. Dr. Laine defines "Merck" as follows: "Merck & Co., Inc."

2.     Dr. Laine objects to the Definition of the term "Relevant Time Period" (Schedule A, ¶ 9) on the grounds that this Definition is incomprehensible, overbroad, unduly burdensome and

Montgomery McCracken Walker & Rhoads LLP

Adam H. Wierzbowski, Esq.
May 22, 2013
Page 3

impermissibly seeks information neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

3.   Dr. Laine objects to the Definition of the term "Vioxx" (Schedule A, ¶ 10) on the ground that it is overly broad, potentially misleading, and could be misconstrued, making accurate responses to the Requests difficult, if not impossible.

4.   Dr. Laine objects to the Instruction requiring the production of "Documents in the possession of Your Agents" (Schedule A, Instructions, ¶ 1) to the extent that it is unduly broad, requires him to engage in unreasonable and unduly burdensome searches, and to the extent that it seeks documents not in his ownership, possession, custody or control.

5.   Dr. Laine objects to the Instruction requiring production of "Documents prepared, created, used or in any way existing during the Relevant Time Period and/or in any way Concerning the Relevant Time Period" (Schedule A, Instructions, ¶ 2) to the extent that this Instruction is incomprehensibly vague, overbroad, unduly burdensome and impermissibly seeks information neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

6.   Dr. Laine objects to the Instructions relating to the production of "ESI" and "Documents" (Schedule A, Instructions, ¶¶ 3-5) to the extent that they are overbroad, unduly burdensome, and oppressive, and purport to create obligations that exceed the requirements of the Federal Rules of Civil Procedure.

7.   Dr. Laine objects to the Instruction relating to the preparation of a privilege log (Schedule A, Instructions, ¶ 11) as unduly burdensome and oppressive.

8.   Dr. Laine objects to the Instruction relating to the continuing nature of the requests contained in the Subpoena (Schedule A, Instructions, ¶ 13) as overbroad, unduly burdensome, and oppressive.

<u>Specific Objections and Responses to the Requests</u>

**REQUEST #1:** Dr. Laine objects to Request #1 as unduly burdensome, oppressive, and overly broad. Dr. Laine further objects to this Request on the ground that the terms "All," "clinical tests, analyses, meta-analyses, pooled analyses or trials, observational or epidemiological studies, or other patient studies," "medical journal abstracts, articles, publications or presentations Concerning Vioxx," "studies, analyses, or meta-analyses," "actual or suspected," and "thrombotic or thromboembolic events," render the Request – or at least portions of the Request – incomprehensible, vague, ambiguous, and confusing and make it difficult if not impossible to properly respond. Dr. Laine further objects to this Request on the grounds that the requested documents may be as easily gathered by or from Merck, a party to the litigation. Dr. Laine further objects to this Request to the extent that it is cumulative of Request Nos. 2, 3 and 4. Dr. Laine further objects to this Request to the extent that it seeks or may be

Montgomery McCracken Walker & Rhoads LLP

Adam H. Wierzbowski, Esq.
May 22, 2013
Page 4

deemed to seek documents or information in the public domain, or that is confidential, or protected from disclosure by the peer-review privilege, attorney-client privilege, work product doctrine, or any other privilege, immunity or limitation on discovery.

**REQUEST #2:** Dr. Laine objects to Request #2 as unduly burdensome, oppressive, and overly broad. Dr. Laine further objects to this Request on the ground that the terms "All," "clinical tests, analyses, meta-analyses, pooled analyses or trials, observational or epidemiological studies, or other patient studies," and "Concerning naproxen" render the Request – or at least portions of the Request – incomprehensible, vague, ambiguous, and confusing and make it difficult if not impossible to properly respond. Dr. Laine further objects to this Request on the grounds that the requested documents may be as easily gathered by or from Merck, a party to the litigation. Dr. Laine further objects to this Request to the extent that it is cumulative of Request Nos. 1, 3 and 4. Dr. Laine further objects to this Request to the extent that it seeks or may be deemed to seek documents or information in the public domain, or that is confidential, or protected from disclosure by the peer-review privilege, attorney-client privilege, work product doctrine, or any other privilege, immunity or limitation on discovery.

