# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: MERCK & CO., INC. ) <br> SECURITIES, DERIVATIVE & ) <br> "ERISA" LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Miscellaneous Docket No. 3:13-mc-00032 <br><br> MDL No. 1658 <br> CASE PENDING IN THE <br> DISTRICT OF NEW JERSEY |

## ORDER

This matter is before the Court upon a "Motion of Non-Party John A. Oates, M.D., to Quash Subpoena or, in the Alternative, for Protective Order." Docket No. 1. Dr. Oates has filed a supporting Memorandum of Law. Docket No. 2. Lead Plaintiffs in the underlying action, who subpoenaed Dr. Oates, have also filed a Memorandum of Law in opposition to the Motion. Docket No. 13. Dr. Oates has filed a Reply. Docket No. 16. Judge Sharp has referred the Motion to the undersigned. Docket No. 7.

The underlying action is a multidistrict litigation case pending in the District of New Jersey. It is a certified Rule 23 securities fraud class action against MERCK and certain of its former officers. Plaintiffs essentially aver that MERCK knew or recklessly disregarded information about the cardiovascular risks of its pain killer VIOXX before it withdrew the drug from the market in 2004. Dr. Oates, a Professor of Medicine at Vanderbilt University, served as a member, and chair, of MERCK's Board of Scientific Advisors ("BSA") at the time of some of the events in question. Plaintiffs have subpoenaed Dr. Oates to give a deposition in Nashville on May 16, 2013.

Dr. Oates contends that the subpoena should be quashed because: (1) it imposes an undue

burden upon him; (2) Plaintiffs are attempting to conscript Dr. Oates into their service as an expert witness against his will and contrary to applicable law; (3) Plaintiffs have no compelling needs for his testimony; and (4) he has already produced more than 1600 pages of documents to Plaintiffs. In the alternative, Dr. Oates seeks a Protective Order limiting the interrogation at his deposition to "fact issues."

The Court notes that a similar situation arose when Plaintiffs in the MDL case attempted to take the deposition of Dr. Garrett A. FitzGerald in the Eastern District of Pennsylvania. Case No. 2:13-mc-00025 (JRS). Plaintiff and Dr. FitzGerald took substantially similar positions in that situation as have Plaintiff and Dr. Oates in the instant proceeding.[1] Dr. FitzGerald filed a Motion to Quash the Subpoena or in the Alternative for Protective Order in the United States District Court for the Eastern District of Pennsylvania. That Court denied the Motion to Quash, but granted a Protective Order, limiting Dr. FitzGerald's deposition to fact issues.

There appears to be no question that Dr. Oates was a member, and chair, of MERCK's BSA at some relevant time period. Plaintiffs argue that they seek to depose Dr. Oates only as a fact witness. Having read the materials filed in this Court, the undersigned concludes that Dr. Oates likely has factual information relevant to the claims or defenses in the underlying action. His knowledge is not limited to matters that could constitute expert testimony.

For the foregoing reasons, it is hereby ORDERED as follows:

1. Dr. Oates' Motion for Protective Order is GRANTED.

2. Plaintiffs' interrogation of Dr. Oates at the deposition is limited to fact issues.

---

[1] In fact, Dr. FitzGerald was represented by the same counsel as is Dr. Oates.

2

3. Plaintiffs may not pose questions that solicit expert testimony, *e.g.*, questions seeking opinions from Dr. Oates on scientific or medical matters that may be at issue in the litigation. This Order applies, but is not limited, to Dr. Oates' knowledge regarding research, studies, and data relating to VIOXX.

4. Dr. Oates' Motion to Quash is DENIED.

IT IS SO ORDERED.

                                                                  _____
                                                                  E. Clifton Knowles
                                                                  United States Magistrate Judge

3