# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

SALVATORE J. GRAZIANO
salvatore@blbglaw.com
212-554-1538

April 2, 2015

**Via ECF**

The Honorable Stanley R. Chesler, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

    Re:    *In re Merck & Co., Inc. Secs., Deriv. and ERISA Litig.*, Nos. 05-1151 and 05-2367

Dear Judge Chesler:

    We write to bring to the Court's attention the Supreme Court's decision in *Freidus v. ING Groep*, No. 13-1505 (U.S. Mar. 30, 2015) (Summary Disposition), as supplemental authority. Lead Plaintiffs' letter to the Court dated March 25, 2015, concerning the Supreme Court's decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, No. 13-435, 2015 WL 1291916, -- S. Ct. -- (Mar. 24, 2015), noted that *Omnicare* rejects Defendant Scolnick's contention, relying on *Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011), that to allege the falsity of Defendants' statements of purported opinion concerning the naproxen hypothesis, Lead Plaintiffs must allege that Defendants *subjectively* disbelieved those statements. *See* Scolnick S.J. Brief at 11 n. 5, 17; Scolnick S.J. Reply at 6, n.5. Instead, the Supreme Court in *Omnicare* held that a false opinion may also be pleaded by alleging that the speaker lacked a reasonable basis for the stated opinion, even if he or she *did* subjectively hold it, or that the defendant was in possession of facts that did not align with the opinion but failed to disclose those facts. *See Omnicare*, 2015 WL 1291916, at *passim*.

    In vacating and remanding *Freidus* with instructions to reconsider it in light of *Omnicare*, the Supreme Court confirmed that *Omnicare* effectively overruled *Fait's* holding that *Freidus* and Defendant Scolnick relied on for the proposition that "[l]iability for opinions . . . will lie 'only to the extent that the statement was both objectively false and disbelieved by the defendant.'" *See Freidus v. ING Groep, N.V.*, 543 F. App'x 93, 95 (2d Cir. 2013) (Summary Order) (quoting *Fait*, 655 F.3d at 110). Thus, the Supreme Court's disposition of *Freidus* moots this authority relied on by Defendant Scolnick and refutes Defendants' statements to the Court that *Omnicare* holds that "opinions can be false *only* if the speaker did not hold the belief she professed." Scolnick Ltr. at 1-2; *see also* Merck Ltr. at 1, 2.

1285 AVENUE OF THE AMERICAS • NEW YORK • NY 10019-6028
TELEPHONE: 212-554-1400 • www.blbglaw.com • FACSIMILE: 212-554-1444
202

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

The Honorable Stanley R. Chesler
April 2, 2015
Page 2

                                        Respectfully submitted,

                                        Salvatore J. Graziano

cc:     Counsel of Record (via ECF)