UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC) <br> Civil Action No. 05-1151 (SRC) <br> Civil Action No. 05-2367 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | |

### [PROPOSED] ORDER REGARDING RELEASE OF ATTORNEYS' FEES FROM ESCROW

WHEREAS, on February 8, 2016, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation") resolving this Action[1];

WHEREAS, on February 11, 2016, the Court appointed former U.S. District Judge Layn R. Phillips as Special Master in the Action to, among other things: (i) initially determine all issues relating to the award of attorneys' fees and reimbursement of litigation expenses; and (ii) prepare and file with the Court a report and recommendation regarding the fairness and reasonableness of Plaintiffs' Counsel's application for the award of attorneys' fees and reimbursement of litigation expenses, and any other requests for a payment of attorneys' fees and/or expenses by any other person in connection with this Action;

WHEREAS, on June 3, 2016, the Special Master issued his Report and Recommendation Relating to the Award of Attorneys' Fees and Expenses (the "June 3, 2016 Report and Recommendation") that recommended that the Court grant Co-Lead Counsel's motion for an award of attorneys' fees in the amount of 20% of the combined Settlement Funds (including interest earned), and recommended that the Court grant Co-Lead Counsel's motion for reimbursement of $9,473,356.02 in Litigation Expenses;

---

[1] Unless otherwise noted, capitalized terms used in this Order have the meanings ascribed to them in the Stipulation

WHEREAS, on June 28, 2016, following the Court's own review, the Court entered the Judgment Approving Class Action Settlement, which, among other things: (i) finally approved the Settlement; (ii) adopted the findings and conclusions of the June 3, 2016 Report and Recommendation; (iii) awarded attorneys' fees in the amount of 20% of the combined Settlement Funds and approved reimbursement of $9,473,356.02 in Plaintiffs' Counsel's Litigation Expenses; (iv) retained jurisdiction over any disputes that might arise over "the division of court-awarded attorneys' fees or Litigation Expenses"; and (v) ordered that, if any such disputes arise, "the parties shall submit the dispute first to Judge Layn Phillips for mediation, and, if unsuccessful, submit the dispute to Judge Phillips to issue a Report and Recommendation to the Court for binding resolution";

WHEREAS, the Stipulation provides that, following this Court's final approval of the Settlement and approval of the award of attorneys' fees and expenses (which have already occurred), the attorneys' fees and Litigation Expenses may be released to counsel, notwithstanding any objections, appeals or potential for appeals, subject to "Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Fee/Expense Fund, plus accrued interest at the same net rate as is earned by the Fee/Expense Fund, if the Settlement is terminated . . . or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final" (Stipulation ¶ 22);

WHEREAS, certain law firms identified in the Court's October 13, 2016 Order Regarding Release of Attorneys' Fees and Litigation Expenses from Escrow agreed to the attorneys' fee allocations (including with the assistance of Judge Layn Phillips) set forth in the October 13, 2016 Order;

WHEREAS, the October 13, 2016 Order released litigation expenses to the law firm of Brower Piven, A Professional Corporation ("Brower Piven") in the amount of $1,337,447.41;

WHEREAS, Brower Piven has now agreed to an attorneys' fee allocation (with the assistance of Judge Layn Phillips) of $25,200,000.00;

WHEREAS, the October 13, 2016 Order released litigation expenses to the law firm of Kahn Swick & Foti, LLC ("Kahn") in the amount of $1,901.18;

WHEREAS, Kahn has now agreed to an attorneys' fee allocation (with the assistance of Judge Layn Phillips) of $400,000 (but which does not resolve Kahn's claim to a percentage share of fees allocated to Milberg LLP which remains in dispute);

WHEREAS, there are ongoing disputes regarding the allocation of attorneys' fees to the following firms, which the Special Master is continuing his efforts to resolve, and, in the absence of a resolution of such disputes, will promptly address in a Report and Recommendation to be submitted to the Court:

> Bernstein Litowitz Berger & Grossmann LLP
> Stull Stull & Brody
> Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.
> DeCotiis, FitzPatrick & Cole, LLP
> Brickfield & Donahue
> Goforth Lewis Sanford LLP & Sanford Law Firm
> The Whitehead Law Firm, L.L.C.
> Harwood Feffer LLP

WHEREAS, attorneys' fees may be released from the Escrow Account under the terms of the Escrow Agreement by either a signature from each of the four Co-Lead Counsel firms or an Order of the Court;

WHEREAS, all four Co-Lead Counsel firms agree to release the attorneys' fees in paragraph 1 below;

WHEREAS, there is no reason for delay in releasing the attorneys' fees to Brower Piven and Kahn, as set forth in paragraph 1 below;

WHEREAS, the funds in the Escrow Account are nearly fully invested in United States Treasury Bills, but over $200 million of which are next available on the November 25, 2016 maturity date.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      A payment of $26,537,477.41 (which includes the previously-ordered expenses to Brower Piven) shall be released from the Escrow Account to Brower Piven and a payment of $401,901.18 (which includes the previously-ordered expenses to Kahn) shall be released from the Escrow Account to Kahn no later than upon the close of business on the next maturity date of funds held in the Escrow Account of November 25, 2016; and

2.      Brower Piven and Kahn are obligated to make a refund or repayment to the Escrow Account in the amounts listed in paragraph 1 above respectively, plus accrued interest at the same net rate as is earned by the Fee/Expense Fund, if, as a result of any appeal or further proceedings on remand, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such Order reducing or reversing the award has become Final. The failure to object to this Order and the acceptance of funds pursuant to this Order is deemed an agreement to and understanding of the obligations set forth herein. The aforementioned refunds or repayments shall be made no later than twenty (20) calendar days after any Order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Nothing herein shall limit the obligation of Co-Lead Counsel pursuant to paragraph 22 of the Stipulation to refund or repay funds distributed to any counsel from the Escrow Account in the event that refunding or repayment is required.

4

SO ORDERED this 26 day of October, 2016.

_____
STANLEY R. CHESLER, U.S.D.J.