UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MERCK & CO., INC. SECURITIES, DERIVATIVE & "ERISA" LITIGATION | MDL No. 1658 (SRC)<br>Civil Action No. 05-1151 (SRC)<br>Civil Action No. 05-2367 (SRC) |
| THIS DOCUMENT RELATES TO: THE CONSOLIDATED SECURITIES ACTION | |

### [PROPOSED] ORDER REGARDING RELEASE OF ATTORNEYS' FEES FROM ESCROW

WHEREAS, on February 8, 2016, the Parties entered into a Stipulation and Agreement of Settlement (the "Stipulation") resolving this Action[1];

WHEREAS, on February 11, 2016, the Court appointed former U.S. District Judge Layn R. Phillips as Special Master in the Action to, among other things: (i) initially determine all issues relating to the award of attorneys' fees and reimbursement of litigation expenses; and (ii) prepare and file with the Court a report and recommendation regarding the fairness and reasonableness of Plaintiffs' Counsel's application for the award of attorneys' fees and reimbursement of litigation expenses, and any other requests for a payment of attorneys' fees and/or expenses by any other person in connection with this Action;

WHEREAS, on June 3, 2016, the Special Master issued his Report and Recommendation Relating to the Award of Attorneys' Fees and Expenses (the "June 3, 2016 Report and Recommendation") that recommended that the Court grant Co-Lead Counsel's motion for an award of attorneys' fees in the amount of 20% of the combined Settlement Funds (including interest earned), and recommended that the Court grant Co-Lead Counsel's motion for reimbursement of $9,473,356.02 in Litigation Expenses;

---

[1] Unless otherwise noted, capitalized terms used in this Order have the meanings ascribed to them in the Stipulation.

WHEREAS, on June 28, 2016, following the Court's own review, the Court entered the Judgment Approving Class Action Settlement, which, among other things: (i) finally approved the Settlement; (ii) adopted the findings and conclusions of the June 3, 2016 Report and Recommendation; (iii) awarded attorneys' fees in the amount of 20% of the combined Settlement Funds and approved reimbursement of $9,473,356.02 in Plaintiffs' Counsel's Litigation Expenses; (iv) retained jurisdiction over any disputes that might arise over "the division of court-awarded attorneys' fees or Litigation Expenses"; and (v) ordered that, if any such disputes arise, "the parties shall submit the dispute first to Judge Layn Phillips for mediation, and, if unsuccessful, submit the dispute to Judge Phillips to issue a Report and Recommendation to the Court for binding resolution";

WHEREAS, the Stipulation provides that, following this Court's final approval of the Settlement and approval of the award of attorneys' fees and expenses (which have already occurred), the attorneys' fees and Litigation Expenses may be released to counsel, notwithstanding any objections, appeals or potential for appeals, subject to "Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Fee/Expense Fund, plus accrued interest at the same net rate as is earned by the Fee/Expense Fund, if the Settlement is terminated . . . or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final" (Stipulation ¶ 22);

WHEREAS, certain law firms identified in the Court's October 13, 2016, October 28, 2016 and November 6, 2016 Orders regarding the release of attorneys' fees and litigation expenses from escrow agreed to the attorneys' fee allocations (including with the assistance of Judge Layn Phillips) set forth in those Orders;

WHEREAS, the Court's October 13, 2016 Order released litigation expenses to the law firm of Harwood Feffer LLP ("Harwood") in the amount of $14,900.60;

WHEREAS, Harwood has now agreed to an attorneys' fee allocation (with the assistance of Judge Layn Phillips) of $150,000.00;

WHEREAS, the Court's October 13, 2016 Order released litigation expenses to Goforth Lewis & Sanford, LLP, the Estate of Carlene Rhodes Lewis, and Shelly A. Sanford, PLLC (collectively, "GLS") in the amount of $13,797.25;

WHEREAS, GLS has now agreed to an attorneys' fee allocation (with the assistance of Judge Layn Phillips) of $450,000.00, which is separate from GLS's claim that it is entitled to a share of the fee award previously made to Co-Lead Counsel Stull, Stull & Brody;