**REQUEST #3:** Dr. Laine objects to Request #3 as unduly burdensome, oppressive, and overly broad. Dr. Laine further objects to this Request on the ground that the terms ""medical journal abstracts, articles, publications or presentations Concerning naproxen and other NSAIDS," render the Request – or at least portions of the Request – incomprehensible, vague, ambiguous, and confusing and make it difficult if not impossible to properly respond. Dr. Laine further objects to this Request on the grounds that the requested documents may be as easily gathered by or from Merck, a party to the litigation. Dr. Laine further objects to this Request to the extent that it is cumulative of Request Nos. 1, 2 and 4. Dr. Laine further objects to this Request to the extent that it seeks or may be deemed to seek documents or information in the public domain, or that is confidential, or protected from disclosure by the peer-review privilege, attorney-client privilege, work product doctrine, or any other privilege, immunity or limitation on discovery.

**REQUEST #4:** Dr. Laine objects to Request #4 on the grounds that the requested documents may be as easily gathered by or from Merck, a party to the litigation. Dr. Laine further objects to this Request to the extent that it is cumulative of Request Nos. 1 and 2. Dr. Laine further objects to this Request to the extent it is not limited to any particular pharmaceutical product and thus is unduly vague and overly broad. Dr. Laine further objects to this Request on the basis that it seeks or may be deemed to seek documents or information in the public domain, or that is confidential, or protected from disclosure by the peer-review privilege, attorney-client privilege, work product doctrine, or any other privilege, immunity or limitation on discovery.

**REQUEST #5:** Dr. Laine objects to Request #5 on the ground that the terms "any governmental or private investigation" and "documents concerning any notes taken by You or anyone else" render the Request incomprehensible, vague, ambiguous, and confusing and make it difficult if not impossible to properly respond. Dr. Laine further objects to this Request as

Montgomery McCracken Walker & Rhoads LLP

Adam H. Wierzbowski, Esq.
May 22, 2013
Page 5

unduly burdensome, oppressive, and overly broad. Dr. Laine further objects to this Request on the grounds that the requested documents may be as easily gathered by or from Merck, a party to the litigation. Dr. Laine further objects to Request #5 to the extent it seeks or may be deemed to seek documents or information in the public domain, or that is confidential, or protected from disclosure by the peer-review privilege, attorney-client privilege, work product doctrine, or any other privilege, immunity or limitation on discovery.

REQUEST #6: Dr. Laine objects to Request #6 to the extent it seeks or may be deemed to seek documents or information that is confidential, or protected from disclosure. Dr. Laine further objects to this Request to the extent it is not limited to documents regarding any particular pharmaceutical product and thus is unduly vague and overly broad.

REQUEST #7: Dr. Laine objects to Request #7 to the extent it seeks or may be deemed to seek documents or information that is confidential, or protected from disclosure. Dr. Laine further objects to this Request to the extent it is not limited to documents regarding any particular pharmaceutical product and thus is unduly vague and overly broad.

## RESPONSE TO THE DEPOSITION SUBPOENA

Dr. Laine objects to the Deposition Subpoena on a number of grounds.

First, Dr. Laine is not a party to the above-referenced action, and is fully occupied in his research and teaching duties, performing highly sophisticated work that is enormously valuable to patients, the practice of medicine and the advancement of scientific knowledge. As you know, Fed.R.Civ.P. 45 specifically protects against compelling an expert to provide expert testimony against his or her will, yet it is apparent that the subpoena constitutes an attempt to elicit expert testimony from Dr. Laine, a well-known authority on digestive diseases, including those in the VIGOR study. Such a maneuver is contrary to the Rules as well as applicable caselaw.

Second, requiring Dr. Laine to testify in this matter would impose an unreasonable annoyance and an unjustifiable burden. Dr. Laine is an active, full-time academic and research scientist. If Dr. Laine is compelled to testify in this matter, he would have to set aside his care for patients, teaching and research endeavors, which are of great value to the patients and their families, not to mention to science and public health. Such hardship is simply not justified by the facts and circumstances here.

Third, Dr. Laine objects to the Deposition Subpoena on the basis that the time, place and date for the deposition was unilaterally set by plaintiffs without consultation with Dr. Laine with respect to his prior commitments and availability and thus in violation of Fed.R.Civ.P. 45.

Montgomery McCracken Walker & Rhoads LLP

Adam H. Wierzbowski, Esq.
May 22, 2013
Page 6

In light of the above, I ask that you withdraw the subpoena seeking the deposition of Dr. Laine. He cannot and should not be compelled to provide what would essentially be expert testimony. Furthermore, I cannot conceive of an adequate justification for the excessive burden that would be imposed on Dr. Laine by compelling his attendance at a deposition as well as production of documents. If the subpoena is not withdrawn, I reserve my right to file a Motion to Quash the Subpoena or, in the alternative, for a Protective Order.

Should you have any questions or concerns relating to the above, please do not hesitate to contact me.

Very truly yours,

Jeremy D. Mishkin