WHEREAS, the Court's October 13, 2016 Order released litigation expenses to the law firm of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") in the amount of $4,348,566.15;

WHEREAS, the Court's October 13, 2016 Order: (i) released litigation expenses to the law firm of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. ("Carella Byrne"), in the amount of $3,241.53; (ii) released litigation expenses to the law firm of DeCotiis, FitzPatrick & Cole, LLP ("DeCotiis"), in the amount of $6,952.50; and (iii) released litigation expenses to the law firm of Brickfield & Donahue ("Brickfield"), in the amount of $444.71;

WHEREAS, BLB&G, Carella Byrne, DeCotiis and Brickfield have now agreed (with the assistance of Judge Layn Phillips) to an allocation of attorneys' fees to all four firms collectively of at least $125,967,928.66 (subject to an allocation agreement reached among these four law firms) with, as discussed below, an additional demanded allocation of $2,575,308.60 out of the

total remaining award of attorneys fees' of $2,735,308.60 that will remain in escrow pending a resolution or Report and Recommendation of Judge Layn Phillips;

WHEREAS, there is an ongoing dispute regarding the allocation of attorneys' fees to The Whitehead Law Firm, L.L.C. ("Whitehead");

WHEREAS, Whitehead has demanded an attorneys' fee allocation of $2,735,308.60, which is separate from Whitehead's claim that it is entitled to a share of the fee award previously made to Co-Lead Counsel Stull, Stull & Brody;

WHEREAS, pursuant to paragraph 23 of the Stipulation of Settlement, Co-Lead Counsel were to allocate the attorneys' fees awarded to other Plaintiffs' counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action, and all Co-Lead Counsel agreed to an allocation of attorneys' fees to Whitehead in the amount of $160,000.00;

WHEREAS, BLB&G, Carella Byrne, DeCotiis and Brickfield assert that Whitehead is entitled to a fee allocation of no more than $160,000.00 and that the remainder of the $2,735,308.60 attorneys' fees in escrow should be awarded to BLB&G, Carella Byrne, DeCotiis and Brickfield;

WHEREAS, the total amount in dispute of $2,735,308.60 will remain in escrow pending a resolution of this dispute;

WHEREAS, the Special Master is continuing his efforts to resolve this dispute, and, in the absence of a resolution of such dispute, will promptly address it in a Report and Recommendation to be submitted to the Court;

WHEREAS, attorneys' fees may be released from the Escrow Account under the terms of the Escrow Agreement by either a signature from each of the four Co-Lead Counsel firms or an Order of the Court;

WHEREAS, all four Co-Lead Counsel firms agree to release the attorneys' fees in paragraphs 1, 2 and 3 below;

WHEREAS, there is no reason for delay in releasing the attorneys' fees to Harwood, GLS, BLB&G, Carella Byrne, DeCotiis, and Brickfield, as set forth in paragraphs 1, 2 and 3 below; and

WHEREAS, the funds in the Escrow Account are nearly fully invested in United States Treasury Bills, but over $200 million of which are next available on the November 25, 2016 maturity date.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. A payment of $164,900.60 (which includes previously-ordered expenses to Harwood) shall be released from the Escrow Account to Harwood no later than upon the close of business on the next maturity date of funds held in the Escrow Account of November 25, 2016;

2. A payment of $463,797.25 (which includes previously-ordered expenses to GLS) shall be released from the Escrow Account to GLS no later than upon the close of business on the next maturity date of funds held in the Escrow Account of November 25, 2016;

3. A payment of $130,327,133.55 (which includes previously-ordered expenses to BLB&G and Carella Byrne, DeCotiis and Brickfield) shall be released from the Escrow Account to BLB&G no later than upon the close of business on the next maturity date of funds held in the Escrow Account of November 25, 2016;

4.  The payment to BLB&G in paragraph 3 shall be allocated among BLB&G, Carella Byrne, DeCotiis and Brickfield in accordance with an allocation agreement reached among these four law firms;

5.  A total amount of $2,735,308.60, which is the maximum amount of attorneys' fees Whitehead seeks (separate from its claims that it is entitled to a share of the fee award previously made to Co-Lead Counsel Stull, Stull & Brody), will remain in escrow pending Judge Phillips' issuance of a Report and Recommendation regarding the allocation of attorneys' fees to Whitehead. This amount is not intended to be and should not be construed as an estimate of the amount of fees that should be or may be awarded to Whitehead. If Judge Phillips' Report and Recommendation recommends, or if any appeal of the Report and Recommendation orders, the award of attorneys' fees to Whitehead in an amount less than $2,735,308.60, then BLB&G shall receive the difference between the $2,735,308.60 sought and the amount awarded to Whitehead;

6.  The payment to BLB&G in paragraph 5 shall be allocated among BLB&G, Carella Byrne, DeCotiis and Brickfield in accordance with an allocation agreement reached among these four law firms;

7.  The law firms identified in paragraphs 1, 2 and 3 above are also obligated to make a refund or repayment to the Escrow Account in the amounts listed in paragraphs 1, 2 and 3 above, respectively, plus accrued interest at the same net rate as is earned by the Fee/Expense Fund, if, as a result of any appeal or further proceedings on remand, the June 28, 2016 award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such Order reducing or reversing the award has become Final. The failure to object to this Order and the acceptance of funds pursuant to this Order is deemed an agreement to and understanding of the obligations set forth herein. The aforementioned refunds or repayments shall be made no later than twenty (20)

calendar days after any Order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. Nothing herein shall limit the obligation of Co-Lead Counsel pursuant to paragraph 22 of the Stipulation to refund or repay funds distributed to any counsel from the Escrow Account in the event that refunding or repayment is required.

SO ORDERED this 14 day of November, 2016.

STANLEY R. CHESLER, U.S.D.J.

## CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
### COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
CHRISTOPHER H. WESTRICK*

OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT*
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
*MEMBER NY BAR ONLY
+MEMBER FL BAR ONLY

November 14, 2016

**VIA EMAIL**

Hon. Stanley R. Chesler
United States District Judge
United States Post Office and Courthouse Building
Newark, New Jersey 07101

    Re:    *In re Merck & Co., Inc. Secs., Deriv. and ERISA Litig.*
             Civil Action Nos. 05-1151, 05-2367 (SRC)(CLW)

Dear Judge Chesler:

      We are Co-Liaison Counsel for Lead Plaintiffs in the above-referenced action. Please find enclosed a cover letter and proposed Order from Special Master Layne Phillips relating to the approval of payment of litigation expenses and a partial settlement as to the allocation of attorney's fees for Your Honor's approval.

      Thank you for your continued attention to this matter. If the Court has any questions, we are available at your convenience.

                      Respectfully submitted,
                      CARELLA, BYRNE, CECCHI,
                      OLSTEIN, BRODY & AGNELLO

                      /s/ James E. Cecchi

                      JAMES E. CECCHI



2101 East Coast Highway, Suite 250
Corona Del Mar, California 92625
TELEPHONE (949) 760-5288
WEBSITE: www.phillipsadr.com

November 14, 2016

Honorable Stanley R. Chesler
United States District Judge
United States Post Office and Courthouse Building
Newark, New Jersey 07101

      Re:    *In re Merck & Co., Inc. Secs., Deriv. and ERISA Litig.*
              <u>Civil Action Nos. 05-1151, 05-2367 (SRC)(CLW)</u>

Dear Judge Chesler:

      In connection with my ongoing responsibilities as Special Master in the above captioned litigation, I have enclosed a proposed Order for Your Honor's consideration. As set forth therein, the Order proposes to release agreed upon attorney's fees to certain other counsel. The allocations set forth in the Order have been agreed to by all four co-lead counsel.

      As always, we thank Your Honor for your attention to this matter and if you have any questions, I am available at your convenience.

Respectfully Yours,

Layn R. Phillips